1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    JEFFREY K. RIFFER (Bar No. 87016) *(JRiffer@jmbm.com)*
2   1900 Avenue of the Stars
    Seventh Floor
3   Los Angeles, CA 90067-4308
    Telephone:    310 203-8080
4   Facsimile:    310 203-0567

5   Attorneys for Defendant JUPITERIMAGES CORP.

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12   STEVE SHAPIRO and STEVE SHAPIRO        CASE NO.    3:07-CV-5540  PJH
     MUSIC,
13                                          NOTICE OF REMOVAL TO FEDERAL
                Plaintiffs,                 COURT
14
          v.
15
     JUPITERIMAGES CORPORATION,
16
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER
4961713v1                                   NOTICE TO ADVERSE PARTIES OF REMOVAL
                                            TO FEDERAL COURT; EISENBERG DECL

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2

3        PLEASE TAKE NOTICE that defendant Jupiterimages Corporation

4    ("Jupiterimages"), an Arizona corporation, hereby removes to this Court the state court action

5    described below:

6        1.    On September 27, 2007, an action was commenced in the Superior Court of

7    the State of California for the County of San Francisco entitled Steven Shapiro and Steven Shapiro

8    Music vs. Jupiterimages Corporation,  Case No. CGC 07-467713.  A true and correct copy of the

9    Complaint is attached hereto as Exhibit "A."[1]

10        2.    Jupiterimages was served on October 1, 2007.  A true and correct copy of the

11    Summons and proof of service is attached hereto as Exhibit "B."

12        3.    All other State Court papers served on Jupiterimages are attached as Exhibit

13    "C."

14        4.    A copy of the state court docket sheet is attached hereto as Exhibit "D."

15

16                    FEDERAL JURISDICTION

17        5.    This is a civil action of which this Court has original jurisdiction under 28

18    U.S.C. §1332(a) (diversity jurisdiction) and one which may be removed to this Court by

19    Jupiterimages pursuant to 28 U.S.C. § 1441(a) (cases where the district courts have original

20    jurisdiction may be removed).

21        6.    Plaintiff Steve Shapiro is an individual and is a citizen of California because

22    he is domiciled in California.  Plaintiff Steve Shapiro Music is a d/b/a of Steve Shapiro and, as such,

23    also a citizen of California because he is domiciled in California.  Shapiro was domiciled in

24    California at the time the Complaint was filed and at the time of removal.  See Eisenberg Decl. ¶ 4.

25        7.    Jupiterimages is a citizen of Arizona and Connecticut.  Jupiterimages is an

26    _____

27    [1] Plaintiff attached an Asset Purchase Agreement as an exhibit to the state court Complaint. Such Agreement contains confidential business information and the parties explicitly agreed in writing that such information was to be kept confidential. Accordingly, Jupiterimages is hereby filing an administrative motion to seal limited portions of such Agreement.

28

PRINTED ON
RECYCLED PAPER
4961713v1                          - 1 -       NOTICE TO ADVERSE PARTIES OF REMOVAL
                                                TO FEDERAL COURT; EISENBERG DECL

1    Arizona corporation with its principal place of business in Connecticut.  This was true at the time

2    the Complaint was filed and at the time of removal.  See Eisenberg Decl. ¶ 3.

3        8.    The matter in controversy exceeds the sum or value of $75,000, exclusive of

4    interest and costs.  Plaintiff's state court Complaint does not specify a dollar amount in the prayer

5    for relief.  It states on the Caption page that it is unlimited civil case and that the value of the case

6    exceeds $25,000.  See Complaint.  The Complaint seeks a judicial declaration and determination of

7    the parties' respective rights, duties and obligations under  Paragraphs 5.1 (indemnity provision) and

8    6.1 (limits liability under certain conditions) of an April 18, 2006 Asset Purchase Agreement.  Id.

9        9.    Where, as here, the state court complaint does not specify a dollar figure for

10    the amount in controversy, the removing defendant bears the burden of establishing, by a

11    preponderance of evidence, that the amount in controversy exceeds the jurisdictional amount.  See

12    Guglielmino v. McKee Foods Corp. - F.3d -, 2007 WL 2916193 *5, 2007 U.S. App. LEXIS 23654

13    *15 (9th Cir. Oct. 9, 2007) (affirmed district court order that there was federal diversity

14    jurisdiction).[2]

15        10.    Where plaintiff seeks a judicial determination of liability under a contract, the

16    potential liability is the "amount in controversy."  It makes no difference that the plaintiff is suing

17    for determination that it owes little -- or even nothing.  See Hunt v. Washington State Apple

18    Advertising Comm'n, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory … relief, it is well

19    established that the amount in controversy is measured by the value of the object of the litigation");

20    Meridian Security Ins. Co. v. Sadowski,  441 F.3d 536, 539 (7th Cir. 2006) ("potential indemnity

21    obligation counts toward the jurisdictional minimum").

22        11.    Jupiterimages has asserted that Shapiro must indemnify it for claims in

23    excess of $75,000 and Shapiro, at the time of this removal, has not paid such claims.  See Eisenberg

24    Decl. ¶ 6.

25        12.    In addition, if attorney fees are recoverable by plaintiff (e.g., by contract), the

26

27        [2]   The opinion is also available at
http://www.ca9.uscourts.gov/ca9/newopinions.nsf/5807B59144DF3F888825736F0052898A/$file/0

28    516144.pdf?openelement.

PRINTED ON

RECYCLED PAPER

4961713v1                                    - 2 -        NOTICE TO ADVERSE PARTIES OF REMOVAL
                                                          TO FEDERAL COURT; EISENBERG DECL

JMBM Jeffer Mangels
Butler & Marmaro LLP

1    fee claim is included in determining the amount in controversy, regardless whether the fee award is

2    mandatory or discretionary.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155 (9th Cir. 1998);

3    Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000) ("reasonable amount of fees

4    is included in the amount in controversy").

5            13.     Here, Paragraph 8.1 provides that the prevailing party in litigation over the

6    Asset Purchase Agreement is entitled to recover its attorney fees.  See Eisenberg Decl. ¶ 7.

7            14.     Litigation in federal court is expensive.  Even conservatively, the Rule 26(f)

8    Meeting, drafting written discovery and taking depositions, responding to plaintiff's discovery,

9    motions to dismiss, summary judgment motions (if the motion to dismiss is not granted) and trial (if

10   the summary judgment motion is not granted), will cost well in excess of $75,000.  See Eisenberg

11   Decl. ¶ 8.

12           15.     Accordingly, there is federal diversity jurisdiction and this case can be

13   removed from state court to federal court.

14

15                            INTRADISTRICT ASSIGNMENT

16           16.     The state court complaint was filed in the Superior Court for the County of

17   San Francisco.  As such, it should be removed to the San Francisco Division of this Court pursuant

18   to Local Rule 3-2(e).

19   DATED:  October 31, 2007              JEFFER, MANGELS, BUTLER & MARMARO LLP
                                           JEFFREY K. RIFFER
20

21                                         BY:  --S-- JEFFREY K. RIFFER
                                               JEFFREY K. RIFFER
22                                          Attorneys for Defendant JUPITERIMAGES
                                            CORPORATION.
23

24

25

26

27

28

JMBM | Jeffer Mangels Butler & Marmaro LLP