PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| STEVEN B. STEIN (SBN 52829)<br>LAW OFFICE OF STEVEN B. STEIN<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-646-7171   FAX NO. (Optional): 415-981-1095<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs, Steve Shapiro and Steve Shapiro Music | ENDORSED<br>FILED<br>San Francisco County Superior Court<br>SEP 27 2007<br>GORDON PARK-LI, Clerk<br>BY: [illegible], Deputy Clerk<br>CASE MANAGEMENT CONFERENCE SET<br>FEB 29 2008 - 9:00 AM<br>DEPARTMENT 212 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF: STEVE SHAPIRO and STEVE SHAPIRO MUSIC | |
| DEFENDANT: JUPITERIMAGES CORPORATION | |
| ☑ DOES 1 TO 10 | |
| CONTRACT<br>☑ COMPLAINT   ☐ AMENDED COMPLAINT (Number):<br>☐ CROSS-COMPLAINT   ☐ AMENDED CROSS-COMPLAINT (Number): | |
| Jurisdiction (check all that apply):<br>☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000 but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | CASE NUMBER:<br>CGC-07-467713 |

1. Plaintiff* (name or names):
   Steve Shapiro and Steve Shapiro Music
   alleges causes of action against defendant* (name or names):
   Jupiterimages Corporation
2. This pleading, including attachments and exhibits, consists of the following number of pages: 10
3. a. Each plaintiff named above is a competent adult
   ☐ except plaintiff (name):
   (1) ☐ a corporation qualified to do business in California
   (2) ☐ an unincorporated entity (describe):
   (3) ☐ other (specify):

   b. ☐ Plaintiff (name):
   a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

   b. ☐ has complied with all licensing requirements as a licensed (specify):
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   ☑ except defendant (name): Jupiterimages Corp.   ☐ except defendant (name):
   (1) ☐ a business organization, form unknown   (1) ☐ a business organization, form unknown
   (2) ☑ a corporation                            (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):    (3) ☐ an unincorporated entity (describe):
   (4) ☐ a public entity (describe):             (4) ☐ a public entity (describe):
   (5) ☐ other (specify):                        (5) ☐ other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007]

COMPLAINT—Contract

Code of Civil Procedure, § 425.12<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

000088

EXHIBIT A

PLD-C-001

| SHORT TITLE: Shapiro et al. v. Jupiterimages Corp. | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☑ Doe defendants *(specify Doe numbers):* 1-10 _____ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
   a. ☑ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☑ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☐ Breach of Contract
   ☐ Common Counts
   ☑ Other *(specify):*
      Declaratory Relief

9. ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☐ damages of: $
    b. ☐ Interest on the damages
       (1) ☐ according to proof
       (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*
    c. ☐ attorney's fees
       (1) ☐ of: $
       (2) ☐ according to proof.
    d. ☑ other *(specify):*
       Declaratory Relief

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: September 28, 2007

Steven B. Stein
(TYPE OR PRINT NAME) ▶ _____ (SIGNATURE OF PLAINTIFF OR ATTORNEY)
*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]    **COMPLAINT—Contract**    Page 2 of 2

000077

PLD-C-001(1)

| SHORT TITLE: Shapiro et al. v. Jupiterimages Corp. | CASE NUMBER: |
|---|---|

First **CAUSE OF ACTION—** DECLARATORY RELIEF
(number)

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Steven Shapiro and Steven Shapiro Music

alleges that on or about *(date):* April 18, 2006
a [✓] written   [ ] oral   [ ] other *(specify):*
agreement was made between *(name parties to agreement):*
Plaintiff and Jupiterimages Music
[✓] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [ ] are as follows *(specify):*

Asset Purchase Agreement, dated April 18, 2006. Exhibit A to the agreement omitted but incorporated herein by reference.

BC-2. On or about *(dates):* September 25, 2007
defendant breached the agreement by  [ ] the acts specified in Attachment BC-2  [✓] the following acts *(specify):*

An actual controversy now exists between plaintiff and defendants concerning their respective rights, duties, and obligations under the aforesaid contract, specifically paragraphs 5.1 and 6.1 therein.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4   [ ] as follows *(specify):*

BC-5. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.

BC-6. [✓] Other:
Plaintiff desires a judicial determination and declaration of the parties' respective rights, duties and obligations under paragraphs 5.1 and 6.1 of said contract.

Page  3

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001(1) [Rev. January 1, 2007] | **CAUSE OF ACTION—Breach of Contract** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

000078

# EXHIBIT A

000079

ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement made as of this 18th day of April, 2006 (the "Effective Date") by and between Jupiterimages Corporation ("JUPITERIMAGES"), having its principal place of business at 23 Old Kings Highway South, Darien, Connecticut 06820, and Steve Shapiro Music ("Company"), and Steve Shapiro (collectively the "Sellers"), having its principal place of business at 357 Tehama Street, San Francisco, CA 94103 (hereafter "Sellers").

**BACKGROUND:**

1. WHEREAS, JUPITERIMAGES publishes digital content and licenses the rights in such content to end-users;

2. WHEREAS, Sellers have created and own a collection of music, music rights, production elements and sound effects published and licensed through the stevenmusic.com Web Site, CDs, or through third party distributors and other licenses and known as the Steve Shapiro Online Music Library (the "Business"), and

3. WHEREAS, JUPITERIMAGES wishes to purchase and Sellers wish to sell the assets of the Business.

NOW THEREFORE, in consideration of the mutual promises, covenants and obligations contained herein, the parties agree as follows:

1. **INTERPRETATION**

1.1 <u>Definitions</u>. As used herein:

"Agreement" means this Asset Purchase Agreement, including any schedules or exhibits attached hereto.

"Acquired Assets" has the meaning as set out in Section 2.1.

"Assumed Liabilities" has the meaning as set out in Section 2.2(b).

"Confidential Information" has the meaning as set out in Section 7.1.

"Employees" has the meaning as set out in Section 2.3.

"Effective Date" has the meaning as set out in the introductory paragraph.

REDACTED

"Intellectual Property Rights" means all copyright, trademark, patent, database, trade secret, domain name, right of publicity and other intellectual property rights or interests, including without limitation, all applications, registrations, related goodwill, rights to register or apply for registration, renewals, reversions, all waivers and assignments of moral rights, all assignments of releases, all assignments of any "work for hire" agreements and all rights to enforce such rights or interests, in any work, including without limitation, the structure, sequence and organization of the same, worldwide and in perpetuity.

"Web Site" the Internet Web Site located at stevenmusic.com with the home page as of 4/18, 2006 shown as Exhibit B.

1.2 <u>Exhibits and Schedules</u>. The following Schedules are appended to and form part of this Agreement:

    Exhibit "A"    List of Music
    Exhibit "B"    Web Site Home Page
    Exhibit "C"    List of Acquired Assets

2. **PURCHASE**

2.1 <u>Transfer and Assignment.</u> Sellers hereby convey, sell, assign and transfer in perpetuity, the entire worldwide, right, title and interest, in and to all of the assets of the Business: including, without limitation, the Music (in all formats and series); music rights (including, without limitation, production rights, publishing rights, broadcast rights, composer rights and synchronization rights); prepaid royalties/expenses; all content; Intellectual Property Rights; supplier, producer, and distributor agreements; license and other agreements; customer lists; e-mail subscriber lists and databases; compact disks; releases; all of the foregoing including, without limitation, as listed on Exhibit C (the "Acquired Assets").

2.2 <u>Liabilities.</u>

(a) JUPITERIMAGES shall only assume the agreements and obligations to be performed after the date of this Agreement and listed on Exhibit C (the "Assumed Liabilities").
(b) Other than the Assumed Liabilities, JUPITERIMAGES shall not assume any other liabilities of the Business or the Acquired Assets for any periods prior to the date of this Agreement (the "Excluded Liabilities").

2.3 <u>Moral Rights.</u> Without limiting the generality of Section 2.1, to the extent permitted by law, Sellers do hereby assign to JUPITERIMAGES, the benefit of all waivers of moral rights in the Music including the right to restrain or claim damages for any distortion, mutilation, or other modification of the Music or any part thereof whatsoever, and the right to restrain use or reproduction of the Music in connection with any product or service.

2.4 <u>Delivery.</u> Upon execution of this Agreement, Sellers shall deliver:

(a) the Music and Acquired Assets to JUPITERIMAGES in a form reasonably acceptable to JUPITERIMAGES;
(b) copies of all (i) applicable releases related to the Music and (ii) "work for hire" agreements and assignments related to the Music. If copies of the releases and assignments are not provided, Sellers agree to fully indemnify and hold JUPITERIMAGES harmless from, and against, any and all claims related to such matters.

3. **PURCHASE PRICE**

3.1 REDACTED

3.2 <u>Currency.</u> All payments to Sellers pursuant to this Agreement shall be made in the lawful currency of the United States and all amounts referred to in this Agreement are in the lawful currency of the United States.

4. **WARRANTY/COVENANT**

2

C:\Documents and Settings\mclsenberg\Local Settings\Temporary Internet Files\OLK70\2006_03_14_Steve Shapiro Music_APA_v3_Clean.DOC

000081

4.1 Sellers represent, warrant, and covenant that:

(a) Sellers are the sole creator, composer, publisher and owner of the Music and Acquired Assets and that they have every right to enter in this Agreement and sell the Music and transfer the rights herein;

(b) except as expressly set forth on Exhibit C, Sellers have made no commitment, agreement or understanding verbally, or in writing, with any other party for the use, ownership or license of the Music or Acquired Assets, in any manner, after the date of this Agreement;

(c) to the best of Sellers' knowledge, the Music and assets do not infringe, and Sellers have received no notice of any potential infringement, upon any statutory or common law copyright, trademark, contractual, proprietary right, right of publicity or privacy, or any other right of any other person or entity;

(d) to the best of Sellers' knowledge, at all times the Music has been used distributed and licensed in full compliance with all applicable laws;

(e) the Music and Acquired Assets are free and clear of all liens, encumbrances, security interests, restrictions or claims of any kind or nature;

(f) Sellers have all power and authority to enter into this Agreement and to comply with its terms;

(g) to the best of Sellers' knowledge, the Music and Acquired Assets do not contain any content or item which is libelous of another, defamatory, malicious, or that contains any viruses and Sellers have received no notice and have no knowledge of any claim of libelous, defamatory, malicious or virus content related to the foregoing;

(h) there is no action, suit, proceeding or investigation pending or, to the best of the Sellers' knowledge, threatened, which could have an adverse effect on the publishing, distributing, downloading, prospects, earnings, ownership or condition (financial or otherwise) of the Music, Acquired Assets or Business;

(i) no representation or warranty of Sellers in this Agreement contains any misleading or untrue statement of material fact or omits to state a material fact;

(j) Sellers shall not keep any copies of the Music or Acquired Assets, nor make any use of the Music or Acquired Assets after the date of this Agreement;

(k) the Business does not pay any royalties, commissions or fees in connection with the Music to any third party except as listed on Exhibit C; and

(l) Sellers each agree that they shall not be entitled to any royalties or other similar payments with respect to the Music or Acquired Assets upon, or following, execution of this Agreement or any subsequent use or licensing of the Music.

(m) REDACTED

(n) Sellers shall promptly pay to JUPITERIMAGES any payments received by Sellers for the license of the Music after the date of this Agreement.

(o)

(p) REDACTED

5. **INDEMNITY**

5.1 Sellers agree to fully defend, indemnify and hold JUPITERIMAGES and its parent, subsidiaries, officers, directors, employees and affiliates harmless from, and against, any and all costs, damages, expenses, liabilities, and other claims, including attorneys' fees and court costs, that are in any way connected to

3

Sellers' breach of any term of this Agreement.

6. **LIMITATION OF LIABILITY**

6.1 <u>Limitation of Liability</u>. EXCEPT FOR FRAUD OR WILLFUL MISCONDUCT BY A PARTY, IN NO EVENT, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, WILL EITHER PARTY BE LIABLE TO THE OTHER PARTY FOR ANY INCIDENTAL, CONSEQUENTIAL, INDIRECT, OR SPECIAL DAMAGES RELATING TO THE IMAGES, INCLUDING, WITHOUT LIMITATION, ANY BUSINESS INTERRUPTION, LOSS OF GOODWILL, LOST PROFITS OR LOST SAVINGS.

7. **CONFIDENTIALITY**

7.1 <u>Confidentiality</u>. Each of the parties hereto agrees to keep confidential any and all information with respect to the other party, including without limitation, information relating to data, technology, business, financial affairs, and operations of the other party and the terms of this Agreement ("Confidential Information") which it has received and which is not otherwise available to the general public without restriction. Notwithstanding the foregoing, each of the parties shall be entitled to disclose such Confidential Information (i) to its agents, employees or representatives who have a need to know such Confidential Information and are bound by obligations to maintain the confidentiality of such information, for the purpose of performance under this Agreement and exercising the rights granted under this Agreement, or (ii) to the extent required by applicable law, or (iii) during the course of or in connection with any litigation, arbitration or other proceeding based upon or in connection with the subject matter of this Agreement, provided that the party wishing or required to disclose such Confidential Information shall give the other reasonable notice prior to such disclosure and shall comply with any applicable protective order or equivalent. Confidential Information shall not include that information defined as Confidential Information above which the receiving party can conclusively establish: (i) was in the possession of the receiving party at the time of disclosure; (ii) prior to or after the time of disclosure became part of the public domain without the act or omission of the party to whom it was disclosed; (iii) was disclosed to the receiving party by a third party under no legal obligation to maintain the confidentiality of such information; or (iv) was independently developed by the receiving party.

8. **GENERAL**

8..1 <u>Applicable Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the United States of America and the state of New York, without regard to the conflicts of law principles. If either party employs attorneys to enforce any rights arising out of or relating to this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees. Each party waives any right, and agrees not to apply to have any disputes under this Agreement tried or otherwise determined by a jury, except where required by law.

8.2 <u>Enforceability</u>. If any provision of this Agreement is declared by a court of competent jurisdiction to be invalid, illegal or unenforceable, such provisions or part thereof which is necessary to render the provision valid, legal and enforceable, shall be revised or, if necessary, severed from the Agreement and the other provisions and the remaining part thereof of that provision shall remain in full force and effect.

8.3 <u>Further Assurances</u>. The parties agree to do all such things and to execute such further documents as may reasonably be required to give full effect to this Agreement.

8.4 <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the parties concerning the subject matter hereof and cancels and supersedes any prior understandings and agreements between the parties hereto with respect to this matter. There are no representations, warranties, terms, conditions, undertakings, or collateral agreements, express, implied or statutory, between the parties other than as expressly set forth in this Agreement.

4

8.5 Waiver. No waiver of any portion of this Agreement by a party shall be enforceable against that party unless it is in writing and signed by an authorized officer of that party. Any waiver by any party of any provisions of this Agreement in one instance shall not be considered a waiver of such provision in any other instance.

8.6 Notice. All notices and demands hereunder shall be in writing and shall be served by personal service or by express mail at the address of the receiving party set forth in this Agreement (or at such different address as may be designated by such party by written notice to the other party). All notices or demands by mail shall be by certified or registered mail, return receipt requested, or by nationally-recognized private express courier, and shall be deemed complete upon receipt.

8.7 Counterparts. This Agreement may be executed by facsimile simultaneously in two or more counterparts, each of which shall be deemed to be an original and all of which together shall constitute but one and the same instrument.

8.8 Independent Parties. Nothing in this Agreement shall be deemed to create an agency, partnership, joint venture or any other similar relationship, other than that of independent parties. Neither party shall incur any liabilities, obligations or commitments on behalf of the other party.

8.9 Assignment. Sellers may not assign any of its/his rights or obligations under this Agreement without JUPITERIMAGES' written consent. JUPITERIMAGES may assign its rights or obligations freely.

8.10 Confidentiality. The terms of this Agreement are confidential and may not be discussed or otherwise disclosed by Sellers without the prior written consent of JUPITERIMAGES.

04/12/2006  23:38   4157771693                STEVE SHAPIRO MUSIC                    PAGE 01

IN WITNESS WHEREOF the parties have executed this Agreement as of the Effective Date.

| Jupiterimages Corporation | Steve Shapiro Music |
|---|---|
| Signature: *[signature]* | Signature: *[signature]* |
| Name: Alan Meckler | Name: Steve Shapiro |
| Title: President | Title: Owner |
| Date: 4/18/06 | Date: 4/12/06 |

Steve Shapiro

Signature: *[signature]*
Name: Steve Shapiro
Date: 4/12/06

6

Macintosh HD:Users:sevoshapiro:Library:Mail Downloads:2006_03_16_Steve Shap1(026).DOC

000085