CASE NUMBER: CGC-07-467713  STEVE SHAPIRO et al VS. JUPITERIMAGES CORPORATIC

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

    **DATE:**    FEB-29-2008

    **TIME:**    9:00AM

    **PLACE:**    Department 212
                    400 McAllister Street
                    San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

EXHIBIT C

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))

Superior Court of California
County of San Francisco

ADR-1 1/06 (bc)

Page 1

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## *Operation*

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## *Cost*

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## *Description*

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

**Cost**

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

*********************

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

- ☐ Private Mediation        ☐ Mediation Services of BASF    ☐ Judicial Mediation
- ☐ Binding arbitration                                                    Judge _____
- ☐ Non-binding judicial arbitration                                Judge _____
- ☐ BASF Early Settlement Program
- ☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____
_____
_____
_____

Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant            Dated: _____

Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant            Dated: _____

Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant            Dated: _____

☐ *Additional signature(s) attached*

ADR-2 3/06                    STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

| | CM-110 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| TELEPHONE NO.:  FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE          ☐ LIMITED CASE<br>(Amount demanded                 (Amount demanded is $25,000<br>exceeds $25,000)                 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: _____ Time: _____ Dept.: _____ Div.: _____ Room: _____

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint  ☐ cross-complaint  (describe, including causes of action):

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | CASE NUMBER: |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]      **CASE MANAGEMENT STATEMENT**      Page 2 of 4

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in (check all that apply):
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other (specify):

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. Settlement conference
   ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement (name):
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other (specify):
   Status:

14. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by (name party):

15. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions
   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

|  | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

   Party                    Description                                    Date

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
   Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
        (TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
        (TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)
                                          ☐ Additional signatures are attached



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Tomar Mason |
| The Honorable Anne Bouliane | The Honorable James J. McBride |
| The Honorable Ellen Chaitin | The Honorable Kevin M. McCarthy |
| The Honorable John J. Conway | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Evans Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

### What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

### How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; parties may ask experienced BASF staff to suggest a mediator, request three biographies to choose from, or choose a particular mediator from our Web site. To use a BASF mediator, a simple Consent to Mediate form, with the administrative fee, is sent to BASF.

### How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

### What is BASF's Mediation Service?

Mediation Services was established in November 2003 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This is a traditional mediation service providing experienced private mediators, and is an approved alternative to court ordered Arbitration or Early Settlement.

### Who can use the service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants. Our mediators are ready to assist in almost any area needed, ranging from multi-party commercial matters to individuals in conflict.

### Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of dispute. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

**WWW.SFBAR.ORG/MEDIATION**

# BASF Mediators

| | | |
|---|---|---|
| Koorosh Afshari | Arnold B. Haims | Marilyn O'Toole |
| Robert E. Aune | Ben Hamburg | Marc Paisin |
| Elizabeth E. Bader | Michael D. Handlos | Herman D. Papa |
| Eileen Barker | Lynn Hansen | Basil Plastiras |
| Sandra Blair | John R. Heisse, II | Marco Quazzo |
| Burton F. Boltuch | Kay E. Henden | Steven Rosenberg |
| Bradley Bostick | Frederick C. Hertz | Jeffrey A. Ross |
| Angela Bradstreet | Bruce Highman | Alan R. Rothstein |
| George B. Brewster | Yolanda M. Jackson | Stephen B. Ruben |
| Fred D. Butler | Richard Jaeger | Cheryl A. Sena |
| Keith Chrestionson | Roberta R. Jeffrey | Malcolm Sher |
| Thomas A. Cohen | Kenneth F. Johnson | Elizabeth H. Shwiff |
| Nancy de Ita | Steger P. Johnson | Arthur R. Siegel |
| Mark J. Divelbiss | Gail Killefer | Carol Ruth Silver |
| Martin H. Dodd | Carol M. Kingsley | Teri H. Sklar |
| Paul Dubow | Chris Knowlton | Roger W. Sleight |
| David H. Fielding | Guy O. Kornblum | Yaroslav Sochynsky |
| Robert T. Fries | Dr. Urs Laeuchli | Jason H. Stein |
| Mark Gainer | Paula Lawhon | Michael J. Timpane |
| Sanford Garfinkel | Theodora R. Lee | Elizabeth A. Tippin |
| Gerald F. George | Arthur D. Levy | Charles A. Triay |
| Matthew J. Geyer | Robert T. Lynch | Claudia M. Viera |
| Judith A. Gordon | Sharon T. Maier | Gregory D. Walker |
| Stephen J. Gorski | Michael L. Marx | Albert B. Wenzell, Jr. |
| Laurel Littman Gothelf | Judith A. Mazia | Arne Werchick |
| Judge Ron Greenberg (Ret) | David J. Meadows | Andrew R. Wiener |
| Paul D. Gutierrez | Thomas C. Nagle | Joel Zebrack |

**MEDIATOR BIOGRAPHIES & PHOTOGRAPHS: WWW.SFBAR.ORG/MEDIATION**

2/07

## SUCCESS STORIES

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."
— Richard W. Osman, Esq.
Bertrand, Fox & Elliot

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."
— Robert P. Travis, Esq.
Travis and Pon

"The mediator was excellent! He was effective with some strong, forceful personalities."
— Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

Procedures, Forms, Mediator Biographies and Photos

WWW.SFBAR.ORG/MEDIATION

Questions?
ADR@sfbar.org or 415.982.1600