JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (Jriffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:    310 203-8080
Facsimile:    310 203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>    Plaintiffs,<br><br>    v.<br><br>JUPITERIMAGES CORPORATION,<br><br>    Defendant. | CASE NO.    3:07-CV-5540 PJH<br><br>DECLARATION OF MITCHELL EISENBERG IN SUPPORT OF JUPITERMEDIA CORPORATION'S ADMINISTRATIVE MOTION TO SEAL ONE DOCUMENT |

DECLARATION OF MITCHELL EISENBERG

I, Mitchell Eisenberg, declare as follows:

I know the following facts of my own personal knowledge and if called to testify, could and would so testify.

1. I am Senior Vice President and General Counsel of Jupitermedia Corporation and have held such positions since 1997. Jupitermedia is the parent company of Jupiterimages Corporation ("Jupiterimages").

2. I was personally involved in the negotiation of the Asset Purchase Agreement ("Agreement") between Jupiterimages and Steve Shapiro.

3. Jupiterimages is in a competitive industry.

4. Several of the terms of the Asset Purchase Agreement are confidential and proprietary business information. Indeed, Paragraph 8.10 of the Agreement explicitly states that the terms of the Agreement are confidential and may not be disclosed by Shapiro without the written consent of Jupiterimages (and Jupiterimages gave no such consent).

5. In particular, the following provisions in the Agreement are confidential and proprietary information of Jupiterimages: the purchase price and escrow amounts; the number of music tracks purchased; Section 4.1(m) (website operations); Section 4.1(o) (certain links on a website); and Section 4.1(p) (post-closing obligations).

6. The public disclosure of such information, e.g., in public court files that can be accessed by any Jupiterimages competitor or other person or entity that may do business with Jupiterimages in a similar transaction, would severely prejudice Jupiterimages by, among other things, allowing competitors and other potential sellers of assets of Jupiterimages to learn the terms of this Agreement, thereby affecting the terms of other deals.

7. For example, competitors will have an unfair business advantage by knowing what Jupiterimages paid for certain assets, thereby affecting the price they may pay for similar assets. It would violate the antitrust laws for competitors to share such information; Jupiterimages's competitors should not be allowed access to such information through the public courts. This is

1 particularly unfair because Jupiterimages will not access to the terms of business deals engaged in
2 by its competitors.
3
4     I declare under penalty of perjury under the laws of the United States of America that
5 the foregoing is true and correct and that this declaration was executed on the 30th day of October,
6 2007 at Darien, Connecticut.
7
8                 *--S--*  *MITCHELL EISENBERG*
                MITCHELL EISENBERG
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28