JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (Jriffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:   310 203-8080
Facsimile:    310 203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY AND CITY OF SAN FRANCISCO

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC<br><br>Plaintiffs,<br><br>v.<br><br>JUPITERIMAGES CORPORATION<br><br>Defendant. | CASE NO.   CGC 07-467713<br><br>**NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court, Northern District of California, San Francisco Division on October 31, 2007 under U.S.D.C. Federal Case Number 3:07-CV-5540 PJH. A true and correct copy of said Notice is attached hereto.

DATED: October 31, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER

By: _____
JEFFREY K. RIFFER
Attorneys for Defendant JUPITERIMAGES CORP.

4961710v1

JUPITERIMAGES' NOTICE TO ADVERSE
PARTIES OF REMOVAL TO FEDERAL COURT

1  JEFFER, MANGELS, BUTLER & MARMARO LLP
2  JEFFREY K. RIFFER (Bar No. 87016) (JRiffer@jmbm.com)
   1900 Avenue of the Stars
   Seventh Floor
3  Los Angeles, CA 90067-4308
   Telephone:   310 203-8080
4  Facsimile:   310 203-0567

5  Attorneys for Defendant JUPITERIMAGES CORP.

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12  STEVE SHAPIRO and STEVE SHAPIRO       CASE NO. C 07 5540
    MUSIC,
13                                         NOTICE OF REMOVAL TO FEDERAL
           Plaintiffs,                     COURT
14
       v.
15
    JUPITERIMAGES CORPORATION,
16
           Defendant.
17

---

NOTICE TO ADVERSE PARTIES OF REMOVAL
TO FEDERAL COURT; EISENBERG DECL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Jupiterimages Corporation ("Jupiterimages"), an Arizona corporation, hereby removes to this Court the state court action described below:

1. On September 27, 2007, an action was commenced in the Superior Court of the State of California for the County of San Francisco entitled <u>Steven Shapiro and Steven Shapiro Music vs. Jupiterimages Corporation</u>, Case No. CGC 07-467713. A true and correct copy of the Complaint is attached hereto as Exhibit "A."[1]

2. Jupiterimages was served on October 1, 2007. A true and correct copy of the Summons and proof of service is attached hereto as Exhibit "B."

3. All other State Court papers served on Jupiterimages are attached as Exhibit "C."

4. A copy of the state court docket sheet is attached hereto as Exhibit "D."

## FEDERAL JURISDICTION

5. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a) (diversity jurisdiction) and one which may be removed to this Court by Jupiterimages pursuant to 28 U.S.C. § 1441(a) (cases where the district courts have original jurisdiction may be removed).

6. Plaintiff Steve Shapiro is an individual and is a citizen of California because he is domiciled in California. Plaintiff Steve Shapiro Music is a d/b/a of Steve Shapiro and, as such, also a citizen of California because he is domiciled in California. Shapiro was domiciled in California at the time the Complaint was filed and at the time of removal. <u>See</u> Eisenberg Decl. ¶ 4.

7. Jupiterimages is a citizen of Arizona and Connecticut. Jupiterimages is an

---

[1] Plaintiff attached an Asset Purchase Agreement as an exhibit to the state court Complaint. Such Agreement contains confidential business information and the parties explicitly agreed in writing that such information was to be kept confidential. Accordingly, Jupiterimages is hereby filing an administrative motion to seal limited portions of such Agreement.

Arizona corporation with its principal place of business in Connecticut. This was true at the time the Complaint was filed and at the time of removal. See Eisenberg Decl. ¶ 3.

8.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff's state court Complaint does not specify a dollar amount in the prayer for relief. It states on the Caption page that it is unlimited civil case and that the value of the case exceeds $25,000. See Complaint. The Complaint seeks a judicial declaration and determination of the parties' respective rights, duties and obligations under Paragraphs 5.1 (indemnity provision) and 6.1 (limits liability under certain conditions) of an April 18, 2006 Asset Purchase Agreement. Id.

9.  Where, as here, the state court complaint does not specify a dollar figure for the amount in controversy, the removing defendant bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional amount. See Guglielmino v. McKee Foods Corp. - F.3d -, 2007 WL 2916193 *5, 2007 U.S. App. LEXIS 23654 *15 (9th Cir. Oct. 9, 2007) (affirmed district court order that there was federal diversity jurisdiction).[2]

10. Where plaintiff seeks a judicial determination of liability under a contract, the potential liability is the "amount in controversy." It makes no difference that the plaintiff is suing for determination that it owes little -- or even nothing. See Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory ... relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 539 (7th Cir. 2006) ("potential indemnity obligation counts toward the jurisdictional minimum").

11. Jupiterimages has asserted that Shapiro must indemnify it for claims in excess of $75,000 and Shapiro, at the time of this removal, has not paid such claims. See Eisenberg Decl. ¶ 6.

12. In addition, if attorney fees are recoverable by plaintiff (e.g., by contract), the

---

[2] The opinion is also available at http://www.ca9.uscourts.gov/ca9/newopinions.nsf/5807B59144DF3F888825736F0052898A/$file/0516144.pdf?openelement.

1  fee claim is included in determining the amount in controversy, regardless whether the fee award is
2  mandatory or discretionary. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155 (9th Cir. 1998);
3  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000) ("reasonable amount of fees
4  is included in the amount in controversy").

5      13.    Here, Paragraph 8.1 provides that the prevailing party in litigation over the
6  Asset Purchase Agreement is entitled to recover its attorney fees. See Eisenberg Decl. ¶ 7.

7      14.    Litigation in federal court is expensive. Even conservatively, the Rule 26(f)
8  Meeting, drafting written discovery and taking depositions, responding to plaintiff's discovery,
9  motions to dismiss, summary judgment motions (if the motion to dismiss is not granted) and trial (if
10 the summary judgment motion is not granted), will cost well in excess of $75,000. See Eisenberg
11 Decl. ¶ 8.

12     15.    Accordingly, there is federal diversity jurisdiction and this case can be
13 removed from state court to federal court.

14

15                          INTRADISTRICT ASSIGNMENT

16     16.    The state court complaint was filed in the Superior Court for the County of
17 San Francisco. As such, it should be removed to the San Francisco Division of this Court pursuant
18 to Local Rule 3-2(e).

19 DATED: October 30, 2007          JEFFER, MANGELS, BUTLER & MARMARO LLP
                                    JEFFREY K. RIFFER
20
21                                  By _____
                                        JEFFREY K. RIFFER
22                                  Attorneys for Defendant JUPITERIMAGES
                                    CORPORATION.
23
24
25
26
27
28