1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   JEFFREY K. RIFFER (Bar No. 87016) *(JRiffer@jmbm.com)*
2  1900 Avenue of the Stars
   Seventh Floor
3  Los Angeles, CA 90067-4308
   Telephone:   310 203-8080
4  Facsimile:   310 203-0567

5  Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>           Plaintiffs,<br><br>      v.<br><br>JUPITERIMAGES CORPORATION,<br><br>           Defendant. | CASE NO.    3:07-CV-5540  PJH<br><br>DECLARATION OF MITCHELL EISENBERG RE NOTICE OF REMOVAL |

DECLARATION OF MITCHELL EISENBERG

I, Mitchell Eisenberg, declare as follows:

I know the following facts of my own personal knowledge and if called to testify, could and would so testify.

1. I am Senior Vice President and General Counsel of Jupitermedia Corporation and have held such positions since 1997. Jupitermedia is the parent company of Jupiterimages Corporation ("Jupiterimages").

2. I was personally involved in the negotiation of the Asset Purchase Agreement ("Agreement") between Jupiterimages and Steve Shapiro. I had direct dealings with Mr. Shapiro.

3. Jupiterimages is an Arizona corporation with its principal place of business in Connecticut. This was true at the time the Complaint was filed and true today.

4. Steve Shapiro is domiciled in California. He has listed his California home address on papers given to Jupiterimages. He has listed his California office address on the Agreement. Steve Shapiro Music is a d/b/a of Steve Shapiro.

5. Paragraph 4.1(a) of the Agreement contains, among other things, a representation and warranty that Shapiro is the sole owner of certain assets. Paragraph 5.1 of the Agreement provides that Shapiro must indemnify Jupiterimages (and such indemnity includes the payment of attorney fees) if Shapiro breaches any term in the Agreement.

6. Although Shapiro had represented and warranted that he was the sole owner of certain assets, third parties have claimed that they (not Shapiro) are the sole owner of the same assets. In response, Shapiro has admitted that he is not the sole owner of such assets. Jupiterimages has informed Shapiro that he must indemnify it because of Shapiro's breach of his representation and warranty that he was the sole owner of such assets. Jupiterimages's claim for indemnity against Shapiro is in excess of $75,000 and Shapiro, at the time I'm signing this Declaration, has not paid such claims.

7. Paragraph 8.1 of the Asset Purchase Agreement provides that the prevailing party in litigation over the Asset Purchase Agreement is entitled to recover its attorney fees. If

1  Jupiterimages prevails in this litigation, it will incur substantial attorney fees.

2         8. In my capacity as Senior Vice President and General Counsel of Jupitermedia,
3  I review outside counsel's bills. As such, I am familiar with the expense of litigation in federal
4  court. Even conservatively, the Rule 26(f) Meeting, drafting written discovery and taking
5  depositions, responding to plaintiff's discovery, drafting a motion to dismiss, drafting a summary
6  judgment motion (if the motion to dismiss is not granted) and trial (if the summary judgment
7  motion is not granted), will cost Jupiterimages well in excess of $75,000.

9         I declare under penalty of perjury under the laws of the United States of America that
10 the foregoing is true and correct and that this declaration was executed on the 30th day of October,
11 2007 at Darien, Connecticut.

13        *--S--  MITCHELL EISENBERG*
14        MITCHELL EISENBERG