FILED

2007 NOV -1  P 3: 50

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUPITERIMAGES CORPORATION, | CIVIL ACTION NO: |
| Plaintiff, | |
| VS. | 307CV1614 |
| STEVE SHAPIRO, DOING BUSINESS AS STEVE SHAPIRO MUSIC, | |
| Defendant. | NOVEMBER 1, 2007 |

## COMPLAINT

Plaintiff Jupiterimages Corporation, for causes of action against Steve Shapiro, doing business as Steve Shapiro Music, alleges as follows:

### The Parties and Jurisdiction

1.      Plaintiff Jupiterimages Corporation ("Jupiterimages") is an Arizona corporation with a principal place of business in Darien, Connecticut. Jupiterimages publishes digital content and licenses the rights to that digital content to end-users.

2.      Defendant Steve Shapiro, a citizen of California, is an individual who does business as Steve Shapiro Music. Shapiro purported to have created and owned a collection of

**EXHIBIT   A**

music, music rights, production elements and sound effects published and licensed through the stevemusic.com website (the "Shapiro Website"), CDs, and through third party distributors and other licensees and known as the Steve Shapiro Online Music Library.

3.    At all relevant times, Shapiro regularly did or solicited business in Connecticut, including through the Shapiro Website, and he continues to do so. The Shapiro Website was and is interactive, enabling direct interaction from Connecticut and elsewhere with Steve Shapiro over the internet, to download, transmit, and exchange information, and to enter into contracts with Steve Shapiro via computers. More specifically, the Shapiro Website has provided, among other things, for downloading tracks of music and purchase of licensing rights, with payment by credit card, twenty-four hours a day, seven days a week, and has provided for receipt of Steve Shapiro promotions, all by computers from Connecticut and elsewhere.

4.    The causes of action of Jupiterimages arise out of Shapiro's transaction of business in Connecticut by, among other things, contracting to sell assets to Jupiterimages, a corporation with its principal place of business in Connecticut, and having on-going business dealings with Jupiterimages; committing tortious acts in Connecticut; and committing tortious acts outside Connecticut causing injury to Jupiterimages in Connecticut. Shapiro regularly does or solicits business in Connecticut by, among other things, operating the Shapiro Website by which consumers can purchase product in Connecticut; Shapiro expects or reasonably should

expect his acts as alleged herein to have consequences in Connecticut; and Shapiro derives

substantial revenue from interstate or international commerce.

   5.  This court has jurisdiction pursuant to 28 U.S.C. Sec. 1332.  The amount in

controversy exceeds $75,000, exclusive of interest and costs.  There is diversity of citizenship

between Plaintiff and Defendant.

   6.  Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391.  A substantial

part of the events giving rise to this action occurred within this judicial district.

### FIRST CAUSE OF ACTION

#### (Fraud)

   7.  Jupiterimages realleges and incorporates by reference the allegations contained in

paragraphs 1 through 6.

   8.  On April 18, 2006, Jupiterimages entered into a written Asset Purchase

Agreement (the "Agreement") with Steve Shapiro Music and Steve Shapiro (collectively

"Shapiro").

   9.  Pursuant to the Agreement, Jupiterimages purchased certain assets from Shapiro

(the "Assets") on agreed terms.

   10.  At all relevant times, Shapiro represented on the Shapiro Website that Shapiro

licensed "original music . . . . of more than 2,000 tracks . . . by award-winning composer Steve

Shapiro," and that the "selections from the STEVE SHAPIRO MUSIC Library" are "original compositions available nowhere else."

11.    Shapiro represented in the Agreement that he was the owner of all the Assets.

12.    In fact, Shapiro was not the owner of all of the Assets. Indeed, he had no rights at all to certain of the Assets.

13.    Shapiro hid from Jupiterimages his lack of ownership of the Assets. He also mis-named some of the Assets to hide the fact that they were owned by others.

14.    Nonetheless, with knowledge, or in reckless disregard of such knowledge, that he had no ownership rights to certain of the Assets, Shapiro made representations on the Shapiro Website and in the Agreement that he had ownership rights to the Assets to induce Jupiterimages to enter into the Agreement.

15.    Jupiterimages acted on Shapiro's fraudulent representations on the Shapiro Website and in the Agreement that he had ownership rights to the Assets by entering into the Agreement and paying money to Shapiro.

16.    By reason of Shapiro's fraud, Jupiterimages was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Negligent Misrepresentation)

17.     Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 and 8 through 12.

18.     Shapiro made the representations to Jupiterimages that he was the owner of the Assets to induce it to enter into the Agreement and pay him money.

19.     Shapiro should have known that his representations to Jupiterimages in the Agreement and on the Shapiro Website that he had ownership rights to the Assets were false.

20.     Jupiterimages reasonably relied on Shapiro's negligent misrepresentations in the Agreement and on the Shapiro Website that he had ownership rights to the Assets by entering into the Agreement and paying money to Shapiro.

21.     By reason of Shapiro's negligent misrepresentations, Jupiterimages was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Innocent Misrepresentation)

22.     Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 and 8 through 12.

23.    Shapiro made representations in the Agreement and on the Shapiro Website that he had ownership rights to the Assets to induce Jupiterimages to enter into the Agreement, but those representations were false.

24.    Shapiro had the means of knowing, ought to have known and/or had the duty to know the truth of his representations in the Agreement and on the Shapiro Website that he was the owner of all the Assets he conveyed to Jupiterimages.

25.    Jupiterimages reasonably relied on Shapiro's misrepresentations in the Agreement and on the Shapiro Website that he had ownership rights to the Assets by entering into the Agreement and paying money to Shapiro.

26.    By reason of Shapiro's misrepresentations, Jupiterimages was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Breach of Contract – Ownership of Assets)

27.    Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 and 8 through 12.

-6-

28.     In Paragraph 4.1 (a) of the Agreement, Shapiro represents, warrants, and covenants that he is "the sole creator, composer, publisher and owner of the . . . Assets and that . . . [he] has every right to enter in this Agreement and sell the Music [the Assets] and transfer the rights herein . . . ."

29.     In Paragraph 4.1 (e) of the Agreement, Shapiro represents, warrants, and covenants that the "Assets are free and clear of all liens, encumbrances, security interests, restrictions or claims of any kind or nature."

30.     In breach of the Agreement, Shapiro sold Assets to Jupiterimages that fail to comply his representations, warranties, and covenants in Paragraph 4.1 of the Agreement.

31.     By reason of Shapiro's breaches of Paragraph 4.1 of the Agreement, Jupiterimages was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**(Breach of Contract – Confidentiality Provision)**

32.     Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 and 8 through 12.

33.     Paragraph 8.10 of the Agreement provides that the "terms of this Agreement are confidential and may not be discussed or otherwise disclosed by Sellers without the prior written consent of Jupiterimages."

-7-

34.     In breach of this confidentiality provision, on May 7, 2007, Shapiro filed a Complaint against Jupiterimages in the Superior Court for the State of California, County of San Francisco, attaching a copy of the Agreement to the Complaint, thereby placing all of the terms of the Agreement in the public record.   Jupiterimages never consented to such disclosure.

35.     In further breach of this confidentiality provision, on September 28, 2007, Shapiro filed another Complaint against Jupiterimages in the Superior Court for the State of California, County of San Francisco.  Shapiro also attached a copy of the Agreement to the Complaint, thereby again placing all of the terms of the Agreement in the public record.   Jupiterimages never consented to such disclosure.

36.     By reason of Shapiro's breach of the confidentiality provision in the Agreement, Jupiterimages was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Breach of Contract – Non-Competition Provision)

37.     Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 and 8 through 12.

38.     Paragraph 4.1(p) of the Agreement provides that Shapiro will not sell or license music tracks or participate in the marketing of an online Internet website for the download of music during an agreed period.

39.    In breach of this non-competition provision, during the agreed period, Shapiro sold or licensed music tracks and participated in the marketing of an online Internet website for the download of music.

40.    By reason of Shapiro's breach of the non-competition provision, Jupiterimages was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Breach of Contract – Indemnification Provision)

41.    Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 and 8 through 12.

42.    Paragraph 5.1 of the Agreement provides that Shapiro must fully indemnify, defend and hold harmless Jupiterimages for any costs, damages, expenses, liabilities and claims that are in any way connected to Shapiro's breach of any term of the Agreement.

43.    In Paragraph 4.1(a), Shapiro represents, warrants, and covenants that he is "the sole creator, composer, publisher and owner of the . . . Assets and that . . . [he] has every right to enter in this Agreement and sell the Music [the Assets] and transfer the rights herein . . . ."

44.    In Paragraph 4.1 (e) of the Agreement, Shapiro represents, warrants, and covenants that the "Assets are free and clear of all liens, encumbrances, security interests, restrictions or claims of any kind or nature."

45.    In fact, Shapiro's representations, warranties, and covenants in Paragraph 4.1 are false.

46.    In breach of the Agreement, Shapiro has not fully indemnified Jupiterimages for all costs, damages, expenses, liabilities and claims that are in any way connected to Shapiro's breach of these representations, warranties, and covenants in the Agreement.

47.    By reason of Shapiro's breach of Paragraph 5.1 of the Agreement, Jupiterimages was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Violation of the Uniform Commercial Code)

48.    Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 and 8 through 12.

49.    Paragraph 8.1 of the Agreement provides that it shall be governed by and construed in accordance with the laws of the United States of America and the State of New York.

50.     N.Y. U.C.C. Law Sec. 2-312(1)(a) provides that in a contract for the sale of goods, including the goods Shapiro sold Jupiterimages, the seller warrants that "the title conveyed shall be good, and its transfer rightful."

51.     N.Y. U.C.C. Law Sec. 2-312(3) provides that, unless otherwise agreed, "a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like . . . ."

52.     Shapiro is a merchant regularly in dealing in goods such as the Assets that Shapiro sold to Jupiterimages.

53.     N.Y. U.C.C. Law Sec. 2-313(1) provides that "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."

54.     In the Agreement, Shapiro made affirmations of fact and promises to Jupiterimages, as set forth above.

55.     Those affirmations of fact were false, and Shapiro breached those promises.

56.     Shapiro breached N.Y. U.C.C. Law Secs. 2-312(1)(a), 2-312(3), and 2-313(1) in his sale of the Assets to Jupiterimages.

57.    By reason of Shapiro's breach of these statutes, Jupiterimages was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### (Connecticut Unfair Trade Practices Act)

58.    Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 57.

59.    Shapiro engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the sale of the Assets to Jupiterimages, in violation of Conn. Gen. Stat. Sec. 110b(a). Shapiro's acts were improper, unconscionable, immoral, unethical, oppressive, fraudulent, and/or unscrupulous, and offend public policy, in violation of Conn. Gen. Stat. Secs. 42-110a, *et seq.*

60.    Jupiterimages has suffered an ascertainable loss as a result of Shapiro's violation of the Connecticut Unfair Trade Practices Act.

61.    In accordance with Conn. Gen. Stat. Sec. 42-110g(c), Jupiterimages, upon the commencement of this action, is mailing a copy of this complaint to the Attorney General of the State of Connecticut and to the Commissioner of Consumer Protection of the State of Connecticut.

## TENTH CAUSE OF ACTION

### (Rescission)

62.     Jupiterimages realleges and incorporates by reference the allegations contained in paragraphs 1 through 61.

63.     Based on the foregoing, Jupiterimages has the right to rescind the Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Jupiterimages prays for judgment against Shapiro, as follows:

1.     Compensatory damages.

2.     Reasonable attorneys' fees pursuant to Paragraph 8.1 of the Agreement.

3.     Reasonable attorneys' fees as provided in common law.

4.     Reasonable attorneys' fees as provided in Conn. Gen. Stat. Sec. 42-110g(d).

5.     Punitive damages as provided in common law.

6.     Punitive damages as provided in Conn. Gen. Stat. Sec. 42-110g(a).

7.     All remedies as provided in the Uniform Commercial Code.

8.     Pre-judgment interest.

9.     Costs.

10.     Appropriate equitable remedies.

11.     Rescission of the agreement between Steve Shapiro, d/b/a Steve Shapiro Music, and Jupiterimages Corporation made as of April 18, 2006.

12.     Such other and further relief as the Court may deem proper.

Respectfully submitted,

PLAINTIFF, JUPITERIMAGES
CORPORATION

By:

Stewart I. Edelstein, Esq.
Fed. Bar No. ct06021
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604
Tel.  (203) 368-0211
Fax  (203) 394-9901
e-mail: sedelstein@cohenandwolf.com

FILED

UNITED STATES DISTRICT COURT 3: 50
FOR THE DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| JUPITERIMAGES CORPORATION, | CIVIL ACTION NO: |
| Plaintiff, | **307CV1614** |
| VS. | |
| STEVE SHAPIRO, DOING BUSINESS AS STEVE SHAPIRO MUSIC, | |
| Defendant. | NOVEMBER 1, 2007 |

## CORPORATE DISCLOSURE STATEMENT

## FOR JUPITERIMAGES CORPORATION

Pursuant to Fed. R. Civ. P. 7.1(a), Jupiterimages Corporation through its undersigned counsel, hereby certifies the following:

1.  Jupitermedia Corporation, a Delaware corporation with a principal place of business located at 23 Old Kings Highway South, Darien, Connecticut, is the parent company of Jupterimages Corporation.

2.  Jupitermedia Corporation is a publicly traded company.

3.  Jupitermedia Corporation owns 100% of Jupiterimages Corporation stock.

Respectfully submitted,

PLAINTIFF, JUPITERIMAGES
CORPORATION

By: _____
Stewart I. Edelstein, Esq.
Fed. Bar No. ct06021
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel. (203) 368-0211
Fax (203) 394-9901
e-mail: sedelstein@cohenandwolf.com

# DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT        BRIDGEPORT

## ORDER ON PRETRIAL DEADLINES

Civil Action Number: **307CV1614** (JBA)

Unless otherwise ordered by the Judge to whom this case is assigned, the rties shall adhere to the following deadlines:

(a)  In accordance with Local Civil Rule 26(f), within thirty days of the appearance of y defendant, the parties shall confer for the purposes described in Fed.R.Civ.P. 26(f). iring this conference, a party shall also notify the opposing party of any curable defects in ≥ pleadings which will be the subject of a motion to dismiss if not cured.  Within ten days . ≥reafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix the Local Civil Rules.

(b) Unless modified by the Court's written scheduling order, all motions relating to nder of parties, claims or remedies, class certification, and amendment of the pleadings all be filed within sixty days after the filing of the complaint, the filing of a petition for noval, or the transfer of an action from another District.

(c)  All motions to dismiss based on the pleadings shall be filed within ninety days ≥ filing of the complaint, the filing of a petition for removal, or the transfer of an action f other District.  The filing of a motion to dismiss will not result in a stay of discovery or tend the time for completing discovery.  **No motions to dismiss will be entertained iless and until a pre-motion conference has been held with this court as describ subsection (f).**

(d)  Formal discovery pursuant to the Federal Rules of Civil Procedure may not mmence until the parties have conferred as required by Fed.R.Civ.P. 26(f) and Local Civil lle 26(f) and a scheduling order is entered pursuant to Fed.R.Civ.P. 16(b).  Informal scovery by agreement of the parties is encouraged and may commence at anytime. lless otherwise ordered, discovery shall be completed within six months after the filing of ≥ complaint, the filing of a petition for removal, or the date of transfer of an action from other District.

(e)  Unless otherwise ordered, all motions for summary judgment shall be filed within ven months after the filing of the complaint, the filing of a petition for removal, or the date transfer from another District.  **No motions for summary judgment will be entertained iless and until a pre-motion conference has been held with the court as described in lbsection (f).**

(Revised 10/15/07)

(f)  Before any party files a motion to dismiss, or for summary judgment or partial summary judgment, that party shall request, by Motion, a pre-motion conference.  SUCH MOTION SHALL BE FILED AT LEAST ONE MONTH PRIOR TO THE PARTIES' DISPOSITIVE MOTION DEADLINE.   THE DOCKETING OF ANY SUCH MOTION WILL AUTOMATICALLY STAY THE SCHEDULING DEADLINE RELATED TO THE FILING OF THE MOTION.  NO MOTION FOR EXTENSION OF TIME TO FILE SUCH MOTION IS NECESSARY. At this conference, the parties will address whether the filing of a motion to dismiss, or for summary judgment or partial summary judgment, appears warranted under the circumstances.   If requested, and at the discretion of the court, this conference may be conducted by telephone, with arrangements to be made by the requesting party.  All counsel will be expected to have previously conferred on the subject matter of the proposed motion, and will be prepared to advise the Court of any pleading amendment, discovery or other matter relevant to disposition of the proposed motion.

The parties' Joint Trial Memorandum shall be filed no later than thirty (30) days following the Court's ruling on summary judgment and the case will be deemed trial ready immediately following such filing, unless otherwise ordered.

At the conference, counsel will be prepared to articulate the dismissal issues or material issues contended to be disputed or undisputed in the case, referencing the relevant record supporting such contention.

(g)  In any pleading or legal memorandum filed, a copy of any opinion or decision cited and not found in the U.S. Reports, Federal Reporter, Federal Supplement or Connecticut Reporters, and any statute, ordinance or regulation cited other than U.S. Code or Connecticut General Statutes, should be provided to the court.

A copy of this Order shall be served by the plaintiff on all defendants.


                    Roberta D. Tabora, Clerk
                    United States District Court


                                                    (Revised 10/15/07)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

## NOTICE REGARDING DESIGNATION OF CASE INTO ELECTRONIC FILING SYSTEM AND ELECTRONIC FILING OF PAPERS

Counsel are hereby notified that the procedures contained in the District's CM/ECF Policies and Procedures Manual as well as the attached Electronic Filing Order apply.

If counsel believe that this case should not be designated as an e-filed case, or if doing so would present an undue burden on counsel or the parties, you must advise the court of the same by filing a pleading seeking to be exempt.  Any requests for an exemption to the mandatory policy must be filed *within 10 days of appearing* and will be considered for good cause hardship reasons only.  **(Such a request may be filed non-electronically.)**

Attorneys are advised to participate in the training program offered by the Clerk's Office or to use the CM/ECF Tutorial on our website (www.ctd.uscourts.gov) to become familiar with the system.  Counsel, if not already registered, are required to submit a registration request and obtain an electronic filing login and password from the Clerk's Office.  The registration forms and electronic filing policies are available on the court's website at www.ctd.uscourts.gov/cmecf.

FOR THE COURT
ROBERTA D. TABORA, CLERK

rev. 10/1/07

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**3O7CV1614**

CIVIL ACTION NUMBER:                    (JBA)

ELECTRONIC FILING ORDER IN CIVIL CASES

The Court orders that the parties shall file all documents

in this case electronically.  The following requirements are

imposed:

1.   Counsel must comply with all applicable Federal Rules

of Criminal Procedure and Civil Procedure, the

District's Local Rules and the requirements set forth

in the District's CM/ECF Policies and Procedures

Manual, and any other rules and administrative

procedures which implement the District's CM/ECF

system.

2.   Unless otherwise ordered, on the business day next

following the day on which a document is filed

electronically, counsel must provide Chambers with one

paper copy of the following e-filed documents:

Civil Cases:    All pleadings (including briefs and exhibits)
relating, supporting, opposing or replying to the following:

a.   Applications for temporary restraining orders,
     preliminary injunctions or prejudgment remedies;
b.   Dispositive motions (motions to dismiss or for summary
     judgment);
c.   Requested jury instructions, voir dire;
d.   Compliance with Pretrial Orders;
e.   Trial briefs, including proposed findings of fact and
     conclusions of law; and
f.   Any pleading that is in excess of 2 pages [change
     effective May 1, 2006].

                              IT IS SO ORDERED.
                              /s/ Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut.

Rev 5-1-06

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIVIL ACTION NUMBER: 307CV1614(JBA)

ELECTRONIC FILING ORDER IN CIVIL CASES

Judge Arterton requests courtesy copies of all
electronically filed pleadings in excess of two pages.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| 141 CHURCH STREET | 450 MAIN STREET | 915 LAFAYETTE BLVD |
| NEW HAVEN, CT 06510 | HARTFORD, CT 06103 | BRIDGEPORT, CT 06604 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 |

NOTICE TO COUNSEL AND PRO SE PARTIES

THE ATTACHED CASE HAS BEEN ASSIGNED TO DISTRICT JUDGE JANET BOND ARTERTON WHO SITS IN NEW HAVEN. COUNSEL AND PRO SE PARTIES SHOULD FILE ALL FUTURE PLEADINGS OR DOCUMENTS IN THIS MATTER WITH THE CLERK'S OFFICE IN NEW HAVEN. ANY ATTEMPT TO FILE PLEADINGS OR OTHER DOCUMENTS RELATED TO THIS ACTION IN ANY OF THE OTHER SEATS OF COURT WILL RESULT IN THOSE PLEADINGS OR DOCUMENTS BEING REFUSED AT THE COURT OR BEING RETURNED TO YOUR OFFICE. SEE D.CONN. L. CIV. R.3(a).

COUNSEL AND PRO SE PARTIES ARE REQUIRED TO BECOME FAMILIAR WITH AND ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CIVIL PROCEDURE FOR THE DISTRICT OF CONNECTICUT AND STANDING ORDERS REGARDING SCHEDULING IN CIVIL CASES AND THE FILING OF TRIAL MEMORANDA.

COUNSEL AND PRO SE PARTIES ARE HEREBY NOTIFIED THAT FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION, WITHIN 21 DAYS AFTER THE MOTION IS FILED, MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION. FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION TO DISMISS WITHIN 21 DAYS AFER THE MOTION IS FILED MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION, EXCEPT WHERE THE PLEADINGS PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION. SEE D.CONN. L. CIV. R. 7(a)1

COUNSEL AND PRO SE PARTIES ARE FURTHER NOTIFIED THAT THEY ARE REQUIRED TO COMPLY WITH REQUIREMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT AS SET FORTH IN FED. R. CIV. P. 56 AND D.CONN. L. CIV. R. 56. A PARTY MAY MOVE FOR SUMMARY JUDGMENT WHEN THAT PARTY BELIEVES THERE IS NO GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL AND THE PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. THE MOTION MAY BE DIRECTED TOWARD ALL OR PART OF A CLAIM OR DEFENSE AND IT MAY BE MADE ON THE BASIS OF THE PLEADINGS OR OTHER PORTIONS OF THE RECORD IN THE CASE OR IT MAY BE SUPPORTED BY AFFIDAVITS AND OTHER MATERIALS OUTSIDE THE PLEADINGS.

WHEN A PARTY SEEKING SUMMARY JUDGMENT (THE "MOVING PARTY") FILES A SUPPORTING AFFIDAVIT, THE PARTY OPPOSING SUMMARY JUDGMENT MUST FILE AN AFFIDAVIT, OR OTHER DOCUMENTARY EVIDENCE, CONTRADICTING THE MOVING PARTY'S SUBMISSIONS TO DEMONSTRATE THAT THERE ARE FACTUAL ISSUES REQUIRING A TRIAL. FACTS ASSERTED IN THE AFFIDAVIT(S) OF THE MOVING PARTY WILL BE TAKEN AS TRUE IF NOT CONTROVERTED BY COUNTER-AFFIDAVITS OR OTHER DOCUMENTARY EVIDENCE.

LOCAL CIVIL RULE 56(a) REQUIRES THE PARTY SEEKING SUMMARY JUDGMENT TO FILE A DOCUMENT ENTITLED " LOCAL RULE 56(a)1 STATEMENT," WHICH SETS FORTH IN SEPARATELY NUMBERED PARAGRAPHS A CONCISE STATEMENT OF EACH MATERIAL FACT AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED. THE MATERIAL FACTS SET FORTH IN THIS STATEMENT SHALL BE DEEMED ADMITTED UNLESS CONTROVERTED BY THE "LOCAL RULE 56(a)2 STATEMENT" REQUIRED TO BE SERVED BY THE OPPOSING PARTY. THE PARAGRAPHS IN THE 56(a)2 STATEMENT SHALL CORRESPOND TO THE PARAGRAPHS IN THE 56(a)1 STATEMENT AND SHALL STATE WHETHER THE FACTS ASSERTED BY THE MOVING PARTY ARE ADMITTED OR DENIED. THE LOCAL RULE 56(a)2 STATEMENT MUST ALSO INCLUDE IN A SEPARATE SECTION A LIST OF EACH ISSUE OF MATERIAL FACT AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE TRIED.

(OVER)

COUNSEL AND PRO SE PARTIES ARE ALERTED TO THE REQUIREMENTS OF FED. R. CIV. P. 26(f) AND LOCAL CIVIL RULE 26, WHICH REQUIRE THAT THE PARTIES CONDUCT A CASE MANAGEMENT PLANNING CONFERENCE AND PREPARE AND FILE A REPORT OF THE CONFERENCE ON FORM 26(f) WHICH APPEARS IN THE APPENDIX TO THE LOCAL RULES.

COUNSEL AND PRO SE PARTIES ARE FURTHER ADVISED THAT THEY MAY REQUEST A REFERRAL OF THEIR CASE TO A UNITED STATES MAGISTRATE JUDGE FOR DISPOSITION.  SEE 28 U.S.C. 636 AND RULE 77.2 OF THE LOCAL RULES FOR UNITED STATES MAGISTRATE JUDGES.

ROBERTA D. TABORA, CLERK

(Revised 10/1/07)

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## ORDER RE: DISCLOSURE STATEMENT

ANY NON-GOVERNMENTAL CORPORATE PARTY TO AN ACTION IN
THIS COURT SHALL FILE A STATEMENT IDENTIFYING ALL ITS
PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD
COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK. A
PARTY SHALL FILE THE STATEMENT WITH ITS INITIAL PLEADING
FILED IN THE COURT AND SHALL SUPPLEMENT THE STATEMENT
WITHIN A REASONABLE TIME OF ANY CHANGE IN THE
INFORMATION. COUNSEL SHALL APPEND A CERTIFICATE OF
SERVICE TO THE STATEMENT IN COMPLIANCE WITH LOCAL
RULE 5(b).

COUNSEL FOR PLAINTIFF OR REMOVING DEFENDANT SHALL BE
RESPONSIBLE FOR SERVING A COPY OF THIS ORDER UPON ALL
PARTIES TO THE ACTION.

BY ORDER OF THE COURT

ROBERTA D. TABORA, CLERK

Revised 10/1/07

## TIPS FOR SUCCESSFUL CM/ECF EFILING
### 8/8/07

\*    Sign up for Attorney training classes!  See www.ctd.uscourts.gov/cmecf for instructions on how to sign up today.

\*    You can not e-file on a case using your PACER login and password.  To efile on a case, you must have (1) a PACER login and password and (2) an ECF login and password (you need both).  To obtain an ECF login/password a ct bar number is needed and the registration form  (available on our website) must be completed and faxed to 203-773-2424.  After the completed form is received, an email will be sent to you with your ECF login/password.

\*    If a case is not an efiled case and you wish to efile, all counsel must agree and file a Stipulation requesting that the case be designated as electronically filed.  Once the Judge approves the Stipulation, an Electronic Filing Order will be entered and all subsequent filings can be efiled.

\*    Do not efile on a case  that has not been designated as an efiled case.  If there is no EFILE flag, DO NOT EFILE ON THE CASE!

\*    Do not attempt to re-docket something that you think may have been done incorrectly.  Call the Clerk's Office for assistance before attempting to make any corrections!

\*    When efiling a Memorandum in Support/Opposition/Reply/Affidavit/Exhibit relating to a Motion, you must link the memo/reply/affidavit/exhibit to the underlying motion.

\*    Make sure the PDF document does not exceed 5000 KB, is readable, the correct one to be filed and is right-side up if scanned.

### Affidavits
Affidavits may be efiled with the signature page scanned or with a /s/ on the signature line.  If the affidavit is related to a  motion, it must be linked to the motion.

### Amended Complaints
If a new party is being added, please select the "Add/Create New Party" on the appropriate  filers screen. New plaintiff(s) should be added on the filers screen with the heading "Select the Filer," new defendant(s) should be added on the filers screen with the heading, "Please select the party that this filing is against." Enter the name of the business or last name of the individual and click "search" to see if the name of the party is already in our system.  If not, continue to create the new party following the Attorney CMECF Indexing instructions and the CMECF Approved Abbreviations both located on the forms page of the CMECF website. Make sure that you select the role of the party.  Do not put any information in the other fields except for "Party Text" when necessary. The "Party Text" field is used as a descriptive text as explained in the Attorney CMECF Indexing instructions. Update the Jury Demand when prompted.

You may not efile an appearance on behalf of another attorney. The attorney filing the appearance must be the attorney that is logged into CMECF. You must click on the box preceding your party name and leave the lead and notice boxes following your name tagged to create an association between you and the party(ies) that you are representing. See example below:

> DO NOT UNCHECK the Lead and Notice boxes to the right of the party name. If you uncheck these boxes you will not receive notification in this case.
>
> The following attorney/party associations do not exist for the above case(s).
> Please check the box on the left of the screen for associations which should be created.
> If the association should not be created, be sure the box is unchecked.
>
> *[√] Party Name* (pty:pla) represented by *Your name* (aty) *[√]* Lead   *[√]* Notice

## Attachments

You must name your attachment by either selecting something from the "Type" drop down menu or by entering something in the "Description" field. Whatever you select or enter from both of these options will appear in the docket text.

## Discovery

Discovery is never to be efiled - See Local Rule 5(e).

## Filers

If there is more than one party as a filer, hold the CTRL key while selecting the applicable parties.

## Motions

Do not use this event if you are not asking for some relief from the court. If there is more than one relief requested in your motion, hold the CTRL key while selecting the applicable reliefs.

If you are efiling a motion asking permission to file something or to amend something already filed, you must attach the proposed document as an exhibit to your motion. Do not efile the proposed document until your motion has been granted - then efile the document you asked for permission to file.

Do not combine motions with responses to other documents. Motions and responses should be filed as separate documents.

## Notice (other)

If you find you are frequently using this event, call the Clerk's Office for assistance in locating the correct event for your submission.

## Notice of Manual Filing

The Notice of Manual Filing should be efiled using the event for the item you are filing in paper. Do not use the "Notice(Other)" event. For example, if you are filing exhibits manually, use the "Exhibit" event and attach the pdf of the Notice of Manual Filing. Mail the exhibits along with copies of the Notice of Electronic Filing and the Notice of Manual filing to the Clerks Office.

## Returns of Service

Returns on executed summonses should be efiled using either the "Summons Executed" or "Summons Executed on USA". There is a separate event for "Waiver of Return of Service."

## Sealed Documents

If you attempt to efile a sealed document, you will receive a message telling you that the document will not be sealed. DO NOT EFILE documents that are filed under seal or filed ex parte. You are required to submit the document in paper along with a PDF version on disk

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Connecticut _____

JUPITERIMAGES CORPORATION,

V.

STEVE SHAPIRO, DOING BUSINESS AS
STEVE SHAPIRO MUSIC

### SUMMONS IN A CIVIL ACTION

CASE NUMBER: 307CV1614 ▓▓▓

TO: (Name and address of Defendant)

STEVE SHAPIRO, DOING BUSINESS AS STEVE SHAPIRO
357 Tehama Street
San Francisco, California 94103

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Stewart I. Edelstein, Esq.
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, Connecticut 06604

an answer to the complaint which is served on you with this summons, within _____ *20* _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

ROBERTA D. TABORA            NOV 0 2 2007

CLERK                                        DATE

(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                              Date                          *Signature of Server*


                                              _____
                                              *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.