1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   JEFFREY K. RIFFER (Bar No. 87016) (JRriffer@jmbm.com)
2  1900 Avenue of the Stars
   Seventh Floor
3  Los Angeles, CA 90067-4308
   Telephone:   310-203-8080
4  Facsimile:   310-203-0567

5  Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| STEVE SHAPIRO and STEVE SHAPIRO MUSIC, | CASE NO.   3:07-CV-5540  PJH |
|---|---|
| Plaintiffs, | JUPITERIMAGES CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| JUPITERIMAGES CORPORATION, | |
| Defendant. | Date:   December 12, 2007<br>Time:   9:00 a.m.<br>Place: Courtroom 3 |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE THAT on December 12, 2007 at 9:00 a.m., or as soon
4   thereafter as the matter may be heard, in Courtroom 3 of the above-captioned Court, located at 450
5   Golden Gate Avenue, San Francisco, CA 94102, before the Hon. Phyllis J. Hamilton, United States
6   District Court Judge, defendant Jupiterimages Corporation will and hereby does move this Court for
7   an order dismissing Plaintiff Steve Shapiro's[1] ("Shapiro") Complaint or, in the alternative, to stay
8   this action.

9   This motion is made on two grounds.

10   <u>First</u>, Shapiro's Complaint, which seeks declaratory relief, fails to state a claim for
11   relief. The Complaint provides no facts showing that Shapiro is entitled to relief. Shapiro asserts
12   only that he had a contract with Jupiterimages and he is entitled to declaratory relief regarding a
13   dispute about indemnity. Shapiro does <u>not</u> state the nature of the indemnity dispute. Shapiro does
14   <u>not</u> state any facts regarding why he is entitled to prevail. Shapiro does <u>not</u> even state what
15   declaration he is seeking. Accordingly, under the recent United States Supreme Court pleading case
16   of <u>Bell Atlantic Corp. v. Twombly</u>, - U.S. -, 127 S.Ct. 1955, 1964-65, - L.Ed.2d - (2007), the
17   Complaint fails to state a claim.

18   <u>Second</u>, this Court should exercise its discretion to dismiss the declaratory relief
19   claim in light of Jupiterimages's Connecticut federal court Complaint against Shapiro. The
20   Complaint in this Court, containing one claim for declaratory relief, deals solely with Shapiro's
21   contractual obligation in the Asset Purchase Agreement ("Agreement") to indemnify Jupiterimages.
22   In contrast, Jupiterimages's Connecticut federal court Complaint deals with all the issues in dispute
23   between the parties, <u>e.g.</u>, claims for fraud, negligent misrepresentation, innocent misrepresentation,
24   breach of contract (including breach of the indemnity obligation in the parties' Agreement),
25   violation of the UCC, unfair trade practices and rescission.

26   Declaratory relief is inappropriate because: (a) the declaratory relief Complaint will

---

[1] Steve Shapiro does business as Steve Shapiro Music.

- 1 -    NTC OF MTN/MTN TO DISMISS COMPLAINT OR
         STAY; MEMO P/As; Case No.3:07-CV-5540 PJH

4982620v1

1  not resolve all the disputes between the parties and there is another lawsuit in another Court that
2  will provide complete relief between the same parties; (b) the declaratory relief Complaint seeks to
3  defeat liability in a subsequent suit for coercive relief, i.e., damages, which is an improper use of
4  declaratory relief; and (c) the declaratory relief Complaint was filed in a stated attempt to obtain a
5  more favorable forum or procedural posture for Jupiterimages's anticipated lawsuit against Shapiro,
6  which is also an improper use of declaratory relief.  In the alternative, this Court should stay this
7  action until the Connecticut federal court lawsuit between the parties has been resolved.

8        This Motion is made, and based, upon this Notice of Motion and Motion, the
9  Memorandum of Points and Authorities attached hereto, the Request for Judicial Notice, all matters
10 and facts upon which the Court can take judicial notice, and upon such additional oral or written
11 evidence as may be properly presented to this Court at or prior to the hearing of the Motion.

12 DATED:  November 6, 2007      JEFFER, MANGELS, BUTLER & MARMARO LLP
         JEFFREY K. RIFFER

14 By: */S/ JEFREY K. RIFFER*
15     JEFFREY K. RIFFER
       Attorneys for Defendant JUPITERIMAGES CORP.

JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (JRiffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:   310-203-8080
Facsimile:    310-203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>JUPITERIMAGES CORPORATION,<br><br>Defendant. | CASE NO.      3:07-CV-5540  PJH<br><br>JUPITERIMAGES CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS  OR, IN THE ALTERNATIVE, FOR A STAY<br><br>Date:   December 12, 2007<br>Time:   9:00 a.m.<br>Place:  Courtroom 3 |

**TABLE OF CONTENTS**

|  | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | SHAPIRO'S COMPLAINT FOR DECLARATORY RELIEF SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM | 2 |
| III. | SHAPIRO'S COMPLAINT FOR DECLARATORY RELIEF SHOULD BE DISMISSED (OR STAYED) | 4 |
| IV. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Aktieselskabet AF 21 v. Fame Jeans, Inc.,
  2007 WL 1655877 15 (D.D.C. 2007) .................................................................................... 3

AmSouth Bank v. Dale,
  386 F.3d 763 (6th Cir. 2004) ................................................................................................. 7

Bell Atlantic Corp. v. Twombly, -,
  U.S. -, 127 S. Ct. 1955 ............................................................................................... 1, 3, 8

Budget Rent A Car Corp. v. Miljack, Inc.,
  760 F. Supp. 135 (D. Ill. 1991) .............................................................................................. 8

Burke v. Superior Court,
  71 Cal. 2d 276 (1969) ............................................................................................................ 4

Centennial Life Insurance Co. v. Poston,
  88 F.3d 255 (4th Cir. 1996) ................................................................................................... 5

Dell, Inc. v. This Old Store,
  2007 WL 958609 *3 (S.D. Tex. 2007 .................................................................................... 3

Evancho v. Fisher,
  423 F.3d 347 (3rd Cir. 2005) ................................................................................................. 2

Exxon Shipping Co. v. Airport Depot Diner, Inc.,
  120 F.3d 166 (9th Cir. 1997) ................................................................................................. 4

First Nationwide Mortgage Corp. v. FISI Madison, LLC,
  219 F. Supp. 2d 669 (D. Md. 2002) ........................................................................... 1, 5, 6, 7, 8

International Harvester Co. v. Deere & Co.,
  623 F.2d 1207 (7th Cir. 1980) .............................................................................................. 4

Koch Engineering Co., Inc. v. Monsanto Co.,
  621 F. Supp. 1204 (E.D. Mo. 1985) ................................................................................... 5, 6

Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.,
  28 F.3d 572 (7th Cir. 1994) ................................................................................................... 7

Oce-Office Systems, Inc. v. Eastman Kodak Co.,
  828 F. Supp. 37 (N.D. Ill. 1993) ............................................................................................ 7

Pakideh v. Ahadi,
  99 F. Supp. 2d 805 (E.D. Mich. 2000) ................................................................................... 7

Papasan v. Allain,
  478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ...................................................... 3

Rowan Companies, Inc. v. Blanton,
  764 F. Supp. 1090 (E.D. La. 1991) ....................................................................................... 5

PRINTED ON RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

**TABLE OF AUTHORITIES**
**[Continued]**

Page(s)

Twin City Federal S&L Association v. Gelhar,
    525 F. Supp. 802 (D. Minn. 1981) .......................................................................... 5

Wilton v. Seven Falls Co.,
    515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) .............................................. 4

**STATUTES AND RULES**

28 U.S.C. § 2201(a) ................................................................................................. 4

Fed. R. Civ. P. 8(a)(2) .............................................................................................. 2

Fed. R. Civ.P. 12(b)(6) ............................................................................................. 2

Code of Civil Procedure § 425.10(a) ........................................................................... 4

**BOOKS**

Wright & Miller, Federal Practice & Procedure § 1203 at p.99 (3d ed. 2004) .............................. 2

PRINTED ON
RECYCLED PAPER
4982620v1
- iii -
MEMO P/A RE MTN TO DISMISS COMPLAINT
OR FOR STAY; Case No.3:07-CV-5540 PJH

I.

INTRODUCTION

Steve Shapiro ("Shapiro")[2] made a written representation that he was the sole owner of certain musical tracks. Based on that written representation, Jupiterimages Corporation ("Jupiterimages") purchased the tracks from Shapiro.

Shapiro's written representation was untrue. Shapiro was not the sole owner of certain tracks. Indeed, he had no ownership rights at all to such tracks.

After Jupiterimages purchased the tracks, it licensed them to others. Then, the real owners of the tracks started surfacing. They demanded compensation.

Jupiterimages informed Shapiro that he had to indemnify Jupiterimages, as required by the parties' Asset Purchase Agreement ("Agreement").

Shapiro filed a check-the-boxes Complaint containing one claim for declaratory relief. The Complaint seeks declaratory relief regarding Shapiro's indemnity obligation under the Agreement.[3]

The Complaint should be dismissed for two major independent reasons.

<u>First</u>, the Complaint provides no facts showing that Shapiro is entitled to relief. Shapiro asserts only that he had a contract with Jupiterimages and he is entitled to declaratory relief regarding a dispute about indemnity. Shapiro does <u>not</u> state the nature of the indemnity dispute. Shapiro does <u>not</u> state any facts regarding why he is entitled to prevail. Shapiro does <u>not</u> even state what declaration he is seeking. Accordingly, under the recent United States Supreme Court pleading case of <u>Bell Atlantic Corp. v. Twombly</u>, - U.S. -, 127 S.Ct. 1955, 1964-65, - L.Ed.2d - (2007), the Complaint fails to state a claim.

<u>Second</u>, the Complaint should be dismissed because it makes no sense to have two federal court lawsuits involving the same parties and Shapiro's declaratory relief Complaint in this

---

[2] Shapiro does business as Steve Shapiro Music.

[3] The Complaint was filed in state court and removed to this Court.

Court is an improper use of declaratory relief in three ways:

      (a)    It is improper to use declaratory relief to resolve a sliver of the dispute between the parties where there is another pending lawsuit that involves all of the disputed issues between the parties. Jupiterimages's Connecticut federal court Complaint against Shapiro deals with all of the disputed issues between the parties, viz., Jupiterimages's claims against Shapiro for fraud, negligent misrepresentation, innocent misrepresentation, breach of the indemnity provision in the Agreement, other breaches of contract, violation of the UCC, unfair trade practices and rescission.[4] See Request for Judicial Notice.

      (b)    It is improper for one party (Shapiro) to seek declaratory relief of no liability where there is a pending federal lawsuit against that party for coercive relief, i.e., damages, as a result of such liability.

      (c)    It is improper to use declaratory relief where such complaint was filed in anticipation of another lawsuit for damages and to obtain a more favorable forum.

## II.

## SHAPIRO'S COMPLAINT FOR DECLARATORY RELIEF SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

A cause of action can fail to state a "claim upon which relief can be granted" under Fed.R.Civ.P. 12(b)(6) if it fails to comply with the pleading requirements of Rule 8(a)(2). See, e.g., Evancho v. Fisher, 423 F.3d 347, 355 (3rd Cir. 2005); 5 Wright & Miller, Federal Practice & Procedure § 1203 at p.99 (3d ed. 2004) ("the form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6)").

The Federal Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2).

---

[4] Both cases were just filed. No discovery has occurred in either case. This is the first motion in either case.

1    The United States Supreme Court, in a landmark pleading case decided just a few
2    months ago, made clear that a plaintiff is obligated to provide "more than labels and conclusions,
3    and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.
4    Twombly, - U.S. -, 127 S.Ct. 1955, 1964-65, - L.Ed.2d - (2007); see generally Papasan v. Allain,
5    478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not
6    bound to accept as true a legal conclusion couched as a factual allegation").

7    "Factual allegations must be enough to raise a right to relief above the speculative
8    level." Twombly, 127 S.Ct. at 1965. "Rule 8(a)(2) still requires a showing, rather than a blanket
9    assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see
10   how a claimant could satisfy the requirement of providing not only fair notice of the nature of the
11   claim, but also grounds on which the claim rests." Id. at 1965 n. 3 (internal quotation marks
12   omitted).

13   When a Complaint contains inadequate factual allegations, "this basic deficiency
14   should ... be exposed at the point of minimum expenditure of time and money by the parties and the
15   court." Id. at 1966. "[A] district court must retain the power to insist upon some specificity in
16   pleading before allowing a potentially massive factual controversy to proceed." Id. at 1967.

17   Other courts have also granted Rule 12(b)(6) motions to dismiss complaints for
18   failure to plead any meaningful facts under the new Twombly standard. See Dell, Inc. v. This Old
19   Store, 2007 WL 1958609 *3 (S.D. Tex. 2007); Aktieselskabet AF 21 v. Fame Jeans, Inc., 2007 WL
20   1655877 *15 (D.D.C. 2007).

21   Shapiro's check-the-boxes Complaint for declaratory relief pleads no facts entitling
22   him to relief in his dispute with Jupiterimages. Shapiro asserts only that he had a contract with
23   Jupiterimages and he is entitled to declaratory relief regarding a dispute regarding indemnity.

24   Shapiro does not state the nature of the indemnity dispute. Shapiro does not state
25   any facts regarding why he is entitled to prevail. Shapiro does not even state what declaration he is
26   seeking.

27   Shapiro's Complaint is defective under the United States Supreme Court's Twombly
28

- 3 -    MEMO P/A RE MTN TO DISMISS COMPLAINT
         OR FOR STAY; Case No.3:07-CV-5540 PJH

1  decision.[5] It should be dismissed for failure to state a claim.

### III.

### SHAPIRO'S COMPLAINT FOR DECLARATORY RELIEF SHOULD BE DISMISSED (OR STAYED)

The Declaratory Judgment Act provides that "any court of the United States … *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).

The language is discretionary, not mandatory.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214 (1995).

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id., 515 U.S. at 288, 115 S.Ct. at 2143.

"A declaratory judgment should issue only when it will serve a useful purpose." International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1218 (7th Cir. 1980); Exxon Shipping Co. v. Airport Depot Diner, Inc., 120 F.3d 166, 169 (9th Cir. 1997) ("'it is an accepted principle that no declaration should be made, unless its serve a useful, practical purpose'").

There are three independent reasons why Shapiro's Complaint, containing one claim for declaratory relief, should be dismissed.

///

---

[5] It is deficient under California law as well. See Code of Civil Procedure § 425.10(a) ("A complaint … shall contain both of the following: (1) A statement of the facts constituting the cause of action, in ordinary and concise language. (2) A demand for judgment for the relief to which the pleader claims to be entitled."); Burke v. Superior Court, 71 Cal.2d 276, 279 n.4 (1969) (complaint must plead ultimate facts, not merely legal conclusions).

1. "Declaratory judgment actions should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy.'" First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 674 (D. Md. 2002).

The federal courts have dismissed declaratory relief complaints involving one discrete issue where the parties to that declaratory relief complaint were involved in another federal court case where many other damage claims between the parties were being litigated (even where the declaratory relief lawsuit was filed first). See, e.g., First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 674 (D. Md. 2002) (dismissed declaratory relief lawsuit); Koch Engineering Co., Inc. v. Monsanto Co., 621 F.Supp. 1204, 1207 (E.D. Mo. 1985) (dismissed declaratory relief lawsuit); Centennial Life Ins Co. v. Poston, 88 F.3d 255, 258 (4th Cir. 1996) (dismissed declaratory relief lawsuit); Rowan Companies, Inc. v. Blanton, 764 F.Supp. 1090, 1092 (E.D. La. 1991) ("The purpose of [a declaratory judgment] is not served by trying a case piecemeal."; dismissed declaratory relief lawsuit); Twin City Fed. S&L Ass'n v. Gelhar, 525 F.Supp. 802, 804 (D. Minn. 1981) ("Declaratory relief should be refused where it will not result in a more just and expeditious resolution of the entire controversy between the parties."; dismissed declaratory relief lawsuit).

Koch Engineering Co., Inc. v. Monsanto Co., 621 F.Supp. 1204 (E.D. Mo. 1985) is directly on point. In Koch, a supplier brought a declaratory judgment action in Missouri federal court to determine rights of the supplier and a purchaser under their contract. Shortly thereafter, the purchaser sued the supplier for damages on multiple claims in Texas federal court. The Missouri federal court granted the motion to dismiss the declaratory relief Complaint. It noted:

"[I]t is important to note that the two actions are not identical. [Plaintiff's] action in this [federal] Court seeks a declaration of the parties' rights under the contract. Monsanto's action, filed in the Southern District of Texas, seeks damages for breach of contract, breach of warranty, negligence and a violation of the Texas Deceptive Trade Practices Act. Had it not been for the Declaratory Judgment Act, [Plaintiff] could not have filed this or any other lawsuit. It is this use of the Act, to which this Court objects. [Plaintiff's] suit, while furthering none of the goals of the Declaratory Judgment Act, represents only a race to the courthouse. This type of

procedural fencing denies the injured party his right to choose the forum in which to seek redress." Koch., 621 F.Supp. at 1207.

"This Court must also consider which of the two actions will best serve the needs of the parties by providing a comprehensive solution to the entire controversy.… [I]t is quite obvious to this Court even at this early stage in the proceedings that Monsanto's suit in the Southern District of Texas will fully resolve the controversy between the parties.  By dismissing [Plaintiff's] petition for declaratory judgment, this Court avoids … the burden and expense on the courts and the parties associated with duplicate lawsuits." Id., 621 F.Supp. at 1208.

Similarly, in First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 674 (D. Md. 2002), a mortgage company brought a declaratory relief action against a financial marketing company in Maryland state court and, after removal, the marketing company filed its own breach of contract claim against mortgage company in Tennessee federal court.  The Maryland federal court dismissed the Complaint, containing one claim for declaratory relief, because a Tennessee federal court lawsuit involved all the disputes between the parties.

"The lawsuit … in … Tennessee provides a broader and more comprehensive forum for resolving the entire dispute between the parties.  For example, were this Court to grant the requested [declaratory] relief, this action would still fail to address [the other party's other damage] claim.…  In contrast, the litigation in Tennessee would encompass all issues, including the affirmative defense presented by [this declaratory claim] in this action.…  Accordingly, this Court finds that judicial economy would be best served by dismissing this action and permitting the parties to proceed in the Tennessee case." First Nationwide, 219 F.Supp.2d at 674.

The situation is the same here.  Shapiro's Complaint in California federal court for declaratory relief on one issue relating to his contractual indemnity obligation involves a sliver of his dispute with Jupiterimages.  In contrast, Jupiterimages's Complaint in Connecticut federal court for damages and other equitable relief relating to Shapiro's fraud, negligent misrepresentation, innocent misrepresentation, numerous breaches of contract (including breach of the contractual indemnity obligation), violation of the UCC, unfair trade practices and rescission involves all the disputes between the parties.

        2.      Where "a putative defendant files a declaratory action whose only purpose is to defeat liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum -- a guarantee that cannot be given consonant with the policy underlying the Declaratory Judgment Act." AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004) (abuse of discretion for the district court to have entertained the declaratory relief lawsuit where a coercive lawsuit involving the same issue was pending); Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577 (7th Cir. 1994) ("[A] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way."); Pakideh v. Ahadi, 99 F. Supp. 2d 805, 807-09 (E.D. Mich. 2000) (dismissing anticipatory breach of contract declaratory judgment action in favor of coercive action pending in other federal district court after removal); Oce-Office Systems, Inc. v. Eastman Kodak Co., 828 F.Supp. 37, 39 (N.D. Ill. 1993) (declaratory judgment actions should be dismissed where there is another lawsuit seeking coercive relief -- damages -- involving the same issue).

        Shapiro's Complaint in this Court seeks only declaratory relief regarding his liability for his indemnity obligation under the Agreement. Jupiterimages's Complaint in Connecticut federal court seeks damages for Shapiro's breach of his indemnity obligation under the Agreement (and other relief). Accordingly, this declaratory relief Complaint should be dismissed.

        3.      Declaratory judgment actions "are disfavored … when they are filed in anticipation of another lawsuit, in order to obtain a more favorable forum or procedural posture." First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 673 (D. Md. 2002); AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004) ("Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum. Allowing declaratory actions in these situations can deter settlement negotiations and encourage races to the courthouse, as potential plaintiffs must file before approaching defendants for settlement negotiations, under pain of a declaratory suit."; held, abuse of discretion for the district court to have entertained the declaratory relief lawsuit).

As noted above, in First Nationwide, a mortgage company brought a declaratory relief action against a financial marketing company in Maryland state court before the marketing company filed its own breach of contract claim against mortgage company in Tennessee federal court. The Maryland federal court dismissed the Complaint, containing one claim for declaratory relief, because it was filed in anticipation of another lawsuit or to obtain a more favorable forum or procedural posture.

Here, Shapiro filed a check-the-boxes Complaint, containing one claim for declaratory relief, in California in a stated attempt to avoid being sued by Jupiterimages in Connecticut federal court for damages and other appropriate equitable relief. In fact, shortly after Shapiro filed this Complaint, Jupiterimages sued Shapiro in Connecticut federal court for such relief. See Request for Judicial Notice.

There is no reason that a California court should retain this case. Shapiro seeks a declaratory judgment regarding his indemnity obligation under the Agreement. The Agreement provides that it is governed by New York (not California) law.

Finally, it is irrelevant that Shapiro sued Jupiterimages in California and Jupiterimages used Shapiro in Connecticut. "'From society's point of view it is essentially irrelevant which one [of the parties] bears the expense and inconvenience of litigating in a distant forum-someone must'." Budget Rent A Car Corp. v. Miljack, Inc., 760 F. Supp. 135, 136 (D. Ill. 1991).

IV.

CONCLUSION

Jupiterimages's motion to dismiss Shapiro's Complaint in this Court should be granted.

First, Shapiro's check-the-boxes Complaint for a declaratory judgment fails to plead any facts showing that Shapiro is entitled to relief. It is deficient under the new United States Supreme Court Twombly case.

Second, this Court should exercise its discretion and dismiss Shapiro's declaratory

1 relief Complaint for three independent reasons. Declaratory relief is inappropriate because

2 (a) Shapiro's Complaint will not resolve all of the disputes between the parties; (b) Jupiterimages

3 has sued Shapiro for coercive relief in Connecticut federal court; and (c) Shapiro's Complaint was

4 filed in a stated attempt to obtain a more favorable forum. In the alternative, the Court should stay

5 Shapiro's Complaint in this Court.

6 DATED: November 6, 2007                JEFFER, MANGELS, BUTLER & MARMARO LLP
                                         JEFFREY K. RIFFER

8                                        By: */S/ JEFREY K. RIFFE*
                                              JEFFREY K. RIFFER
9                                         Attorneys for Defendant JUPITERIMAGES CORP.