1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

12  STEVE SHAPIRO and STEVE SHAPIRO        CASE NO.    3:07-CV-5540  PJH
    MUSIC,
13                                          [PROPOSED] ORDER GRANTING
              Plaintiffs,                   DEFENDANT JUPITERIMAGES
14                                          CORPORATION'S MOTION TO DISMISS
         v.                                 THE COMPLAINT
15
    JUPITERIMAGES CORPORATION,             Date:    December 12, 2007
16                                          Time:    9:00 a.m.
              Defendant.                    Place:   Courtroom 3
17

18

19

20

21          Defendant Jupiterimages Corporation ("Jupiterimages" or "Defendant") has filed a

22  motion to dismiss Plaintiff Steve Shapiro's[1] ("Shapiro") Complaint.  The Court hereby grants such

23  motion for the following reasons.

24          Shapiro filed a Complaint in state court seeking declaratory relief.  Shapiro merely

25  checked certain boxes on a form complaint.  The Complaint provides no facts showing that Shapiro

26  is entitled to relief.  Shapiro asserts only that he had a contract with Jupiterimages and he is entitled

27  _____

28          [1] Steve Shapiro does business as Steve Shapiro Music.

1   to declaratory relief regarding a dispute regarding indemnity. Shapiro does <u>not</u> state the nature of

2   the indemnity dispute. Shapiro does <u>not</u> state any facts regarding why he is entitled to prevail.

3   Shapiro does <u>not</u> even state what declaration he is seeking. Accordingly, under the recent United

4   States Supreme Court pleading case of <u>Bell Atlantic Corp. v. Twombly</u>, - U.S. -, 127 S.Ct. 1955,

5   1964-65, - L.Ed.2d - (2007), the Complaint fails to state a claim.

6          It is a waste of judicial resources to have two federal court lawsuits between the

7   same parties involving the same dispute. Shapiro's Complaint in this Court, containing one claim

8   declaratory relief, deals solely with Shapiro's contractual obligation in the Asset Purchase

9   Agreement ("Agreement") to indemnify Jupiterimages. In contrast, Jupiterimages's Connecticut

10  federal court Complaint against Shapiro deals with that issue as well as all other issues in dispute

11  between the parties, <u>e.g.</u>, claims for fraud, negligent misrepresentation, innocent misrepresentation,

12  multiple breaches of contract, violation of the UCC, unfair trade practices and rescission.

13          Declaratory relief is discretionary. Shapiro's Complaint for declaratory relief in this

14  Court is inappropriate for three independent reasons.

15          First, the declaratory relief Complaint will not resolve all the disputes between the

16  parties and it is improper to use declaratory relief to decide only a sliver of the controversy between

17  the parties; in contrast, the Connecticut federal court lawsuit will provide complete relief between

18  the same parties. Second, the declaratory relief Complaint seeks to defeat liability in a subsequent

19  suit for coercive relief, <u>i.e.</u>, damages, and this is an improper use of declaratory relief. Third, the

20  declaratory relief Complaint was filed in anticipation of the Connecticut lawsuit, in order to obtain

21  a more favorable forum or procedural posture and this is also an improper use of declaratory relief.

22  Accordingly, Shapiro's declaratory relief Complaint should be dismissed.

23          IT IS HEREBY ORDERED that Defendant's motion to dismiss the Complaint is

24  GRANTED.

25

26  Date: December _____ 2007

    _____

27          HON. PHYLLIS J. HAMILTON

28

JMBM | Jeffer Mangels | Butler & Marmaro LLP