1  Steven B. Stein, Esq. [SBN 52829]
2  **LAW OFFICE OF STEVEN B. STEIN**
   44 Montgomery Street, 36th Floor
3  San Francisco, CA 94104
   Tel.: (415) 646-7171
4  Fax: (415) 981-1095

5  Attorneys for Plaintiffs, STEVE SHAPIRO
6  and STEVE SHAPIRO MUSIC

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 STEVE SHAPIRO and STEVE SHAPIRO      ) Case No. 3:07-CV-5540 PJH
   MUSIC,                                )
12                                        )
                                          ) **FIRST AMENDED COMPLAINT FOR**
13         Plaintiffs,                    ) **DECLARATORY RELIEF**
                                          )
14 vs.                                    ) **(JURY TRIAL DEMANDED)**
                                          )
15 JUPITERIMAGES CORPORATION,             )
                                          )
16         Defendant.                     )
                                          )
17                                        )

18                          **INTRODUCTION**

19    1.   This action for declaratory relief arises out of a contract entered into by Steve Shapiro
20 and Jupiterimages Corporation. This First Amended Complaint is filed pursuant to FRCP 15, *Crum*
21 *vs. Circus Circus Enterprises* (9th Cir. 2000) 231 F3rd 1129, 1130, fn. 3 (FRCP 12 motion) and
22 *Thomas v. Home Depot, Inc.*, 2007 U.S. Dist. LEXIS 55515 (N.D. Cal. 2007); Rule 7(a).

23

24                     **JURISDICTION AND VENUE**

25    2.   This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. §
26 2201 (Declaratory Judgment Act). Plaintiffs are informed, believe and thereon allege that Defendants
27 contacts with this district generally, and in particular with the events herein alleged, that the Defendant
28 is subject to the exercise of jurisdiction of this court over its person. The Court has the authority to

grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201 et seq. 28 U.S.C. §§ 2201 and 2202; and by Rules 57 and 65 of Federal Rules of Civil Procedure.

Venue is proper pursuant to 28 U.S.C. §1391(b) because the subject contract was entered into in this district and the events giving rise to the claims herein occurred in this district.

## PARTIES

3. Jupiterimages Corporation is a corporation organized under the laws of the State of Arizona, and maintains an office in Connecticut. Plaintiffs are informed and believe that its principal place of doing business is in Atlanta, Georgia. Steve Shapiro is an individual, the sole owner of Steve Shapiro Music, and he resides in Oakland, California.

## FACTUAL ALLEGATIONS

4. On or about April 16, 2006, plaintiff, Steve Shapiro Music (hereinafter "Shapiro") entered into a written contract with Jupiterimages Corporation (hereinafter "Jupiter") for the sale of 2,200 music tracks (the "tracks") as well as certain other assets of Steve Shapiro Music. The written contract provided, inter alia, for certain warrantees regarding the ownership and prospective licensing of the tracks to third parties. It was later determined that for approximately 390 tracks of the 2200, the warrantee terms were not met. Shapiro immediately refunded the monetary consideration he received for said problem tracks.

5. The written contract also provided that if the warrantees were not met, and if Jupiter suffered losses to third parties as a direct result, Shapiro would hold indemnify, defend, and hold Jupiter harmless for any losses that resulted from its payments or obligations to pay third parties. However, the indemnity clause of the contract did not cover certain losses that were indirect to Jupiter, such as its indirect expenses or in house attorney fees. Separate and apart from the indemnity clause of the contract, consequential damages of Jupiter, if any, were explicitly excluded from indemnity except if the failure to meet the warrantee terms was willful.

6. From the time that it became known that certain of the tracks did not meet the warrantee terms, Shapiro has indemnified Jupiter (or has offered to do so) for all such third party losses except as to those which are claimed by Jupiter and understood by Shapiro to be outside the terms of the

indemnity agreement. Shapiro explicitly has denied that his failure to meet the warrantee terms was willful.

7. Prior to the filing of the Declaratory Relief action in the San Francisco Superior Court (which was removed to this Court) the process of indemnification as to those losses Shapiro has always agreed should be reimbursed included extensive communications between himself and Jupiter (as well as affected third parties) so as to achieve an indemnification process (hereinafter the "indemnification process"), and amounts, that were fair and reasonable to all concerned. Said process was highly successful. Said indemnification process thereby formed a term of the contract which is consistent with the obligation of good faith and fair dealing which is part of any executory agreement. Immediately following the filing of the Declaratory Relief action, Jupiter ceased to cooperate, communicate and share information with Shapiro so as achieve an indemnification process and amounts that was fair and reasonable to all concerned.

8. Shortly prior to the filing of the Declaration Relief action in the San Francisco Superior Court, Jupiter demanded of Shapiro that he accept rescission of the entire contract for all tracks, including those which met the terms of the warrantees on the ground, inter alia, that his inclusion of the tracks which did not meet the warrantee terms was willful. Shapiro denied his actions were willful, or that any other grounds existed in equity to support rescission, and that he has met and will continue to meet all his legal and contractual obligations under his agreement with the Jupiter.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

9. A true and correct copy of the written contract between the parties (except for exhibit A to the contract which is a detailed list of the names of the 2200 tracks that were sold) is attached to the amended complaint.

10. Plaintiff seeks a declaration from this Court as to the following specific issues:

   a. That paragraph 5.1 "Sellers agree to fully defend, indemnify and JUPITERIMAGES and its parent, subsidiaries, officers, directors, employees and affiliates harmless from, and against, any and all costs, damages, expenses, liabilities, and other claims, including attorneys' fees and court

costs, that are in any way connected to Sellers' breach of any term of this agreement", does not include its indirect expenses for in-house attorney fees;

b. That no consequential damages, if any, of Jupiter are owed by Shapiro based on paragraph 6.1 "Limitation of Liability. EXCEPT FOR FRAUD OR WILLFUL MISCONDUCT BY A PARTY, IN NO EVENT, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, WILL EITHER PARTY BE LIABLE TO THE OTHER PARTY FOR ANY INCIDENTAL, CONSEQUENTIAL, INDIRECT, OR SPECIAL DAMAGES RELATING TO THE IMAGES, INCLUDING, WITHOUT LIMITATION, ANY BUSINESS INTERRUPTION, LOSS OF GOODWILL, LOST PROFITS OR LOST SAVINGS" [emphasis in original contract], because Shapiro's actions were not willful or fraudulent;

c. That the extensive communications between himself and Jupiter (as well as affected third parties) so as to achieve an indemnification process (hereinafter the "indemnification process"), and amounts, that were fair and reasonable to all concerned formed a term of the contract which is consistent with the obligation of good faith and fair dealing which is part of any executory agreement, and should be continued;

d. That grounds do not exist under the applicable equitable principals for the contract between the parties to be rescinded.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Steve Shapiro and Steve Shapiro Music accordingly requests that the Court:

1. Enter judgment according to the declaratory relief sought as to the Defendant;
2. Award Plaintiff its costs in this action;
3. Award Plaintiff its attorney s fees in this action, and
4. Enter such other further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
Case No. 3:07-CV-5540 PJH

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Plaintiffs hereby demand a jury trial on all issues so triable, including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: November 19, 2007

Respectfully submitted,

By: _____
Steven B. Stein
Law Office of Steven B. Stein
Attorneys for Plaintiffs,
Steven Shapiro and Steve Shapiro Music

## PROOF OF SERVICE

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on this date I served a true copy of the document(s) entitled:

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF (JURY TRIAL DEMANDED)

Service was effectuated by forwarding the above-noted document in the following manner:

**By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of Levin Simes Kaiser & Gornick.

**By Hand Delivery** in a sealed envelope, addressed as noted above, through services provided by the office of Levin Simes Kaiser & Gornick.

**By Facsimile** to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of Levin Simes Kaiser & Gornick.

**By Overnight Courier** in a sealed envelope, addressed as noted above, through services provided by (Federal Express, UPS,) and billed to Levin Simes Kaiser & Gornick.

[X] By Electronic Service by transmission through ECF (Electronic Case File Internet Site).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2007 at San Francisco, California.

*/s/ Athena Stavrakaras*
Athena Stavrakaras