JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (JRiffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:   310-203-8080
Facsimile:   310-203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>           Plaintiffs,<br><br>      v.<br><br>JUPITERIMAGES CORPORATION,<br><br>           Defendant. | CASE NO.   3:07-CV-5540  PJH<br><br>JUPITERIMAGES CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:    January 9, 2008<br>Time:   9:00 a.m.<br>Place:   Courtroom 3 |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE THAT on January 9, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Hon. Phyllis J. Hamilton, United States District Court Judge, defendant Jupiterimages Corporation will and hereby does move this Court for an order dismissing Plaintiff Steve Shapiro's[1] ("Shapiro") First Amended Complaint ("FAC") for declaratory relief or, in the alternative, to stay this action.

This Court should exercise its discretion to dismiss the declaratory relief claim in the FAC in light of Jupiterimages' Connecticut federal court Complaint against Shapiro. The FAC in this Court, containing one claim for declaratory relief, deals solely with some (but not even all) of Shapiro's purported defenses to Jupiterimages' Connecticut federal court Complaint against Shapiro. Jupiterimages' Connecticut Complaint addresses all the issues in dispute between the parties, e.g., claims for fraud, negligent misrepresentation, innocent misrepresentation, breach of contract (including breach of the Asset Purchase Agreement), violation of the UCC, unfair trade practices and rescission.

Declaratory relief is inappropriate because: (a) the declaratory relief claim in the FAC will not resolve all the disputes between the parties and there is another lawsuit in another Court that will provide complete relief between the same parties; (b) the declaratory relief claim in the FAC seeks to defeat some (but not even all) liability in another lawsuit for coercive relief, i.e., damages, which is an improper use of declaratory relief; and (c) the declaratory relief claim in the FAC was filed in a stated attempt to obtain a more favorable forum or procedural posture for Jupiterimages' lawsuit against Shapiro, which is also an improper use of declaratory relief. In the alternative, this Court should stay this action until the Connecticut federal court lawsuit between the parties has been resolved.

This Motion is made, and based, upon this Notice of Motion and Motion, the

---

[1] Steve Shapiro does business as Steve Shapiro Music.

- 1 -   NTC OF MTN/MTN TO DISMISS 1ST AMENDED COMPLAINT OR STAY; MEMO P/As; Case No.3:07-CV-5540 PJH

1  Memorandum of Points and Authorities attached hereto, the Request for Judicial Notice, all matters
2  and facts upon which the Court can take judicial notice, and upon such additional oral or written
3  evidence as may be properly presented to this Court at or prior to the hearing of the Motion.

4  DATED:  November 21, 2007          JEFFER, MANGELS, BUTLER & MARMARO LLP
                                       JEFFREY K. RIFFER

6                                      By: /S/ JEFREY K. RIFFER
                                          JEFFREY K. RIFFER
7                                         Attorneys for Defendant JUPITERIMAGES CORP.

JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (JRiffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:   310-203-8080
Facsimile:    310-203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>JUPITERIMAGES CORPORATION,<br><br>Defendant. | CASE NO.   3:07-CV-5540 PJH<br><br>JUPITERIMAGES CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT OR THE ALTERNATIVE, FOR A STAY<br><br>Date:   January 9, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 3 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. SHAPIRO'S COMPLAINT FOR DECLARATORY RELIEF SHOULD BE
DISMISSED (OR STAYED) ...................................................................................... 3

    A. The Two Lawsuits ........................................................................................ 3

    B. Declaratory Relief Is Inappropriate Here ..................................................... 3

III. CONCLUSION.......................................................................................................... 8

**CASES**

AmSouth Bank v. Dale,
    386 F.3d 763 (6th Cir. 2004) ................................................................................ 6, 7

Budget Rent A Car Corp. v. Miljack, Inc.,
    760 F. Supp. 135 (D. Ill. 1991) .................................................................................. 8

Centennial Life Insurance Co. v. Poston,
    88 F.3d 255 (4th Cir. 1996) ....................................................................................... 4

Exxon Shipping Co. v. Airport Depot Diner, Inc.,
    120 F.3d 166 (9th Cir. 1997) ..................................................................................... 4

First Nationwide Mortgage Corp. v. FISI Madison, LLC,
    219 F. Supp. 2d 669 (D. Md. 2002) ............................................................... 4, 5, 6, 7

International Harvester Co. v. Deere & Co.,
    623 F.2d 1207 (7th Cir. 1980) ................................................................................... 4

Koch Engineering Co., Inc. v. Monsanto Co.,
    621 F. Supp. 1204 (E.D. Mo. 1985) ....................................................................... 4, 5

Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.,
    28 F.3d 572 (7th Cir. 1994) ....................................................................................... 6

Oce-Office Systems, Inc. v. Eastman Kodak Co.,
    828 F. Supp. 37 (N.D. Ill. 1993) ................................................................................ 6

Pakideh v. Ahadi,
    99 F. Supp. 2d 805 (E.D. Mich. 2000) ...................................................................... 6

Rowan Companies, Inc. v. Blanton,
    764 F. Supp. 1090 (E.D. La. 1991) ............................................................................ 4

Twin City Federal S&L Association v. Gelhar,
    525 F. Supp. 802 (D. Minn. 1981) ............................................................................. 4

Wilton v. Seven Falls Co.,
    515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) ......................................... 4

**STATUTES**

28 U.S.C. § 2201(a) ............................................................................................................ 3

# I.

# INTRODUCTION

Steve Shapiro ("Shapiro")[2] made a written representation that he was the sole owner of certain musical tracks. Based on that written representation, Jupiterimages Corporation ("Jupiterimages") purchased the tracks from Shapiro.

Shapiro's written representation was untrue. Shapiro was not the sole owner of certain tracks. Indeed, he had no ownership rights at all to such tracks.

After Jupiterimages purchased the tracks, it licensed them to others. Then, the real owners of the tracks started surfacing. They demanded compensation.

Jupiterimages informed Shapiro that he had to indemnify Jupiterimages, as required by the parties' Asset Purchase Agreement ("Agreement"). Shapiro did not meet his indemnity obligations. Shapiro has not even paid Jupiterimages what Shapiro has admitted he owes.

Just ahead of Jupiterimages' lawsuit against Shapiro in Connecticut federal court, Shapiro filed a check-the-boxes Complaint in state court in California containing one claim for declaratory relief. (The Complaint was removed to this Court.) Shapiro's Complaint was drafted incorrectly -- it provided no facts and did not even state what declaration Shapiro was seeking -- and declaratory relief was improper in any event.

Jupiterimages filed a motion to dismiss Shapiro's Complaint. The motion cited several cases, directly on point, holding that declaratory relief was improper here in light of Jupiterimages' Connecticut lawsuit against Shapiro for damages and other appropriate relief.

Instead of dismissing the Complaint, Shapiro persisted in his wrongful conduct. Now he filed a First Amended Complaint ("FAC"). The FAC, again containing one claim for declaratory relief, is just as improper as the initial Complaint.

Now that Shapiro has had the benefit of reviewing the Connecticut Complaint against him, he filed a FAC asking for a declaration that some -- but not even all -- of his purported

---

[2] Shapiro does business as Steve Shapiro Music.

- 1 -   MEMO P/A RE MTN TO DISMISS FAC OR FOR STAY; Case No.3:07-CV-5540 PJH

1  defenses to that lawsuit are valid.

2  The FAC should be dismissed for reasons of judicial economy -- it makes no sense to
3  have two federal court lawsuits involving the same parties litigating over the same dispute -- as well
4  as for improper use of declaratory relief. Specifically, Shapiro's declaratory relief FAC in this Court
5  is an improper use of declaratory relief in three ways:

6  (a)  It is improper to use declaratory relief to resolve a sliver of the dispute
7  between the parties where there is another pending lawsuit that involves all of the disputed issues
8  between the parties. Jupiterimages' Connecticut federal court Complaint against Shapiro deals with
9  all of the disputed issues between the parties, viz., Jupiterimages' claims against Shapiro for fraud,
10 negligent misrepresentation, innocent misrepresentation, breach of the indemnity provision in the
11 Agreement, other breaches of contract, violation of the UCC, unfair trade practices and rescission.[3]
12 See Request for Judicial Notice. In contrast, Shapiro's declaratory relief claim in the FAC asks for a
13 declaration as to some -- but not even all -- of his purported defenses to the claims against him in
14 the Connecticut lawsuit.

15 (b)  It is improper for one party (Shapiro) to seek declaratory relief in a California
16 federal court for some (but not even all) of his purported defenses to coercive claims (i.e., damages)
17 asserted against him in another federal court.

18 (c)  It is improper for one party (Shapiro) to seek declaratory relief where such
19 complaint was filed to obtain a more favorable forum in anticipation of another lawsuit against that
20 party for damages. It is even more improper where that party (Shapiro) files a FAC for declaratory
21 relief regarding the validity of some (but not even all) of his purported defenses to another lawsuit
22 against him in another forum after that other lawsuit has already been filed.

23 ///
24 ///
25 ///
26 ///

---

[3] Both cases were just filed. No discovery has occurred in either case. This is the first motion in either case.

## II.

## SHAPIRO'S COMPLAINT FOR DECLARATORY RELIEF SHOULD BE DISMISSED (OR STAYED)

### A. The Two Lawsuits

Jupiterimages' Connecticut federal court Complaint against Shapiro deals with all of the disputed issues between the parties, viz., Jupiterimages' claims against Shapiro for fraud, negligent misrepresentation, innocent misrepresentation, numerous breaches of contract (including breach of the contractual indemnity obligation), violation of the UCC, unfair trade practices and rescission. See Request for Judicial Notice.

In contrast, Shapiro's FAC contains just one claim, for declaratory relief. Specifically, he asks for a declaration that:

(a) Shapiro does not have to indemnify Jupiterimages under the Agreement for "indirect expenses for in-house attorney fees";

(b) the limitation of liability in Paragraph 6.1 of the Agreement is valid and applicable here;

(c) the "indemnification process" became part of the Agreement; and

(d) the Agreement should not be rescinded.

See FAC ¶ 10.

These are purported defenses to some -- but not all -- of Jupiterimages' claims against Shapiro in Connecticut federal court for fraud, negligent misrepresentation, innocent misrepresentation, numerous breaches of contract (including breach of the contractual indemnity obligation), violation of the UCC, unfair trade practices and rescission. See Request for Judicial Notice.

### B. Declaratory Relief Is Inappropriate Here

The Declaratory Judgment Act provides that "any court of the United States … *may* declare the rights and other legal relations of any interested party seeking such declaration." 28

- 3 -

1  U.S.C. § 2201(a) (emphasis added).

2  The language is discretionary, not mandatory.

3  "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214 (1995).

7  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id., 515 U.S. at 288, 115 S.Ct. at 2143.

10  "A declaratory judgment should issue only when it will serve a useful purpose." International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1218 (7th Cir. 1980); Exxon Shipping Co. v. Airport Depot Diner, Inc., 120 F.3d 166, 169 (9th Cir. 1997) ("'it is an accepted principle that no declaration should be made, unless it serves a useful, practical purpose'").

14  There are three independent reasons why Shapiro's Complaint, containing one claim for declaratory relief, should be dismissed.

16  1.  "Declaratory judgment actions should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy.'" First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 674 (D. Md. 2002).

19  The federal courts have dismissed declaratory relief complaints where the parties to that declaratory relief complaint were involved in another federal court case where many other damage claims between the parties were being litigated (even where the declaratory relief lawsuit was filed first). See, e.g., First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 674 (D. Md. 2002) (dismissed declaratory relief lawsuit); Koch Engineering Co., Inc. v. Monsanto Co., 621 F.Supp. 1204, 1207 (E.D. Mo. 1985) (dismissed declaratory relief lawsuit); Centennial Life Ins Co. v. Poston, 88 F.3d 255, 258 (4th Cir. 1996) (dismissed declaratory relief lawsuit); Rowan Companies, Inc. v. Blanton, 764 F.Supp. 1090, 1092 (E.D. La. 1991) ("The purpose of [a declaratory judgment] is not served by trying a case piecemeal."; dismissed declaratory relief lawsuit); Twin City Fed. S&L Ass'n v. Gelhar, 525 F.Supp. 802, 804 (D. Minn.

1  1981) ("Declaratory relief should be refused where it will not result in a more just and expeditious

2  resolution of the entire controversy between the parties."; dismissed declaratory relief lawsuit).

3  Koch Engineering Co., Inc. v. Monsanto Co., 621 F.Supp. 1204 (E.D. Mo.

4  1985) is directly on point.  In Koch, a supplier brought a declaratory judgment action in Missouri

5  federal court to determine rights of the supplier and a purchaser under their contract.  Shortly

6  thereafter, the purchaser sued the supplier for damages on multiple claims in Texas federal court.

7  The Missouri federal court granted the motion to dismiss the declaratory relief Complaint.  It noted:

8  "[I]t is important to note that the two actions are not identical.  [Plaintiff's]

9  action in this [federal] Court seeks a declaration of the parties' rights under the contract.

10  Monsanto's action, filed in the Southern District of Texas, seeks damages for breach of contract,

11  breach of warranty, negligence and a violation of the Texas Deceptive Trade Practices Act.  Had it

12  not been for the Declaratory Judgment Act, [Plaintiff] could not have filed this or any other lawsuit.

13  It is this use of the Act, to which this Court objects.  [Plaintiff's] suit, while furthering none of the

14  goals of the Declaratory Judgment Act, represents only a race to the courthouse.  This type of

15  procedural fencing denies the injured party his right to choose the forum in which to seek redress."

16  Koch., 621 F.Supp. at 1207.

17  "This Court must also consider which of the two actions will best serve the

18  needs of the parties by providing a comprehensive solution to the entire controversy…. [I]t is quite

19  obvious to this Court even at this early stage in the proceedings that Monsanto's suit in the Southern

20  District of Texas will fully resolve the controversy between the parties.  By dismissing [Plaintiff's]

21  petition for declaratory judgment, this Court avoids … the burden and expense on the courts and the

22  parties associated with duplicate lawsuits." Id., 621 F.Supp. at 1208.

23  Similarly, in First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219

24  F.Supp.2d 669, 674 (D. Md. 2002), a mortgage company brought a declaratory relief action against

25  a financial marketing company in Maryland state court and, after removal, the marketing company

26  filed its own breach of contract claim against mortgage company in Tennessee federal court.  The

27  Maryland federal court dismissed the Complaint, containing one claim for declaratory relief,

28  because a Tennessee federal court lawsuit involved all the disputes between the parties.

PRINTED ON
RECYCLED PAPER

5026011v1

- 5 -

MEMO P/A RE MTN TO DISMISS FAC OR FOR STAY; Case No.3:07-CV-5540 PJH

"The lawsuit … in … Tennessee provides a broader and more comprehensive forum for resolving the entire dispute between the parties. For example, were this Court to grant the requested [declaratory] relief, this action would still fail to address [the other party's other damage] claim…. In contrast, the litigation in Tennessee would encompass all issues, including the affirmative defense presented by [this declaratory claim] in this action…. Accordingly, this Court finds that judicial economy would be best served by dismissing this action and permitting the parties to proceed in the Tennessee case." First Nationwide, 219 F.Supp.2d at 674.

The situation is the same here. Shapiro's FAC in California federal court for declaratory relief relating to some of his purported defenses to Jupiterimages' claims against him in Connecticut federal court involves only a sliver of Jupiterimages' dispute with him. In contrast, Jupiterimages' Complaint in Connecticut federal court for damages and other equitable relief relating to Shapiro's fraud, negligent misrepresentation, innocent misrepresentation, numerous breaches of contract (including breach of the contractual indemnity obligation), violation of the UCC, unfair trade practices and rescission involves all the disputes between the parties.

2.  Where "a putative defendant files a declaratory action whose only purpose is to defeat liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum -- a guarantee that cannot be given consonant with the policy underlying the Declaratory Judgment Act." AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004) (abuse of discretion for the district court to have entertained the declaratory relief lawsuit where a coercive lawsuit involving the same issue was pending); Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577 (7th Cir. 1994) ("[A] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way."); Pakideh v. Ahadi, 99 F. Supp. 2d 805, 807-09 (E.D. Mich. 2000) (dismissing anticipatory breach of contract declaratory judgment action in favor of coercive action pending in other federal district court after removal); Oce-Office Systems, Inc. v. Eastman Kodak Co., 828 F.Supp. 37, 39 (N.D. Ill. 1993) (declaratory judgment actions should be dismissed where there is another lawsuit seeking coercive relief -- damages -- involving the same issue).

1  Shapiro's FAC in this Court seeks only declaratory relief regarding some --
2  but not all -- of Shapiro's purported defenses to Jupiterimages' claims against him in Connecticut
3  federal court.  In contrast, Jupiterimages' Complaint in Connecticut federal court for damages and
4  other equitable relief relating to Shapiro's fraud, negligent misrepresentation, innocent
5  misrepresentation, numerous breaches of contract (including breach of the contractual indemnity
6  obligation), violation of the UCC, unfair trade practices and rescission involves all the disputes
7  between the parties.  Accordingly, this declaratory relief FAC should be dismissed.

8  3.  Declaratory judgment actions "are disfavored … when they are filed
9  in anticipation of another lawsuit, in order to obtain a more favorable forum or procedural posture."
10 First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 673 (D. Md. 2002);
11 AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004) ("Courts take a dim view of declaratory
12 plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff'
13 and who seem to have done so for the purpose of acquiring a favorable forum.  Allowing declaratory
14 actions in these situations can deter settlement negotiations and encourage races to the courthouse, as
15 potential plaintiffs must file before approaching defendants for settlement negotiations, under pain of
16 a declaratory suit."; abuse of discretion for the district court to have entertained the declaratory relief
17 lawsuit).

18 As noted above, in First Nationwide, a mortgage company brought a
19 declaratory relief action against a financial marketing company in Maryland state court before the
20 marketing company filed its own breach of contract claim against mortgage company in Tennessee
21 federal court.  The Maryland federal court dismissed the Complaint, containing one claim for
22 declaratory relief, because it was filed in anticipation of another lawsuit or to obtain a more
23 favorable forum or procedural posture.

24 Here, Shapiro initially filed a check-the-boxes Complaint, containing one
25 claim for declaratory relief, in California in a stated attempt to avoid being sued by Jupiterimages in
26 Connecticut federal court for damages and other appropriate equitable relief.  In fact, shortly after
27 Shapiro filed his Complaint, Jupiterimages sued Shapiro in Connecticut federal court for such relief.
28 See Request for Judicial Notice.  After Jupiterimages sued Shapiro in Connecticut federal court,

1  Shapiro filed his FAC.

2  There is no reason that a California court should spend its time trying this
3  case.  Shapiro seeks a declaratory judgment regarding some, but not all, of his purported defenses to
4  Jupiterimages' claims against him in Connecticut federal court.  It makes no sense to litigate in
5  California <u>some</u> of the purported defenses to a lawsuit filed in Connecticut; <u>all</u> of Shapiro's
6  purported defenses to the Connecticut lawsuit should be tried in a Connecticut court.  Further, the
7  Agreement provides that it is governed by New York (not California) law.

8  Finally, it is irrelevant that Shapiro sued Jupiterimages in California and
9  Jupiterimages used Shapiro in Connecticut.  "'From society's point of view it is essentially irrelevant
10  which one [of the parties] bears the expense and inconvenience of litigating in a distant forum-
11  someone must'."  <u>Budget Rent A Car Corp. v. Miljack, Inc.</u>, 760 F. Supp. 135, 136 (D. Ill. 1991).

### III.

### CONCLUSION

Jupiterimages' motion to dismiss Shapiro's FAC in this Court should be granted.  It makes no sense to have two federal court lawsuits involving the same parties litigating over the same dispute.  This Court should exercise its discretion and dismiss Shapiro's declaratory relief FAC for three independent reasons.  Declaratory relief is inappropriate because (a) Shapiro's FAC will not resolve all of the disputes between the parties; (b) Jupiterimages has sued Shapiro for coercive relief in Connecticut federal court; and (c) Shapiro's California lawsuit was filed in a stated attempt to obtain a more favorable forum (and the FAC was filed after Jupiterimages filed its Connecticut federal court Complaint against Shapiro).  In the alternative, the Court should stay the proceedings in this Court.

DATED: November 21, 2007        JEFFER, MANGELS, BUTLER & MARMARO LLP
                                JEFFREY K. RIFFER

                                By: */S/ JEFREY K. RIFFER*
                                    JEFFREY K. RIFFER
                                Attorneys for Defendant JUPITERIMAGES CORP.