Steven B. Stein, Esq. [SBN 52829]
**LAW OFFICE OF STEVEN B. STEIN**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel.: (415) 646-7171
Fax: (415) 981-1095

Attorneys for Plaintiffs, STEVE SHAPIRO
and STEVE SHAPIRO MUSIC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC, <br><br> Plaintiffs, <br><br> vs. <br><br> JUPITERIMAGES CORPORATION, <br><br> Defendant. | Case No. 3:07-CV-5540 PJH <br><br> **DECLARATION OF STEVEN B. STEIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY** <br><br> Hearing Date: January 9, 2008 <br> Time       : 9:00 a.m. <br> Location   : Courtroom 3 |

I, Steven B. Stein, do hereby declare that the following is true and correct and I would so testify in person if called upon to do so:

1. I am an attorney at law licensed to practice in the all of the courts of the State of California, including the United States District Courts located in this state.

2. I am the attorney of record for Plaintiffs Steve Shapiro and Steve Shapiro Music (hereinafter "Shapiro"). I have personal knowledge of the matters stated herein and if called as a witness, could and would competently testify thereto.

3. I have been representing Shapiro in all of his dealings with Jupiterimages Corporation, (hereinafter "Jupiter"). Specifically, I have been involved in working through the contractual issues that arose when 400 music tracks were found not to comply with certain contractual warrantees and representations between the parties.

4.   Initially, the parties worked very cooperatively over a period of five or so months to meet the terms of the following paragraph of their agreement:

```
5.1   Sellers agree to fully defend, indemnify and JUPITERIMAGES and its
parent, subsidiaries, officers, directors, employees and affiliates
harmless from, and against, any and all costs, damages, expenses,
liabilities, and other claims, including attorneys' fees and court costs,
that are in any way connected to Sellers' breach of any term of this
agreement.
```

5.   However, at the end of September 2006, a dispute arose as to whether the inclusion by Shapiro of 400 tracks was willful or fraudulent so as to invoke paragraph 6.1, which stated:

```
6.1   Limitation of Liability.  EXCEPT FOR FRAUD OR WILLFUL MISCONDUCT BY A
PARTY, IN NO EVENT, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, WILL
EITHER PARTY BE LIABLE TO THE OTHER PARTY FOR ANY INCIDENTAL, CONSEQUENTIAL,
INDIRECT, OR SPECIAL DAMAGES RELATING TO THE IMAGES, INCLUDING, WITHOUT
LIMITATION, ANY BUSINESS INTERRUPTION, LOSS OF GOODWILL, LOST PROFITS OR
LOST SAVINGS
```

6.   Jupiter had demanded that Shapiro reimburse it for its consequential and other types of damages which are defined in that paragraph.

7.   Shapiro refused on the ground that his mistake in including the tracks was totally inadvertent.

8.   Very specific discussions in an attempt to reach a resolution were then undertaken between the attorneys for the parties. The various potential courses of action were explored in a telephone conference that was set up for that purpose.

9.   Jupiter's General Counsel and Vice-President, Mitch Eisenberg, stated to me that Jupiter wished to complete all aspects of dealing with the few third parties that were adversely affected by the Shapiro's mistake (which are definitively covered under the indemnity provision of the contract – 5.1), and the parties would then discuss resolution of the other issues.

10.   Mr. Eisenberg added that the company would at that time also be pursuing a monetary recovery for the types of damages referenced in paragraph 6.1 as well as total rescission of the contract.

11.   Litigation between the parties was also a definitive topic of discussion.

12.   Mr. Eisenberg specifically stated in that regard, unequivocally, it was not the intent of the Jupiter to file litigation at that point in time and that it would not do so.

13. I responded I would think over all of the issues but notwithstanding his assurance Jupiter would not to file a lawsuit at that time, Shapiro may choose to file a Declaratory Relief claim in the San Francisco Superior Court so the issues raised by the allegation of willfulness would be addressed.

14. That is what occurred on September 27, 2007 and Mr. Eisenberg was so advised by an e-mail communication, a true copy of which is attached hereto as an exhibit. Personal service was effectuated shortly thereafter.

15. On October 31, 2007, the state court action was removed to the within Court. It was not until the following day, November 1, 2007, that the defendant filed its damages action in the Connecticut District Court. Therefore the plaintiffs actions were "first filed" in both the State and Federal courts.

16. Following the filing of the Declaratory Relief action, the cooperative efforts that that had been taking place among the parties as to the indemnity issues that were not in dispute ended in that Jupiter refused to proceed cooperatively. The Declaratory Relief action that had been initially filed in the San Francisco Superior Court and removed to this Court was amended to include a claim arising from Jupiter's course of action.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 19, 2007 at San Francisco, California.

_____
Steven B. Stein

DECLARATION OF STEVEN B. STEIN IN SUPPORT OF OPPOSITION TO MOTION
TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY
Case No. 3:07-CV-5540 PJH

# EXHIBIT A

Case 3:07-cv-05540-PJH     Document 22     Filed 12/19/2007     Page 4 of 5

**Steve Stein**

| | |
|---|---|
| From: | Steve Stein |
| Sent: | Friday, December 07, 2007 7:55 PM |
| To: | Steve Stein |
| Subject: | FW: Steve Shapiro.Jupiter - RipTide Settlement ; Invoice from Samantha |



pldg.complaint.9.28
.07.pdf (82...

-----Original Message-----
From: Steve Stein
Sent: Sunday, September 30, 2007 6:50 PM
To: 'Mitchell Eisenberg'
Cc: 'Samantha Sigel'
Subject: Re: Steve Shapiro.Jupiter - RipTide Settlement ; Invoice from Samantha

Mitch,

Because we are so far apart on the issues of the (1) scope of indemnity and (2) whether Jupiter is entitled to consequential damages as both relate to the RipTide and Replichek issues, I decided to go ahead and file a Dec Relief action in the San Francisco Superior Court.

Courtesy copies of the pleadings are attached to this e-mail. Service of the lawsuit will be completed Monday morning on Jupiter's designated California agent for service.

For moving forward with resolution of the RipTide claim, we are in agreement Steve is responsible for the entire payment of the RipTide settlement.

On Monday, I am going to send an e-mail response to Jeff to let him know his clients' offer to compromise his clients' claims against Jupiter and Steve is settled on the terms proposed . I will also tell him to work directly with your legal staff to prepare the settlement and release documentation and the retroactive licenses. I would want to receive copies of the drafts of the agreement as they go back and forth.

I will be placing the RipTide settlement funds in my attorney trust account on Monday. I already have an instruction from Steve to deliver the funds to Jeff immediately upon execution by all concerned of an agreed set of closing papers.

As to any additional indemnification by Steve of Jupiter as to the RipTide or Replichek matters, you mentioned you were going to ask Samantha to prepare a detailed invoice. That is good as we will have a document which reflects Jupiter's position as to the scope of the indemnity paragraph of the contract. As soon as the invoice is received I will go over it with Steve. He will reimburse Jupiter for those expenditures that are not in dispute.

Steve

Steven B. Stein
Levin Simes Kaiser & Gornick
44 Montgomery Street, 36th Floor
San Francisco, CA 94104