JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (JRiffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:   310-203-8080
Facsimile:    310-203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JUPITERIMAGES CORPORATION,<br><br>　　　　　Defendant. | CASE NO.    3:07-CV-5540 PJH<br><br>JUPITERIMAGES CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT OR THE ALTERNATIVE, FOR A STAY<br><br>Date:   January 9, 2008<br>Time:  9:00 a.m.<br>Place: Courtroom 3 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................... 1

II. SHAPIRO'S COMPLAINT FOR DECLARATORY RELIEF SHOULD BE DISMISSED (OR STAYED) ................................................................................... 4

    A. The Two Lawsuits .......................................................................................... 4

    B. Declaratory Relief Is Inappropriate Here ....................................................... 5

III. SHAPIRO'S OPPOSITION CONTAIN NUMEROUS ERRORS ................................. 12

IV. CONCLUSION ....................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Alaris Medical Systems, Inc. v. Filtertek Inc.,
　2001 U.S. Dist. LEXIS 24976 (S.D. Cal. 2001) ............................................................... 4

Alltrade, Inc. v. Uniweld Products, Inc.,
　946 F.2d 622 (9th Cir. 1991) ......................................................................................... 13

AmSouth Bank v. Dale,
　386 F.3d 763 (6th Cir. 2004) ....................................................................................8, 9, 11

Bridgelux, Inc. v. Cree, Inc.,
　2007 U.S. Dist. LEXIS 53137 (N.D. Cal. 2007) ........................................................... 13

Budget Rent A Car Corp. v. Miljack, Inc.,
　760 F. Supp. 135 (D. Ill. 1991) ..................................................................................... 12

Centennial Life Insurance Co. v. Poston,
　88 F.3d 255 (4th Cir. 1996) ............................................................................................ 6

Feller v. Brock,
　802 F.2d 722 (4th Cir. 1986) ........................................................................................ 13

Felmlee v. Falcon Cable TV,
　36 Cal. App. 4th 1032 (1995) ......................................................................................... 8

First Nationwide Mortgage Corp. v. FISI Madison, LLC,
　219 F. Supp. 2d 669 (D. Md. 2002) .................................................................6, 7, 8, 9, 10

Ford Motor Co. v. United States Department of Homeland Security,
　2006 WL 2457521 (E.D. Mich. 2006) .......................................................................... 11

Koch Engineering Co., Inc. v. Monsanto Co.,
　621 F. Supp. 1204 (E.D. Mo. 1985) ............................................................................ 6, 7

Medimmune, Inc. v. Genentech, Inc.,
　-, U.S. -, 127 S. Ct. 764, 166 L.Ed.2d (2007) ............................................................... 14

Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.,
　28 F.3d 572 (7th Cir. 1994) ............................................................................................ 9

Oce-Office Systems, Inc. v. Eastman Kodak Co.,
　828 F. Supp. 37 (N.D. Ill. 1993) ..................................................................................... 9

Pakideh v. Ahadi,
　99 F. Supp. 2d 805 (E.D. Mich. 2000) ........................................................................... 9

Remington Arms Co., Inc. v. Alliant Techsystems, Inc.,
　2004 WL 444574 (M.D. N.C. 2004) ............................................................................ 11

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

**TABLE OF AUTHORITIES**
**[Continued]**

Page(s)

Rowan Companies, Inc. v. Blanton,
    764 F. Supp. 1090 (E.D. La. 1991).................................................................................. 6

Twin City Federal S&L Association v. Gelhar,
    525 F. Supp. 802 (D. Minn. 1981)..................................................................................... 6

Veoh Networks, Inc. v. UMG Recordings, Inc.,
    2007 U.S. Dist. LEXIS 84513 (S.D. Cal. Nov. 14, 2007).................................................. 6

Z-Line Designs, Inc. v. Bell'O International LLC,
    218 F.R.D. 663 (N.D. Cal. 2003)..................................................................................... 11

PRINTED ON
RECYCLED PAPER

5045853v1

iii

REPLY MEMO P/A RE MTN TO DISMISS FAC
OR FOR STAY; Case No.3:07-CV-5540 PJH

I.

INTRODUCTION

Shapiro entered into an Asset Purchase Agreement with Jupiterimages. In that Agreement, Shapiro made a written representation and warranty that he was the owner of the 2,225 musical tracks that were transferred to Jupiterimages. Shapiro's written representation and warranty was false.

Shapiro's Declaration in Opposition <u>admits</u> that <u>his</u> written <u>representation</u> and warranty in that Agreement was <u>false</u>. Shapiro admits that he was <u>not</u> the owner of just under 20% of the tracks that he transferred. <u>See</u> Shapiro Decl. ¶ 25 ("approximately 400[1] of the [2,225] transferred tracks did not meet the warrantee and representation clause of the contract.").[2]

Prior to litigation, the parties began a discussion of a resolution of the dispute.

Shapiro <u>admits</u> that Jupiterimages' General Counsel stated that Jupiterimages "would at that time also be pursuing a monetary recovery for the types of damages referenced in paragraph 6.1 [of the Asset Purchase Agreement] as well as total rescission of the contract. Litigation between the parties was also a definitive topic of discussion." <u>See</u> Stein Decl. ¶¶ 9-11.

The next day Shapiro filed a Declaratory Relief Complaint in California. <u>See</u> Eisenberg Decl. ¶¶ 2-5. Shapiro's pleading was a state court check-the-boxes Complaint that did

---

[1] This is Shapiro's <u>current</u> <u>admission</u>. The actual number may be larger. After Shapiro signed the Asset Purchase Agreement, and third parties began asserting that they (not Shapiro) were the true owner of the tracks, Shapiro understated the number of tracks that he did not own.

Each time a third party claims that it (not Shapiro) is the true owner of a track, Shapiro states that is the "only" additional third party who actually owns the tracks that Shapiro had falsely represented and warranted in writing that he owned when he transferred the tracks to Jupiterimages. Each time Shapiro has been wrong; there continues to be more third parties who, in fact, own the tracks that Shapiro had falsely represented that he owned.

[2] Shapiro asserts that his misrepresentation was not fraudulent -- but although he signs a 27 paragraph Declaration, he refuses to tell the Court why the representation was not fraudulent. <u>See</u> Shapiro Decl. ¶ 25.

Shapiro claims that he told Jupiterimages the reasons why the representation was not fraudulent, but refuses to put those reasons in writing. <u>Id.</u>

Innocent people are willing to explain the facts in writing; guilty people do not.

1  not even identify the dispute between the parties and did not even state what declaration Shapiro
2  was seeking from the Court. Id., ¶ 5, Exh. A.

3  Jupiterimages filed a Complaint against Shapiro in Connecticut federal court for
4  fraud, negligent misrepresentation, innocent misrepresentation, multiple breaches of contract,
5  violation of the UCC, unfair trade practices and rescission.

6  Jupiterimages removed Shapiro's California Complaint to federal court.
7  Jupiterimages filed a motion to dismiss the California Complaint. After Shapiro had the benefit of
8  reviewing the Connecticut Complaint against him, he filed a First Amended Complaint ("FAC")
9  asking for a declaration that some -- but not all -- of his purported defenses to that lawsuit are valid.

10  It is a waste of judicial resources to have two federal court lawsuits -- one in
11  California for declaratory relief and one in Connecticut for coercive relief -- between the same
12  parties involving the same dispute.

13  Shapiro tells this Court that he intends to file a motion to stay the Connecticut, see
14  Opposition at p10:27. However, Shapiro was served with the Complaint in the Connecticut lawsuit
15  in November 2007, but has (a) not filed any such motion, and instead (b) asked that Court for an
16  extension of time to respond until January 30, 2008.[3]

17  Shapiro's FAC in this Court, containing one claim for declaratory relief, deals solely
18  with Shapiro's purported defenses to some (but not even all) of Jupiterimages' claims against him in
19  Connecticut federal court for fraud, negligent misrepresentation, innocent misrepresentation,
20  multiple breaches of contract, violation of the UCC, unfair trade practices and rescission.

21  Shapiro's FAC should be dismissed for reasons of judicial economy -- it makes no
22  sense to have two federal court lawsuits involving the same parties litigating over the same dispute
23  -- as well as for improper use of declaratory relief.

24  Declaratory relief is discretionary. Shapiro's FAC for declaratory relief is
25  inappropriate for three independent reasons.

---

[3] Shapiro cannot benefit from the argument that this case is further along than the Connecticut case because Shapiro moved to continue the date for his response in the Connecticut case while, in contrast, Jupiterimages promptly filed a motion to dismiss this case.

1          First, Shapiro's declaratory relief FAC will not resolve all the disputes between the
2   parties and it is improper to use declaratory relief to decide only a sliver of the controversy between
3   the parties; in contrast, the Jupiterimages' Connecticut federal court lawsuit against Shapiro will
4   provide complete relief between the same parties.
5          Second, Shapiro's declaratory relief FAC seeks to defeat liability in a subsequent suit
6   for coercive relief, i.e., damages, and this is an improper use of declaratory relief.
7          Third, Shapiro's initial declaratory relief Complaint in California regarding this
8   dispute was filed in anticipation of Jupiterimages' Connecticut lawsuit against him for damages and
9   other relief, in order to obtain a more favorable forum or procedural posture and this is also an
10  improper use of declaratory relief. Shapiro's FAC for declaratory relief regarding some of Shapiro's
11  purported defenses to the Connecticut lawsuit was filed <u>after</u> the Connecticut lawsuit against him
12  had been filed and this is a particularly improper use of declaratory relief.
13         As a result of the December holiday schedule, Shapiro had about a month to write
14  his Opposition papers. Shapiro could find virtually nothing to say to defeat Jupiterimages' motion.
15         Accordingly, although Shapiro's Opposition was 19 pages and cited 28 cases, it:
16         > ignores that principle that declaratory relief is improper where it will not resolve
17  all the disputes between the parties;
18         > ignores the principle that declaratory relief is improper where it seeks to defeat
19  liability in a subsequent suit for coercive relief;
20         > ignores the undisputed fact that Shapiro's declaratory relief Complaint in
21  California was filed one day after Jupiterimages' counsel told Shapiro's counsel that Jupiterimages
22  "would at that time also be pursuing a monetary recovery for the types of damages referenced in
23  paragraph 6.1 [of the Asset Purchase Agreement] as well as total rescission of the contract."  <u>See</u>
24  Stein Decl. ¶¶ 9-11;
25         > is irrelevant because it almost exclusively focuses on the "first to file" rule, which
26  is not applicable to Jupiterimages' motion to dismiss because Jupiterimages' motion is based on the
27  principle that Shapiro is improperly seeking declaratory relief in this lawsuit;
28

> miscites several cases; and

> cites cases that show that the Jupiterimages' motion should be granted.

Finally, in <u>Alaris Medical Systems, Inc. v. Filtertek Inc.</u>, 2001 U.S. Dist. LEXIS 24976 *9 (S.D. Cal. 2001) -- a case cited by Shapiro -- the court considered the relative congestion between two federal courts. That factor favors Jupiterimages, not Shapiro. The Northern District of California has a weighted average of 621 filings per federal judge, while the District of Connecticut has a weighted average of 376 filings per federal judge. <u>See</u> Administrative Office of the U.S. Courts, 2006 Judicial Business of the United States Courts, a copy of the relevant pages of which is attached to the Appendix of Authority.

Jupiterimages' motion should be granted. This case should be dismissed.

## II.

## SHAPIRO'S COMPLAINT FOR DECLARATORY RELIEF SHOULD BE DISMISSED (OR STAYED)

A.   <u>The Two Lawsuits</u>

Jupiterimages' Connecticut federal court Complaint against Shapiro deals with all of the disputed issues between the parties, <u>viz.</u>, Jupiterimages' claims against Shapiro for fraud, negligent misrepresentation, innocent misrepresentation, numerous breaches of contract (including breach of the contractual indemnity obligation), violation of the UCC, unfair trade practices and rescission. <u>See</u> Request for Judicial Notice, filed with moving papers.

In contrast, Shapiro's FAC contains just one claim, for declaratory relief. Specifically, he asks for a declaration that:

(a)   Shapiro does not have to indemnify Jupiterimages under the Agreement for "indirect expenses for in-house attorney fees";

(b)   the limitation of liability in Paragraph 6.1 of the Agreement is valid and applicable here;

(c)   the "indemnification process" became part of the Agreement; and

(d)   the Agreement should not be rescinded.

1  See FAC ¶ 10.

2  These are purported defenses to some -- but not all -- of Jupiterimages' claims
3  against Shapiro in Connecticut federal court for fraud, negligent misrepresentation, innocent
4  misrepresentation, numerous breaches of contract (including breach of the contractual indemnity
5  obligation), violation of the UCC, unfair trade practices and rescission.

6  Shapiro never out-and-out disputes this, but tries to give an impression to the
7  contrary by boldly asserting that this case "and the Connecticut action seek to resolve the same
8  fundamental legal issues and rest on identical factual issues concerning the parties' rights and
9  obligations under the same contract." See Opposition at p.12:4-5; id. at p.12:7-8 ("the declaratory
10 relief sought by plaintiff, if granted[4], would dispose of virtually all claims made against him in the
11 Connecticut action").[5]

12 The reason Shapiro never out-and-out disputes that the declaratory relief he seeks in
13 this Court deals with only some of his defenses to the Connecticut case is that Shapiro wants to
14 preserve those additional defenses to the Connecticut lawsuit. That's why Shapiro's 19 page
15 Opposition never states that Shapiro will stipulate to judgment in favor of Jupiterimages for all
16 claims by Jupiterimages against him for compensatory (and, where appropriate, punitive damages)
17 for fraud, negligent misrepresentation, innocent misrepresentation, numerous breaches of contract
18 (including breach of the contractual indemnity obligation), violation of the UCC, unfair trade
19 practices and rescission -- except for the four declarations that he's seeking in this Court.

20

21  B.  Declaratory Relief Is Inappropriate Here

22  It is undisputed that relief under the Declaratory Judgment Act is discretionary, not
23 mandatory.

---

[4] Shapiro does not state what would happen if the declaratory relief was not granted. The reason is obvious: Shapiro would then be liable for compensatory and punitive damages and presumably intends to assert defenses to such claims -- but such defenses are not before this Court.

[5] Shapiro's reference to the Notice of Pendency of Other Action is beside the point. Of course, the two cases are related. However, they are not identical and this is what matters.

- 5 - REPLY MEMO P/A RE MTN TO DISMISS FAC OR FOR STAY; Case No.3:07-CV-5540 PJH

5045853v1

There are three independent reasons why Shapiro's Complaint, containing one claim for declaratory relief, should be dismissed.

1.  "Declaratory judgment actions should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy.'" First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 674 (D. Md. 2002).

The federal courts have dismissed declaratory relief complaints where the parties to that declaratory relief complaint were involved in another federal court case where many other damage claims between the parties were being litigated (even where the declaratory relief lawsuit was filed first). See, e.g., First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 674 (D. Md. 2002) (dismissed declaratory relief lawsuit); Koch Engineering Co., Inc. v. Monsanto Co., 621 F.Supp. 1204, 1207 (E.D. Mo. 1985) (dismissed declaratory relief lawsuit); Centennial Life Ins Co. v. Poston, 88 F.3d 255, 258 (4th Cir. 1996) (dismissed declaratory relief lawsuit); Rowan Companies, Inc. v. Blanton, 764 F.Supp. 1090, 1092 (E.D. La. 1991) ("The purpose of [a declaratory judgment] is not served by trying a case piecemeal."; dismissed declaratory relief lawsuit); Twin City Fed. S&L Ass'n v. Gelhar, 525 F.Supp. 802, 804 (D. Minn. 1981) ("Declaratory relief should be refused where it will not result in a more just and expeditious resolution of the entire controversy between the parties."; dismissed declaratory relief lawsuit).[6]

Indeed, a California federal court just held: "using the Declaratory Judgment Act to anticipate an affirmative defense is not ordinarily proper, and numerous courts have refused to grant declaratory relief to a party who has come to court only to assert an anticipatory defense." Veoh Networks, Inc. v. UMG Recordings, Inc., 2007 U.S. Dist. LEXIS 84513 *12 (S.D. Cal. Nov. 14, 2007).[7]

As noted in the moving papers, Koch Engineering Co., Inc. v. Monsanto Co., 621

---

[6] Even Shapiro's cases support this principle. See, e.g., Shapiro's Opposition at pg.9:11-14 citing a case for the proposition that declaratory relief may be appropriate where "a declaratory judgment would settle the legal relations in dispute"; here, as shown in the text, Shapiro's declaratory relief Complaint would not settle the legal relations in dispute.

[7] Jupiterimages' counsel sent Shapiro's counsel the citation to this case several weeks ago. Shapiro's counsel never responded to the citation.

...

...

1   F.Supp. 1204 (E.D. Mo. 1985) and First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219

2   F.Supp.2d 669, 674 (D. Md. 2002) are virtually identical to the situation here.

3          Shapiro's purported distinctions of those two cases are wrong -- as the quoted

4   language from the court opinions themselves make clear.

5          Specifically, Shapiro asserts that Koch is distinguishable because "the plaintiff in

6   *Koch* failed to identify any loss that could be avoided through the use of the Declaratory Judgment

7   remedy." See Opposition at p.14:1-2. Shapiro is wrong.

8          The Koch court explained why it dismissed the declaratory relief complaint: "This

9   Court must also consider which of the two actions will best serve the needs of the parties by

10  providing a comprehensive solution to the entire controversy… Koch contends that Monsanto will

11  be required to raise all its claims against Koch as compulsory counterclaims pursuant to Rule 13 of

12  the Federal Rules of Civil Procedure. Regardless of whether this is true or not, Koch's request for

13  an injunction is premature until such time as this Court is convinced that this suit will completely

14  resolve the controversy. This leaves the parties with two lawsuits involving the same controversy in

15  two different federal courts. On the other hand, it is quite obvious to this Court even at this early

16  stage in the proceedings that Monsanto's suit in the Southern District of Texas will fully resolve the

17  controversy between the parties. By dismissing Koch's petition for declaratory judgment, this Court

18  avoids both the uncertainty of a possibly premature injunction and/or the burden and expense on the

19  courts and the parties associated with duplicate lawsuits. Upon consideration of the facts in this

20  case, this Court finds that the best interest of comity and judicial economy are served by dismissing

21  Koch's complaint for declaratory judgment." Koch Engineering Co., Inc. v. Monsanto Co., 621

22  F.Supp. 1204, 1208 (E.D. Mo. 1985).

23         Shapiro asserts "The decision in *First Nationwide Mortgage Corp.* also turned

24  primarily on the fact that the action for declaratory relief was filed in anticipation of the imminent

25  suit by defendant." See Opposition at p.14:4-5. Shapiro is wrong again.

26         The First Nationwide court held: "The Court is persuaded … that proceeding with

27  this declaratory judgment action would not efficiently 'terminate and afford relief from the

28  uncertainty, insecurity, and controversy giving rise to the proceeding.' … Declaratory judgment

actions should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy.' … The lawsuit filed by FISI in … Tennessee provides a broader and more comprehensive forum for resolving the entire dispute between the parties. For example, were this Court to entertain the instant action, yet not award First Nationwide the declaratory judgment it desires, FISI would still have to bring a separate breach of contract action to obtain relief." First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 674 (D. Md. 2002).[8]

In any event, Shapiro filed his declaratory relief Complaint in California in a race to the Court; he filed a check-the-boxes Complaint that provided no facts and even failed to identify the declaratory relief he was seeking one day after Shapiro admits Jupiterimages' General Counsel Mitch Eisenberg stated that Jupiterimages "would at that time also be pursuing a monetary recovery for the types of damages referenced in paragraph 6.1 [of the Asset Purchase Agreement] as well as total rescission of the contract." See Stein Decl. ¶¶ 9-11.

Finally, although Shapiro had almost a month to write his Opposition, he was unable to find any authority that supports his position. None of the 28 cases he cited in his Opposition holds that declaratory relief is proper when it will not resolve all of the disputes between the parties and there is another pending case that will do that.[9] For this reason alone, Jupiterimages' motion should be granted.

2. Where "a putative defendant files a declaratory action whose only purpose is to defeat liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum -- a guarantee that cannot be given consonant with the policy underlying the Declaratory Judgment Act." AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004) (abuse of discretion for the district court to have entertained the declaratory relief lawsuit where a coercive lawsuit involving the same issue was pending); Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577 (7th Cir. 1994)

---

[8] This is identical to the situation here. See footnote 4 above.

[9] Shapiro's cases are irrelevant because they do not discuss this issue. "Cases are not authority for propositions not discussed." Felmlee v. Falcon Cable TV, 36 Cal.App.4th 1032, 1038 (1995).

("[A] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way.")[10]; Pakideh v. Ahadi, 99 F. Supp. 2d 805, 807-09 (E.D. Mich. 2000) (dismissing anticipatory breach of contract declaratory judgment action in favor of coercive action pending in other federal district court after removal); Oce-Office Systems, Inc. v. Eastman Kodak Co., 828 F.Supp. 37, 39 (N.D. Ill. 1993) (declaratory judgment actions should be dismissed where there is another lawsuit seeking coercive relief -- damages -- involving the same issue).

Shapiro's FAC in this Court seeks only declaratory relief regarding some -- but not all -- of Shapiro's purported defenses to Jupiterimages' claims against him in Connecticut federal court. In contrast, Jupiterimages' Complaint in Connecticut federal court for damages and other equitable relief relating to Shapiro's fraud, negligent misrepresentation, innocent misrepresentation, numerous breaches of contract (including breach of the contractual indemnity obligation), violation of the UCC, unfair trade practices and rescission involves all the disputes between the parties. Accordingly, this declaratory relief FAC should be dismissed.

Finally, here too, although Shapiro had almost a month to write his Opposition, he was unable to find any authority that supports his position. None of the 28 cases in the Opposition holds that declaratory relief is proper where the only purpose of the declaratory action is to defeat liability in a subsequent coercive suit.[11] For this reason alone, Jupiterimages' motion should be granted.

3. Declaratory judgment actions "are disfavored … when they are filed in anticipation of another lawsuit, in order to obtain a more favorable forum or procedural posture." First Nationwide Mortgage Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 673 (D. Md. 2002); AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004) ("Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff'

---

[10] Shapiro argues that Nucor supports him; he's wrong. In Nucor, the defendant in the declaratory relief lawsuit waited about 8 months to file its own lawsuit. There was no such long delay here.

[11] See footnote 9 above.

and who seem to have done so for the purpose of acquiring a favorable forum. Allowing declaratory actions in these situations can deter settlement negotiations and encourage races to the courthouse, as potential plaintiffs must file before approaching defendants for settlement negotiations, under pain of a declaratory suit."; <u>abuse of discretion for the district court to have entertained the declaratory relief lawsuit</u>).

In <u>First Nationwide</u>, a mortgage company brought a declaratory relief action against a financial marketing company in Maryland state court before the marketing company filed its own breach of contract claim against mortgage company in Tennessee federal court. The Maryland federal court dismissed the Complaint, containing one claim for declaratory relief, because it was filed in anticipation of another lawsuit or to obtain a more favorable forum or procedural posture.

Here, Shapiro filed his declaratory relief Complaint in California in a race to the Court; he filed a check-the-boxes Complaint that provided no facts and even failed to identify the declaratory relief he was seeking <u>one day</u> after Shapiro <u>admits</u> Jupiterimages' General Counsel Mitch Eisenberg stated that Jupiterimages "would at that time also be pursuing a monetary recovery for the types of damages referenced in paragraph 6.1 [of the Asset Purchase Agreement] as well as total rescission of the contract." <u>See</u> Stein Decl. ¶¶ 9-11.

Specifically, the above conversation between Mr. Eisenberg and Mr. Stein occurred on Thursday, September 27, 2007. <u>See</u> Eisenberg Decl. ¶ 2. During that conversation, Mr. Eisenberg also told Mr. Stein that Jupiterimages would like to resolve the dispute, if that were possible. <u>Id.</u>, ¶ 4. Accordingly, Mr. Eisenberg told Mr. Stein in that conversation that Jupiterimages would not file a lawsuit before Monday, October 1, 2007. <u>Id.</u>, ¶ 4.

The next day, on Friday, September 28, 2007, Shapiro filed a declaratory relief Complaint in California against Jupiterimages. <u>Id.</u>, ¶ 5.

Mr. Stein told Mr. Eisenberg that he filed the declaratory relief Complaint in California so quickly for the sole purpose of obtaining a more favorable litigation forum for Mr. Shapiro. <u>Id.</u>, ¶ 6. Mr. Stein also told Mr. Eisenberg, repeatedly, that since the filing of the Complaint was only to give Shapiro a more favorable litigation forum, he wanted to continue the settlement negotiations as if the Complaint had not been filed. <u>Id.</u>

1 Shapiro's declaratory relief lawsuit is improper because it was filed shortly before the
2 coercive suit filed by the "natural plaintiff" (Jupiterimages) and was done so for the purpose of
3 acquiring a favorable forum. See Remington Arms Co., Inc. v. Alliant Techsystems, Inc., 2004 WL
4 444574 *4 (M.D. N.C. 2004) (filing declaratory relief lawsuit quickly after adversary gave notice of
5 threatened lawsuit but before adversary said it would file its lawsuit is an improper anticipatory
6 filing; dismissed declaratory relief lawsuit).

7 Allowing declaratory actions in these situations can deter settlement negotiations and
8 encourage races to the courthouse, as potential plaintiffs must file before approaching defendants
9 for settlement negotiations, under pain of a declaratory suit. See AmSouth Bank v. Dale, 386 F.3d
10 763, 788 (6th Cir. 2004) ("Allowing declaratory actions [filed mere weeks before a coercive
11 lawsuit] can deter settlement negotiations and encourage races to the courthouse, as potential
12 plaintiffs must file before approaching defendants for settlement negotiations, under pain of a
13 declaratory suit."; abuse of discretion for the district court to have entertained the declaratory relief
14 lawsuit under such circumstances); Z-Line Designs, Inc. v. Bell'O International LLC, 218 F.R.D.
15 663, 666-67 (N.D. Cal. 2003) ("'Denial of defendant's motion to dismiss [the declaratory relief
16 lawsuit] would discourage pre-litigation settlement discussions. … 'Potential plaintiffs should be
17 encouraged to attempt settlement discussions … prior to filing lawsuits without fear that the
18 defendant will be permitted to take advantage of the opportunity to institute [a declaratory relief
19 complaint] in a district of its own choosing before the plaintiff files a complaint.'"); Ford Motor Co.
20 v. United States Dept. of Homeland Security, 2006 WL 2457521 *9 (E.D. Mich. 2006) (potential
21 plaintiffs should be encouraged to attempt settlement prior to filing a lawsuit without fear that the
22 defendant will take advantage and file its own declaratory relief lawsuit first).

23 If this Court were to allow Shapiro's declaratory relief lawsuit to proceed, it would
24 send a message to other parties situated in the position of Jupiterimages that they should not try to
25 resolve dispute before litigation, but must race to the courthouse to preserve a favorable forum.
26 This is bad public policy. Shapiro should not be rewarded for his race to the court.

27 There is no reason that a California court should spend its time trying this case under
28 the circumstances here. Shapiro seeks a declaratory judgment regarding some, but not all, of his

purported defenses to Jupiterimages' claims against him in Connecticut federal court. It makes no sense to litigate in California some of the purported defenses to a lawsuit filed in Connecticut; all of Shapiro's purported defenses to the Connecticut lawsuit should be tried in a Connecticut court. Further, the Agreement provides that it is governed by New York (not California) law.

Finally, it is irrelevant that Shapiro sued Jupiterimages in California and Jupiterimages sued Shapiro in Connecticut.

Shapiro argues that it would be more convenient for him to litigate in California. His Opposition boldly asserts that "all material witnesses who would testify regarding plaintiff's alleged intentional and negligent acts are located" in California. See Opposition at p.14:16-17.

However, no witnesses are identified in the Opposition or the Shapiro or Stein Declarations. As such, there is no support -- evidentiary or otherwise -- for Shapiro's assertion and it should be disregarded.

Obviously, Shapiro himself is located in California. However, Jupiterimages is located in Connecticut; Mr. Eisenberg, the attorney who was involved in the negotiation of the Asset Purchase Agreement on behalf of Jupiterimages, is located in Connecticut; and -- contrary to Shapiro's unsupported assertion to the contrary in his Opposition at p.14:18-19 -- all of Jupiterimages' documents regarding this dispute are in Connecticut. See Eisenberg Decl. ¶¶ 9-11.

"'From society's point of view it is essentially irrelevant which one [of the parties] bears the expense and inconvenience of litigating in a distant forum- someone must'." Budget Rent A Car Corp. v. Miljack, Inc., 760 F. Supp. 135, 136 (D. Ill. 1991).

III.

SHAPIRO'S OPPOSITION CONTAIN NUMEROUS ERRORS

Shapiro's Opposition contains numerous errors. Among other things:

1. Shapiro's main argument to oppose the pending motion is that the "first to file" rule should apply. See Opposition at p.9- 15.

(a) "The 'first to file' rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the

- 12 -  REPLY MEMO P/A RE MTN TO DISMISS FAC OR FOR STAY; Case No.3:07-CV-5540 PJH

5045853v1

1  same parties and issues has already been filed in another district." Bridgelux, Inc. v. Cree, Inc.,
2  2007 U.S. Dist. LEXIS 53137 *11 (N.D. Cal. 2007); Alltrade, Inc. v. Uniweld Prods, Inc., 946 F.2d
3  622, 623 (9th Cir. 1991).

4      As such, this "rule" should be addressed to the court in the second lawsuit
5  (here, Connecticut), not this Court.

6      The proof that the "first to file" rule does not apply here is that if Shapiro's
7  argument were accepted (it should not be) and this Court denies Jupiterimages' motion to dismiss,
8  the federal courts will be left with two lawsuits -- one in Connecticut and one here -- involving
9  the same parties and some overlapping issues. This makes no sense for an overcrowded judiciary.

10      (b) In any event, the pending motion is based on the principle that
11  declaratory relief, which is discretionary, is not appropriate here for three reasons. The "first to file"
12  rule does not apply to those points.

13      2. Shapiro argues that the pending motion should be denied because the Connecticut
14  lawsuit should be "joined" with this lawsuit. See Opposition at p.12:20-24. But, this Court cannot
15  order the Connecticut lawsuit to be joined with this lawsuit; and Shapiro has not made any motion
16  (other than for more time to respond) in the Connecticut case, even though he was served in
17  November 2007.

18      Shapiro further argues that this Court should order that the case pending in
19  Connecticut federal court be transferred to this Court. See Opposition at p.19:4-5. Shapiro cites no
20  authority for the "principle" that one federal district court judge can reach out and grab a lawsuit,
21  pending before a different federal district court judge, away from that other federal judge -- because
22  there is no such authority.

23      3. Shapiro argues that if this Court is considering transferring this case to
24  Connecticut, he wants to brief that issue, citing Feller v. Brock, 802 F.2d 722, 729 n.7 (4th Cir.
25  1986). Feller held only that a party may be entitled to be "heard" before a transfer, not that it was
26  entitled to a briefing schedule.

27      In any event, Shapiro inconsistently argues for a transfer; just a different one. He
28  argues that this Court should order that the Connecticut case be transferred to California -- even

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

1  though, as noted above, one federal court has no power to order a case pending in a second federal

2  court be transferred out of the second court; only the second court can issue such an order.

3         4. Almost all of the cases Shapiro cites are irrelevant to the pending motion to

4  dismiss.  <u>See, e.g.</u>,  <u>Medimmune, Inc. v. Genentech, Inc.</u>, - U.S. -, 127 S.Ct. 764, 776-77, 166

5  L.Ed.2d (2007) (did not resolve whether declaratory relief was appropriate).

## IV.

## CONCLUSION

Jupiterimages' motion to dismiss Shapiro's FAC in this Court should be granted. It makes no sense to have two federal court lawsuits involving the same parties litigating over the same dispute. This Court should exercise its discretion and dismiss Shapiro's declaratory relief FAC for three independent reasons. Declaratory relief is inappropriate because (a) Shapiro's FAC will not resolve all of the disputes between the parties; (b) Jupiterimages has sued Shapiro for coercive relief in Connecticut federal court; and (c) Shapiro's California lawsuit was filed in a stated attempt to obtain a more favorable forum (and the FAC was filed after Jupiterimages filed its Connecticut federal court Complaint against Shapiro). In the alternative, the Court should stay the proceedings in this Court.

DATED:  December 26, 2007          JEFFER, MANGELS, BUTLER & MARMARO LLP
                                            JEFFREY K. RIFFER

                                         By: */S/ JEFREY K. RIFFER*
                                              JEFFREY K. RIFFER
                                       Attorneys for Defendant JUPITERIMAGES CORP.