1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   JEFFREY K. RIFFER (Bar No. 87016) (Jriffer@jmbm.com)
2  1900 Avenue of the Stars
   Seventh Floor
3  Los Angeles, CA 90067-4308
   Telephone:   310 203-8080
4  Facsimile:   310 203-0567

5  Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>  Plaintiffs,<br><br>  v.<br><br>JUPITERIMAGES CORPORATION,<br><br>  Defendant. | CASE NO.   3:07-CV-5540  PJH<br><br>DECLARATION OF MITCHELL EISENBERG IN SUPPORT OF JUPITERIMAGES CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY<br><br>Date:   January 9, 2008<br>Time:   9:00 a.m.<br>Place:  Courtroom 3 |

## DECLARATION OF MITCHELL EISENBERG

I, Mitchell Eisenberg, declare as follows:

I know the following facts of my own personal knowledge and if called to testify, could and would so testify.

1. I am Senior Vice President and General Counsel of Jupitermedia Corporation and have held such positions since 1997. Jupitermedia is the parent company of Jupiterimages Corporation ("Jupiterimages").

### TIMING OF THE FILING OF THE DECLARATORY RELIEF COMPLAINT

2. On Thursday, September 27, 2007, I had a telephone conversation with Steve Stein, counsel for Steve Shapiro, regarding Mr. Shapiro's wrongful acts. Ms. Samantha Sigel, an attorney who works with me, was also in that conversation.

3. I told Mr. Shapiro in that September 27 conversation that, unless we could reach an amicable resolution of the dispute, Jupiterimages would pursue litigation against Mr. Shapiro for monetary relief and possibly other relief.

4. I also told Mr. Stein in that September 27 conversation that I would like to resolve the dispute, if that were possible. Accordingly, I told Mr. Stein that Jupiterimages would not file a lawsuit before Monday, October 1, 2007.

5. The next day, on Friday, September 28, 2007, Shapiro filed a declaratory relief Complaint in California against Jupiterimages. A copy of the relevant pages of such Complaint is attached hereto as Exhibit A.

6. Mr. Shapiro told me that he filed the declaratory relief Complaint in California so quickly for the sole purpose of obtaining a more favorable litigation forum for Mr. Shapiro. Mr. Stein also told me, repeatedly, that since the filing of the Complaint was only to give Shapiro a more favorable litigation forum, he wanted to continue the settlement negotiations as if the Complaint had not been filed.

### SHAPIRO FAILED TO PAY WHAT HE ADMITS IS OWING

7. Mr. Shapiro states in his Declaration that he "will, of course, have and will in the future meet [his] indemnity obligations as to these tracks as defined in paragraph 5.1 of the contract." See Shapiro Decl. ¶ 26, at p.5:18-19.

8. In fact, Mr. Stein, counsel for Mr. Shapiro, has admitted in writing that Mr. Shapiro owes money to Jupiterimages under the contract, but Mr. Shapiro has not paid Jupiterimages such sums.

### CONVENIENCE OF THE PARTIES

9. Jupiterimages is based in Connecticut.

10. I was personally involved in the negotiation of the Asset Purchase Agreement between Jupiterimages and Mr. Shapiro. I reside in, and work in, Connecticut.

11. All of the Jupiterimages documents relating to this dispute are in Connecticut; none are in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the 26th day of December 2007 at Darien, Connecticut.

*--S--  MITCHELL EISENBERG*
MITCHELL EISENBERG