United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE SHAPIRO, et al.,

    Plaintiff,

    v.

JUPITERIMAGES CORP.,

    Defendant.

_____/

No. C 07-5540 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant's motion to dismiss plaintiffs' complaint came on for hearing before this court on January 9, 2008. Plaintiffs, Steve Shapiro and Steve Shapiro Music ("plaintiffs"), appeared through their counsel, Steven Stein. Defendant Jupiterimages Corporation ("defendant") appeared through its counsel, Jeffrey Riffer. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, the court hereby GRANTS defendant's motion, for the reasons stated at the hearing, and summarized as follows:

The only issue to be resolved is whether plaintiffs' complaint, which alleges a single claim pursuant to the Declaratory Judgment Act, should be dismissed or stayed in view of defendant's subsequently filed action in Connecticut district court. The Connecticut action alleges multiple state law causes of action and other statutory claims, but involves the same parties, and stems from the same course of conduct.

Preliminarily, it is well-established that the Declaratory Judgment Act allows courts, in their discretion, to declare the parties' rights. See, e.g., 28 U.S.C. § 2201. Although a district court cannot refuse to entertain a declaratory relief action as a matter of course, the exercise of declaratory relief jurisdiction is not automatic or obligatory. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). There are circumstances in which "considerations of

practicality and wise judicial administration" warrant refusal to exercise declaratory relief jurisdiction, such as circumstances in which the declaratory remedy cannot effectively clarify the legal rights between the parties, as the court cannot afford relief with respect to the entire controversy giving rise to the proceeding, or where a declaratory judgment action appears to have been filed solely in order to "preempt" litigation in state court between the same parties on the same state law issues.  See, e.g., Exxon Shipping Co. v. Airport Depot Diner, Inc., 120 F.3d 166, 169 (9th Cir. 1997); see also Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co., 873 F.2d 229, 231 (9th Cir. 1989)(declaratory relief appropriate when a judgment will "serve a useful purpose in clarifying and settling the legal relations in issue").

      This is the case here.  First, declaratory relief would not terminate the entirety of the dispute between the parties.  As defendant points out, the instant complaint alleges only a single complaint for declaratory relief based on the provisions of the contract at issue between the parties, while the Connecticut action alleges statutory and common law claims that go beyond just the contractual issues (e.g., allegations of Unfair Trade Practices Act and Uniform Commercial Code violations).  That action also seeks monetary damages, a claim that is also beyond the scope of the instant complaint.  Furthermore, many of the claims require interpretation of Connecticut state law, which the Connecticut district court is best placed to interpret.  In sum, however, even if the court were to resolve the instant action, there would still be significant legal and damages issues that would need to be determined before the parties' dispute is fully clarified.

      Second, the evidence before the court suggests that plaintiffs filed the instant complaint in anticipation of the Connecticut action.  Although counsel for both parties recite differing characterizations of their phone conversations leading up to the filing of the instant lawsuit, both sides' counsel agree that the parties discussed the possibility of litigation, as well as the fact that defendant wished to seek recovery of consequential and special damages pursuant to Paragraph 6.1 of the Agreement at issue.  See Stein Decl., ¶¶ 10-11; Eisenberg Decl., ¶¶ 3-4.  No more than 48 hours after that conversation, plaintiffs' state

court complaint was filed – a check the box complaint that contains no specific or detailed allegations, and requests declaratory relief in conclusory fashion. <u>See id.</u>; <u>see also</u> Notice of Removal, Ex. A. On the whole, the court finds these facts suggestive of an attempt to beat defendant to the courthouse door, a finding which further supports dismissal of plaintiffs' complaint, in favor of the pending Connecticut action.

Moreover, plaintiffs' reliance on the first to file rule is misplaced. Plaintiffs are correct that normally, the rule states that, where two actions involving overlapping issues and parties are pending in two different federal courts, there is a "strong presumption across the federal circuits that favors the forum of the first-filed suit under the first filed rule." <u>See, e.g., Manuel v. Covergys Corp.</u>, 430 F.3d 1132, 1135 (11th Cir. 2005); <u>Alltrade, Inc. v. Uniweld Prods., Inc.</u>, 946 F.2d 622, 625 (9th Cir. 1991). However, a court may decline to apply the rule in sufficiently compelling circumstances, such as where there is evidence that forum-shopping motivated the choice of the situs for the first suit, or where the first suit is filed in apprehension of litigation. <u>See, e.g., Mattel, Inc. v. Louis Marx & Co.</u>, 353 F.2d 421, 423-24 (2d Cir. 1965); <u>Manuel</u>, 430 F.3d at 1137. Accordingly, and for the same reasons noted above, – i.e., the narrow scope of the present lawsuit, and the circumstantial evidence suggesting that plaintiffs' action was filed in anticipation of the Connecticut action – the court finds that sufficient compelling circumstances exist, such that a departure from the first to file rule is appropriate. <u>See also Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93 (9th Cir. 1982)(first to file rule should not be "mechanically applied").

In short, and for all the above reasons, judicial efficiency warrants dismissal of the present action. To that end, defendant's motion to dismiss plaintiffs' complaint is GRANTED. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 18, 2008

PHYLLIS J. HAMILTON
United States District Judge