JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (JRiffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:  310-203-8080
Facsimile:  310-203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JUPITERIMAGES CORPORATION,<br><br>　　　　Defendant. | CASE NO.　　3:07-CV-5540 PJH<br><br>JUPITERIMAGES CORPORATION'S NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: March 12, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 12, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Hon. Phyllis J. Hamilton, United States District Court Judge, defendant Jupiterimages Corporation will and hereby does move this Court for an order awarding attorney fees.

The contract between Plaintiffs Steve Shapiro and Steve Shapiro Music and Defendant Jupiterimages Corporation ("Jupiterimages") provided that the prevailing party is entitled to its attorney fees. Plaintiffs sued Jupiterimages. Jupiterimages prevailed in the lawsuit. Accordingly, Jupiterimages is entitled to its attorney fees. An award is also proper under the Court's inherent authority.

This Motion is made, and based, upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Riffer and Eisenberg Declarations, all matters and facts upon which the Court can take judicial notice, and upon such additional oral or written evidence as may be properly presented to this Court at or prior to the hearing of the Motion.

DATED: February 1, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                           JEFFREY K. RIFFER


                                           By: */S/ JEFFREY K. RIFFER*
                                               JEFFREY K. RIFFER
                                           Attorneys for Defendant JUPITERIMAGES CORP.

JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (JRiffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:   310-203-8080
Facsimile:   310-203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>             Plaintiffs,<br><br>   v.<br><br>JUPITERIMAGES CORPORATION,<br><br>             Defendant. | CASE NO.    3:07-CV-5540  PJH<br><br>JUPITERIMAGES CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES<br><br>Date:  March 12, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 3 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. JUPITERIMAGES IS THE PREVAILING PARTY ......................................................... 2

III. ATTORNEY FEES ARE ALSO PROPER UNDER THE COURT'S INHERENT
 POWER ............................................................................................................................. 5

IV. A PREVAILING PARTY IS ENTITLED TO ATTORNEY FEES FOR THE TIME
 MAKING THE MOTION FOR ATTORNEY FEES ........................................................ 5

V. JUPITERIMAGES IS ENTITLED TO ITS ATTORNEY FEES ...................................... 6

VI. CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Anderson v. Christian Hospital Northeast-Northwest,
    100 F.R.D. 497 (E.D. Mo. 1984) .................................................................................. 2

Board of Trustees of Hotel & Restaurant Employees Local 25 v. JPR, Inc.,
    136 F.3d 794 (D.C. Cir. 1998) ..................................................................................... 5

Chambers v. NASCO,
    501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ............................................... 5

Christensen v. Dewor Developments,
    33 Cal. 3d 778 (1983) .................................................................................................. 4

Cole v. BT & G, Inc.,
    141 Cal. App. 3d 995 (1983) ....................................................................................... 4

Corcoran v. Columbia Broadcasting System, Inc.,
    121 F.2d 575 (9th Cir. 1941) ....................................................................................... 3

Dean Vincent, Inc. v. Krishell Laboratories, Inc.,
    271 Or. 356, 532 P.2d 237 (1975) ............................................................................... 4

Fink v. Gomez,
    239 F.3d 989 (9th Cir. 2001) ....................................................................................... 5

First Commodity Traders, Inc. v. Heinold Commodities, Inc.,
    766 F.2d 1007 (7th Cir. 1985) ..................................................................................... 4

Heaton v. Weitz Co., Inc.,
    2007 WL 2301251 (N.D. Iowa 2007) .......................................................................... 2

Hernandez v. Kalinowski,
    146 F.3d 196 (3rd Cir. 1998) ....................................................................................... 5

In re Arrow Transport Co.,
    224 B.R. 457 (Bank. D. Or. 1998) ............................................................................... 4

International Marble & Granite of Colorado, Inc. v. Congress Financial Corp.,
    465 F. Supp. 2d 993 (C.D. Cal. 2006) ......................................................................... 3

Kumble v. Windsor Plaza Comp.,
    555 N.Y.S.2d 290 (N.Y. App. Div. 1990) ................................................................... 6

## TABLE OF AUTHORITIES
**[Continued]**

Page(s)

Maljack Products, Inc. v. Palisades Entertainment,
    1995 WL 779154 (C.D. Cal. 1995) .................................................................................. 3

Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group,
    129 Cal. App. 4th 508 (2005) ........................................................................................... 4

Noxell Corp. v. Firehouse Number 1 Bar-B-Que Restaurant,
    771 F.2d 521 (D.C. Cir. 1985) .......................................................................................... 2

Otay River Constructors v. San Diego Expressway,
    - Cal.App.4th -, 2008 WL 60264 (2008) ......................................................................... 4

Ross v. Congregation B'Nai Abraham Mordechai,
    814 N.Y.S.2d 837 (N.Y. Civ. Ct. 2006) ........................................................................... 6

State Department of Health Services v. Superior Court,
    31 Cal. 4th 1026 (2003) .................................................................................................... 2

Telegen Communications Corp. v. Weinberger,
    1998 WL 849076 (N.D. Cal. 1998) ................................................................................. 3

Truegreen Landcare, LLC v. Elm City Development & Const. Serv., LLC,
    101 Conn. App. 11, 919 A.2d 1077 (2007) ..................................................................... 5

I.

INTRODUCTION

The Asset Purchase Agreement ("Agreement") between Jupiterimages Corporation ("Jupiterimages") on one hand and Steve Shapiro and Steve Shapiro Music[1] (collectively "Shapiro") on the other hand provides, in relevant part, that "[i]f either party employs attorneys to enforce any rights arising out of or relating to this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees."  See Eisenberg Decl. ¶ 3, Exh. A (¶ 8.1); Exhibit to First Amended Complaint, filed on or about November 20, 2008.

Shapiro filed a declaratory relief lawsuit against Jupiterimages in California. Specifically, Shapiro's First Amended Complaint ("FAC") asks for a declaration that: (a) Shapiro does not have to indemnify Jupiterimages under the Agreement for "indirect expenses for in-house attorney fees"; (b) the limitation of liability in Paragraph 6.1 of the Agreement is valid and applicable here; (c) the "indemnification process" became part of the Agreement; and (d) the Agreement should not be rescinded.  See FAC ¶ 10.

This Court granted Jupiterimages' motion to dismiss because declaratory relief was improper in this Court.  See Riffer Decl. ¶ 5, Exh. A.  This Court then entered Judgment for Jupiterimages.  Id. ¶ 6, Exh. B.

As such, Plaintiff employed attorneys "to enforce … rights … arising out of or relating to this Agreement"; Plaintiff's California Complaint was dismissed; Judgment was entered in favor of Jupiterimages ending the California lawsuit; and so Jupiterimages is the "prevailing party" in Shapiro's attempt to "enforce any rights arising out of or relating to this Agreement" in California.

In addition, attorney fees are appropriate under the Court's inherent authority.

Accordingly, Jupiterimages is entitled to recover its attorney fees.

---

[1] Steve Shapiro does business as Steve Shapiro Music; Steve Shapiro Music is not an entity.

## II.

## JUPITERIMAGES IS THE PREVAILING PARTY

This Court granted Jupiterimages' motion to dismiss Shapiro's declaratory relief Complaint and entered Judgment in favor of Jupiterimages. Jupiterimages is the prevailing party and is entitled to its attorney fees. See generally Heaton v. Weitz Co., Inc., 2007 WL 2301251 (N.D. Iowa 2007).

Nonetheless, during the meet-and-confer before this motion was filed, Shapiro's counsel stated that Jupiterimages was not the "prevailing party" because Jupiterimages did not prevail on the "merits." This argument is incorrect.

1. The "prevailing party" is the "party who is successful or partially successful in an action, so as to be entitled to costs." Ballentine's Law Dictionary 985 (3d ed. 1969).

There is no requirement that the prevailing party succeed on the "merits" to award costs. See Anderson v. Christian Hosp. Northeast-Northwest, 100 F.R.D. 497, 498 (E.D. Mo. 1984) ("even though this Court's dismissal of plaintiffs' claim was without prejudice and was not a dismissal on the merits, defendants are "prevailing parties" for purposes of taxing costs).

2. The D.C. Circuit -- in an opinion written by a panel with two future Supreme Court Justices -- held that where the defendant prevailed on its motion for improper venue, it was a prevailing party and awarded attorney fees. See Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, 771 F.2d 521, 524 (D.C. Cir. 1985) (Ginsburg, J.).[2]

Plaintiff argued that because defendant "achieved dismissal of the action on a procedural ground not preclusive of a second action elsewhere, [it] fails to qualify as a 'prevailing party.'" Id.

Then-Judge Ginsburg rejected this argument: "[D]efendant … has here achieved an enduring victory. [Plaintiff's] suit stands dismissed, and [Plaintiff] is forever barred from reinstituting the action in the District of Columbia." Id., 771 F.2d at 525.

---

[2] The panel included two subsequent Supreme Court Justices: Justice Ginsburg and Justice Scalia.

- 2 -  RIFFER DECL IN SUPPORT OF MTN FOR ATTY FEES; Case No.3:07-CV-5540 PJH

1  Similarly, Jupiterimages prevailed on its motion to dismiss Shapiro's California
2  declaratory relief lawsuit. Jupiterimages "prevailed."

3  3. Courts routinely hold that a defendant is a "prevailing party" and entitled to
4  attorney fees where a plaintiff voluntarily dismisses its lawsuit without prejudice (and, so can file
5  again later) and, by definition, the defendant had not prevailed on the merits.

6  "Where … a defendant has been put to the expense of making an appearance and of
7  obtaining an order for the clarification of the complaint, and the plaintiff then voluntarily dismisses
8  without amending his pleading, the party sued is the prevailing party within the spirit and intent of
9  the statute even though he may, at the whim of the plaintiff, again be sued on the same cause of
10  action." Corcoran v. Columbia Broadcasting System, Inc., 121 F.2d 575, 576 (9th Cir. 1941).

11  In International Marble & Granite of Colorado, Inc. v. Congress Financial Corp., 465
12  F.Supp.2d 993, 1000 & n.2 (C.D. Cal. 2006), the court granted defendant's motion to dismiss, but
13  gave plaintiff leave to amend. Instead of amending, the plaintiff dismissed the case without
14  prejudice. The court held that the defendant was a "prevailing party" and awarded attorney fees:
15  "Plaintiff's complaint caused Defendant to expend considerable resources on its motion to dismiss
16  and on discovery. Regardless of why Plaintiff did not file an amended complaint, under these
17  circumstances, Defendant should be considered the prevailing party." Id.

18  The court further noted: "calling Defendant a 'prevailing party' does not indicate that
19  Defendant prevailed on the merits; rather, it indicates that Defendant prevailed by achieving
20  dismissal of a complaint that did not come close to passing muster." Id.

21  In Maljack Prods, Inc. v. Palisades Entertainment, 1995 WL 779154 (C.D. Cal.
22  1995), the defendant filed a motion to dismiss for lack of personal jurisdiction and plaintiff
23  subsequently dismissed defendant without prejudice. The Court held that the defendant was the
24  "prevailing party" and entitled to attorney fees. Id. at *1. In "spite of its age, Corcoran[3] is still
25  good law and continues to be cited favorably by courts in many circuits." Id. *2.

26  Other courts have also so held. See, e.g., Telegen Communications Corp. v.

---

[3] Corcoran is cited three paragraphs above in the text.

1  Weinberger, 1998 WL 849076 (N.D. Cal. 1998) (defendants were "prevailing parties" where
2  plaintiff dismissed its case without prejudice after defendants filed a motion to dismiss for lack of
3  personal jurisdiction and, as to some defendants, another motion as well, although the court did not
4  award attorney fees for other reasons); Dean Vincent, Inc. v. Krishell Labs, Inc., 271 Or. 356, 358,
5  532 P.2d 237 (1975) ("The trial court denied attorney's fees because it did not believe defendant
6  qualified as the 'prevailing party.'  However, defendant was the prevailing party because a voluntary
7  nonsuit terminates the case in a defendant's favor.  Even though the termination was without
8  prejudice and plaintiff could file another case upon the same cause of action, these facts did not
9  prevent defendant from being the party in whose favor the judgment was rendered in that particular
10 case."); see also In re Arrow Transp. Co., 224 B.R. 457, 461 (Bank. D. Or. 1998) ("Where … the
11 opposing party is put to the expense of filing pleadings which controvert the WARN Act claim, it is
12 a prevailing party … regardless of whether the claimant later withdraws its claim or the objecting
13 party prevails on the merits."); see generally First Commodity Traders, Inc. v. Heinold
14 Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985) ("Under Rule 54(d), 'where there is a
15 dismissal of an action, even where such dismissal is voluntary and without prejudice, the defendant
16 is the prevailing party.'").

17         4.  Courts "have awarded attorney fees to a party obtaining an appealable order or
18 judgment in a discrete legal proceeding even though the underlying litigation on the merits was not
19 final." Otay River Constructors v. San Diego Expressway, - Cal.App.4th -, 2008 WL 60264 *7
20 (2008); Christensen v. Dewor Developments, 33 Cal. 3d 778, 786–87 (1983) (party prevailing on
21 petition to compel arbitration was entitled to attorney fees, despite the lack of a final resolution on
22 the underlying merits of the dispute between the parties); Marcus & Millichap Real Estate
23 Investment Brokerage Co. v. Woodman Investment Group, 129 Cal.App.4th 508, 510–13 (2005)
24 (successful party on motion to vacate arbitration award was entitled to contractual attorney fees and
25 costs even though the parties had not resolved the underlying merits of the arbitration); Cole v. BT
26 & G, Inc.,141 Cal. App. 3d 995, 996–98 (1983) (defendants successful in vacating a confession of
27 judgment were prevailing parties entitled to contractual attorney fees even though underlying
28 litigation on the contract was not final).

1   Similarly, Jupiterimages prevailed on its motion to dismiss Shapiro's California
2   declaratory relief lawsuit. Jupiterimages "prevailed."

3   5. A party also "prevails" and is entitled to attorney fees where its adversary loses
4   because of discovery abuse (and, again, there is no ruling on the merits). See, e.g., Truegreen
5   Landcare, LLC v. Elm City Dev. & Const. Serv., LLC, 101 Conn. App. 11, 919 A.2d 1077, 1079
6   (2007) (tenant was "prevailing party" under the contract even though it obtained judgment due to
7   adversary's discovery abuse rather than on the merits).

## III.

## ATTORNEY FEES ARE ALSO PROPER UNDER THE COURT'S INHERENT POWER

The Court retains the inherent power to shift fees in its discretion where a party acted in bad faith, vexatiously, wantonly, or for oppressive purposes. Chambers v. NASCO, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); accord Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001) (court's inherent power to sanction available upon finding that party acted in bad faith or engaged in "conduct tantamount to bad faith," including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose).

Shapiro filed his check-the-boxes California Complaint in anticipation of Jupiterimages suing him in Connecticut. He sued here to try improperly to obtain a California forum for a dispute that should be adjudicated in Connecticut. His counsel refused to dismiss this Complaint, even though Jupiterimages' counsel requested that he do so. See Riffer Decl. ¶ 7, Exh. C, D and E.

## IV.

## A PREVAILING PARTY IS ENTITLED TO ATTORNEY FEES FOR THE TIME MAKING THE MOTION FOR ATTORNEY FEES

A prevailing party may recover "fees on fees" on the grounds that the prevailing party should be compensated for time spent proving the value of the attorney's services. See Hernandez v. Kalinowski, 146 F.3d 196, 199 (3rd Cir. 1998); Board of Trustees of Hotel &

Restaurant Employees Local 25 v. JPR, Inc., 136 F.3d 794, 808 (D.C. Cir. 1998); Kumble v. Windsor Plaza Comp., 555 N.Y.S.2d 290 (N.Y. App. Div. 1990); Ross v. Congregation B'Nai Abraham Mordechai, 814 N.Y.S.2d 837, 848 (N.Y. Civ. Ct. 2006).

V.

## JUPITERIMAGES IS ENTITLED TO ITS ATTORNEY FEES

Jupiterimages incurred attorney fees of over $48,000 in defending this case and estimates that it will incur another $20,000 through the hearing on this motion. See Riffer Decl. ¶¶ 19, 27. Those figures are based on the following:

Jupiterimages incurred attorney fees in excess of $1,200 in reviewing and analyzing the initial Complaint and background documents and related matters. See Riffer Decl. ¶ 20.

Jupiterimages incurred attorney fees in excess of $1,600 in drafting the removal papers and related motion to seal and related matters. See Riffer Decl. ¶ 21.

Jupiterimages incurred attorney fees in excess of $12,500 in drafting the motion to dismiss the original Complaint and related matters. See Riffer Decl. ¶ 22.

Jupiterimages incurred attorney fees in excess of $2,000 in drafting the motion to dismiss the First Amended Complaint and related matters. See Riffer Decl. ¶ 23.

Jupiterimages incurred attorney fees in excess of $13,000 in reviewing Plaintiff's opposition papers and drafting the replay papers in support of its motion to dismiss the First Amended Complaint. See Riffer Decl. ¶ 24.

Jupiterimages incurred attorney fees in excess of $7,000 in preparing for, and attending, the hearing on the motion to dismiss the First Amended Complaint and related matters. See Riffer Decl. ¶ 25.

Jupiterimages incurred attorney fees in excess of $11,500 in researching its right to obtain attorney fees and drafting this motion for attorney fees. See Riffer Decl. ¶ 26.

Jupiterimages estimates that it will incur in excess of another $13,500 in attorney fees in reviewing Plaintiff's opposition papers and drafting the reply papers for this motion for attorney fees; and another $7,500 in attorney fees preparing for, and attending, the hearing on this

1  motion. See Riffer Decl. ¶ 27.

2                                       VI.

3                                  CONCLUSION

4         Accordingly, this Court should grant Jupiterimages' motion and enter an award

5  granting Jupiterimages its attorney fees.

7  DATED: February 1, 2008          JEFFER, MANGELS, BUTLER & MARMARO LLP
                                    JEFFREY K. RIFFER

9                                   By: */S/ JEFFREY K. RIFFER*
                                        JEFFREY K. RIFFER
10                                   Attorneys for Defendant JUPITERIMAGES CORP.