JEFFER, MANGELS, BUTLER & MARMARO LLP
JEFFREY K. RIFFER (Bar No. 87016) (JRiffer@jmbm.com)
1900 Avenue of the Stars
Seventh Floor
Los Angeles, CA 90067-4308
Telephone:   310-203-8080
Facsimile:    310-203-0567

Attorneys for Defendant JUPITERIMAGES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHAPIRO and STEVE SHAPIRO MUSIC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JUPITERIMAGES CORPORATION,<br><br>　　　　Defendant. | CASE NO.   3:07-CV-5540 PJH<br><br>DECLARATION OF JEFFREY K. RIFFER IN SUPPORT OF JUPITERIMAGES CORPORATION'S MOTION FOR ATTORNEY FEES<br><br>Date:   March 12, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 3 |

DECLARATION OF JEFFREY K. RIFFER

I, Jeffrey K. Riffer, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner with the law firm of Jeffer, Mangels, Butler & Marmaro, LLP ("Jeffer law firm"), counsel of record for defendant Jupiterimages Corporation ("Jupiterimages").

## HISTORY OF THE LITIGATION

2. Plaintiff Steve Shapiro and Steve Shapiro Music (collectively "Shapiro") sued Jupiterimages in state court. Jupiterimages removed the case to this Court.

3. Jupiterimages filed a motion to dismiss the Complaint. Instead of responding to that motion, Shapiro filed a First Amended Complaint.

4. Jupiterimages filed a motion to dismiss the First Amended Complaint.

5. The Court granted Jupiterimages' motion to dismiss. A true and correct copy of that Court Order granting that motion is attached hereto as Exhibit A.

6. The Court entered Judgment in favor of Jupiterimages. A true and correct copy of that Court Order granting that motion is attached hereto as Exhibit B.

7. I requested Mr. Stein, counsel for Shapiro, to dismiss Shapiro's lawsuit and warned him that we would seek attorney fees. A true and correct copy of my November 28, 2007 email to Mr. Stein, my December 11, 2007 email to Mr. Stein and my January 4, 2008 email to Mr. Stein are attached hereto respectively as Exhibits C, D and E. Mr. Stein never dismissed the lawsuit.

## MY BACKGROUND

8. I grew up in Indiana and graduated from Indiana University with a B.S. in Accounting in 1975. I then passed the Certified Public Examination. I graduated from Indiana University School of Law in 1978. I was elected to Order of the Coif and was Managing Editor of

the Indiana Law Journal.

9. I clerked for the late Hon. William E. Steckler, the Chief Judge of the Southern District of Indiana for one year beginning in 1978 and lasting into 1979.

10. After the clerkship, I moved to California. I have been in private practice in California since 1979. I am a litigation partner with Jeffer, Mangels, Butler & Marmaro LLP.

11. In the last several years, I won a jury trial for a motion studio, a court trial for the largest Spanish-language newspaper in the United States and an arbitration for two investors.

12. I have written a book, Sports and Recreational Injuries, and that book has been cited by courts and commentators. I have also written several law journal articles. One of my articles was published by a Harvard Law School journal and was cited with approval by the California Supreme Court in State Dept. of Health Services v. Superior Court, 31 Cal.4th 1026, 1043 (2003).

13. I was an Adjunct Professor of Law at Pepperdine University School of Law for approximately 10 years. I have been a guest speaker at several law schools (UCLA, Indiana and Loyola) and graduate business schools (Pepperdine).

14. I have extensive experience practicing in federal court.

15. I spent in excess of 100 hours working on this matter.

### HOURLY RATES

16. My standard hourly rate for 2007 was $530 and this was the rate charged to Jupiterimages. My standard hourly rate for 2008 is $580 this is the rate charged to Jupiterimages. These rates are consistent with the rates charged by other attorneys in private practice in California with my level of experience and background.

17. Brian Yates assisted me in 2007. Mr. Yates is associate at my law firm. Mr. Yates graduated Phi Beta Kappa from University of Southern California in 2001. He graduated from the Yale Law School in 2005. During law school he was President of the Yale Entertainment and Sports Law Association. Mr. Yates' 2007 standard hourly billing rate was $250 and this was the rate charged to Jupiterimages. This rate is consistent with the rates charged by other attorneys

1  in private practice in California with his level of experience and background. Mr. Yates spent in
2  excess of 11 hours on this matter.

3  18. Joe Nicchitta assisted me in 2008. Mr. Nicchitta is an associate at my law firm.
4  Mr. Nicchitta graduated Phi Beta Kappa from the University of California, Berkeley in 2001. He
5  graduated from New York University Law School in 2006. During law school, he was an Associate
6  Editor of the <u>New York University Review of Law & Social Change</u>. Mr. Nicchitta's 2008 standard
7  hourly billing rate is $295 and this was the rate charged to Jupiterimages. This rate is consistent
8  with the rates charged by other attorneys in private practice in California with his level of
9  experience and background. Mr. Nicchitta spent in excess of 13 hours on this matter.

## JUPITERIMAGES' ATTORNEY FEES

19. Jupiterimages has incurred in excess of $48,000 in attorney fees and costs in defending this lawsuit. This total comprises the following work:

20. Jupiterimages incurred attorney fees in excess of $1,200 in reviewing and analyzing the initial Complaint and background documents and communications between Jupiterimages and my law firm regarding those issues.

21. Jupiterimages incurred attorney fees in excess of $1,600 in drafting the removal papers and related motion to seal and in communications between Jupiterimages and my law firm regarding those issues.

22. Jupiterimages incurred attorney fees in excess of $12,500 in drafting the motion to dismiss the original Complaint and related papers such as the Notice of Related Case and response to the Court's Standing Order and in communications between Jupiterimages and my law firm regarding those issues.

23. Jupiterimages incurred attorney fees in excess of $2,000 in drafting the motion to dismiss the First Amended Complaint and in communications between Jupiterimages and my law firm regarding those issues.

24. Jupiterimages incurred attorney fees in excess of $13,000 in reviewing Plaintiff's opposition papers and drafting the replay papers in support of its motion to dismiss the First

1  Amended Complaint and in communications between Jupiterimages and my law firm regarding
2  those issues.

3        25. Jupiterimages incurred attorney fees in excess of $7,000 in objecting to Shapiro's
4  Notice to Produce Documents at the hearing on the motion to dismiss, preparing for and attending
5  such hearing, including reviewing numerous emails and related documents that Mr. Stein sent to me
6  the day before the hearing and communications between Jupiterimages and my law firm regarding
7  those issues.

8        26. Jupiterimages incurred attorney fees in excess of $11,500 in researching its right
9  to obtain attorney fees and drafting this motion for attorney fees.

10       27. I estimate that Jupiterimages will incur in excess of another $13,500 in attorney
11 fees in reviewing Plaintiff's opposition papers and drafting the reply papers for this motion for
12 attorney fees; and another $7,500 preparing for, and attending, the hearing on this motion for
13 attorney fees.

14       28. I have attached true and correct copies of our November 15, 2007 bill, our
15 December 12, 2007 bill, our January 17, 2007 and our February 1, 2008 bill (that has not yet been
16 sent) as respectively Exhibits F, G, H and I. I redacted certain entries because they disclosed
17 information that is privileged from disclosure by attorney-client privilege or the work product rule;
18 however, Jupiterimages is not requesting such items in this motion for attorney fees.

19       29. In my law firm, attorneys keep track of the time (in tenths of an hour) they spend
20 on a matter on a daily basis. Those entries are then compiled on a monthly bill that is sent to the
21 client.

## MEET-AND-CONFER

24       30. On January 29, 2008, I had a meet-and-confer with Mr. Stein, counsel for
25 Plaintiffs, for the purpose of attempting to resolve any disputes with respect to this motion. We
26 were unable to resolve any issues.

1   I declare under penalty of perjury under the laws of the United States of America that
2   the foregoing is true and correct and that this declaration was executed on the 1st day of February,
3   2008 at Los Angeles, California.

/S/ JEFFREY K. RIFFER
JEFFREY K. RIFFER