**Rivera, Ana**

---

**From:** Riffer, Jeffrey K.
**Sent:** Wednesday, November 28, 2007 9:14 AM
**To:** 'sbs@lskg-law.com'
**Subject:** Shapiro v. Jupiterimages; Pls dismiss the FAC

Steve,

Shapiro should dismiss his Declaratory Relief lawsuit as soon as possible.

It is a waste of judicial resources to have two federal court lawsuits between the same parties involving the same dispute.

Shapiro's First Amended Complaint ("FAC"), containing one claim declaratory relief, deals solely with Shapiro's purported defenses to some (but not even all) of Jupiterimages' claims against him in Connecticut federal court for fraud, negligent misrepresentation, innocent misrepresentation, multiple breaches of contract, violation of the UCC, unfair trade practices and rescission.

Declaratory relief is discretionary. Shapiro's FAC for declaratory relief is inappropriate for three independent reasons.

First, Shapiro's declaratory relief FAC will not resolve all the disputes between the parties and it is improper to use declaratory relief to decide only a sliver of the controversy between the parties; in contrast, the Jupiterimages' Connecticut federal court lawsuit against Shapiro will provide complete relief between the same parties.

Second, Shapiro's declaratory relief FAC seeks to defeat liability in a subsequent suit for coercive relief, i.e., damages, and this is an improper use of declaratory relief.

Third, Shapiro's declaratory relief lawsuit in this Court was originally filed in anticipation of Jupiterimages' Connecticut lawsuit against him for damages, in order to obtain a more favorable forum or procedural posture and this is also an improper use of declaratory relief. Shapiro's FAC for declaratory relief regarding some of Shapiro's purported defenses to the Connecticut lawsuit was filed after the Connecticut lawsuit against him had been filed and this is a particularly improper use of declaratory relief.

There is nothing in your email to the contrary.

Your reliance on Judge Hamilton's Bridgelux, Inc v. Cree, Inc., 2007 U.S. Dist. LEXIS 53137 (N.D. Cal. 2007) opinion is misplaced.

Bridgelux is a patent case and, as you know, the district courts in patent cases must follow the Federal Circuit, not the otherwise relevant Court of Appeal.

Judge Hamilton previously held, following the Federal Circuit, that "that where an action for declaratory relief is filed before a direct action in another forum, a first-to-file determination is preferred in order to avoid 'a general rule favoring patentee's choice of forum.'" Biosite, Inc. v. XOMA Ltd., 168 F. Supp. 2d 1161, 1164 (N. D. Cal. 2001). That policy consideration does not apply in non-patent cases.

EXHIBIT C

1

A different result applies in non-patent cases -- as noted by Judge Hamilton after her Bridgelux opinion.

"Even if the threshold factors of the first to file rule are met, however, wise judicial administration does not dictate a rigid mechanical solution of such problems. District courts can exercise their discretion and dispense with the rule for equitable reasons, which include bad faith, anticipatory suit, and forum shopping....
[T]he Declaratory Judgments Act should not be invoked to deprive a plaintiff the choice of forum and timing, and application of the first to file rule in such situations would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with an alleged infringer." Mediostream, Inc. v. Priddis Music, Inc., 2007 U.S. Dist. LEXIS 73707, *6-7 (N.D. Cal. Sept. 24, 2007) (Hamilton, J.) (transferred declaratory relief complaint to court handling the infringement complaint) (internal quotations omitted).

In addition to the many cases cited in our motion papers, just two weeks ago, another California federal court dismissed a declaratory relief complaint for non-infringement of copyrights in light of a later filed copyright infringement lawsuit.

"A court can also decline jurisdiction if it appears that the declaratory relief suit was filed for an improper tactical purpose.... For instance, courts have recognized that declaratory relief actions are inappropriate when filed merely to improve a bargaining position in ongoing negotiations.... Further, using the Declaratory Judgment Act to anticipate an affirmative defense is not ordinarily proper, and numerous courts have refused to grant declaratory relief to a party who has come to court only to assert an anticipatory defense." Veoh Networks, Inc. v. UMG Recordings, Inc., 2007 U.S. Dist. LEXIS 84513
*12 (S.D.Cal. Nov. 14, 2007).

It is irrelevant that Shapiro is located in California. Jupiterimages is located in Connecticut. "'From society's point of view it is essentially irrelevant which one [of the parties] bears the expense and inconvenience of litigating in a distant forum- someone must'." Budget Rent A Car Corp. v. Miljack, Inc., 760 F. Supp. 135, 136 (D. Ill. 1991).

The rest of your email is incorrect as well.

There is no basis for Shapiro's FAC for declaratory relief. Judge Hamilton has noted that declaratory relief is inappropriate under the circumstances here. Please dismiss Shapiro's FAC as soon as possible.

---

Jeff Riffer
JMBM | Jeffer, Mangels, Butler & Marmaro LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

(310) 201-3577 Direct
(310) 203-0567 Fax
JRiffer@jmbm.com
JMBM.com