1  Steven B. Stein, Esq. [SBN 52829]
2  **LAW OFFICE OF STEVEN B. STEIN**
   44 Montgomery Street, 36th Floor
3  San Francisco, CA  94104
   Tel.:  (415) 646-7171
4  Fax:  (415) 981-1095

5  Attorneys for Plaintiffs, STEVE SHAPIRO
   and STEVE SHAPIRO MUSIC
6

7
                    **UNITED STATES DISTRICT COURT**
8
                   **NORTHERN DISTRICT OF CALIFORNIA**
9

10

11  STEVE SHAPIRO and STEVE SHAPIRO      ) Case No. 3:07-CV-5540 PJH
    MUSIC,                                )
12                                        )
                                          ) **PLAINTIFFS' MEMORANDUM OF**
13              Plaintiffs,               ) **POINTS AND AUTHORITIES IN**
                                          ) **OPPOSITION TO JUPITERIMAGES**
14  vs.                                   ) **CORPORATION'S MOTION FOR**
                                          ) **ATTORNEY FEES**
15  JUPITERIMAGES CORPORATION,            )
                                          ) Current Hearing Date:  March 12, 2008
16              Defendant.                ) Time:  9:00 a.m.
                                          ) Location:  Courtroom 3
17  _____  )

18

19

20

21

22

23

24

25

26

27

28

1

2
# TABLE OF CONTENTS

Page

I.  INTRODUCTION........................................................................................... 1

II. BACKGROUND............................................................................................. 1

III. LEGAL ARGUMENT.................................................................................... 3

    A.  JUPITER IS NOT A PREVAILING PARTY............................................. 3

    1.  Under New York law Jupiter is not a prevailing party for purposes of entitle-
       ment to contractual attorney's fees.......................................................... 4

    2.  The hodgepodge of citation to case law outside of New York does not support
       Jupiter's position.....................................................................................8

    B.  JUPITER IS NOT ENTITLED TO "FEES ON FEES" UNDER NEW YORK
       LAW..................................................................................................... 12

    C.  THE FEES JUPITER CLAIMS ARE MANIFESTLY EXCESSIVE........................... 13

IV. CONCLUSION............................................................................................. 15

{N0783366}

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY
Case No. 3:07-CV-5540 PJH

1

2                           **TABLE OF AUTHORITIES**

3                                                                          Page(s)

4    **CASES**

5    815 Park Ave. Owners. Inc. v. Metzger,
6            250 A.D.2d 471, 672 N.Y.S.2d 860 (N.Y. App. Div. 1998)......................................6

7    Anderson v. Christian Hosp.,
8            100 F.R.D. 497 (E.D. Mo. 1984)................................................................... 9

9    Bd. of Mgrs. Of 55 Walker St. Condo. v. Walker St., LLC,
             6 A.D.3d 279, 774 N.Y.S.2d 701 (N.Y. App. Div. 2004)....................................... 7
10

11   Conopco. Inc. v. Campbell Soup Co.,
             95 F.3d 187, 194-95 (2d Cir. 1996)................................................................ 10
12

13   Corcoran v. Columbia Broadcasting Sys.,
             121 F.2d 575 (9th Cir.1941)....................................................................... 11

14   Dean Vincent, Inc. v. Krishell Labs., Inc.,
15           532 P.2d 237, 271 Or. 356 (1975)................................................................. 11

16   Elkins v. Cinera Realty, Inc.,
17           61 A.D.2d 828, 402 N.Y.S.2d 432 (1978)...........................................................7

18   F.H. Krear & Co. v. Nineteen Named Trustees,
             810 F.2d 1250, 1266 (2d Cir. 1987)................................................................ 12
19

20   First Nat'l Bank of East Islip v. Brower,
             42 N.Y.2d 471, 474, 368 N.E.2d 1240 (1977)...................................................... 15
21

22   Kumble v. Windsor Plaza Co.,
             161 A.D.2d 259, 555 N.Y.S.2d 290 (N.Y. App. Div. 1990)..................................... 13

23   Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant,
24           771 F.2d 521 (1985)................................................................................. 9

25   Ross v. Congregation B'Nai Abraham Mordechai,
26           12 Misc.3d 559, 814 N.Y.S.2d 837 (N.Y. Civ. Ct. 2006)...................................... 12

27   Salvador v. Uncle Sam's Auctions & Realty, Inc.,
28           307 A.D.2d 609, 611, 763 N.Y.S.2d 360 (N.Y. App. Div. 2003)............................. 7

{N0783366}

SO/Bluestar, LLC v. Canarsie Hotel Corp.,
    33 A.D.3d 986, 988, 825 N.Y.S.2d 80 (N.Y. App. Div. 2006)................................. 14

Solow v. Wellner,
    205 A.D.2d 339, 340, 613 N.Y.S.2d 163, aff'd 86 N.Y.2d 582 (1994)......................... 5

Stephen W. Boney, Inc. v. Boney Services, Inc.,
    127 F.3d 821, 827 (9th Cir. 1997)............................................................... 10

Swiss Credit Bank v. Int'l Bank, Ltd.,
    23 Misc.2d 572, 573-74, 200 N.Y.S.2d 828 (1960)............................................ 12

Sykes v. RFD Third Ave. I Assocs., LLC,
    39 A.D.3d 279, 833 N.Y.S.2d 76 (N.Y. App. Div. 2007)...................................... 4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY
Case No. 3:07-CV-5540 PJH

1

## I. INTRODUCTION

2    Defendant, Jupiterimages Corporation, congratulates itself too soon. Jupiterimages

3  Corporation ("Jupiter") is not entitled to attorney's fees it expended in having this case dismissed

4  because, under New York law, Jupiter is not a "prevailing party" as required by the attorneys' fee

5  provision in the Asset Purchase Agreement ("Agreement"). Jupiter has not "prevailed" in enforcing

6  any of its rights under its Agreement, and, until it or Mr. Shapiro prevails in the pending Connecticut

7  action, neither party will be entitled to attorney's fees. Furthermore, even if Jupiter were a "prevailing

8  party" it would not be entitled to recover the fees it claims for preparing and arguing its Motion for

9  Attorneys Fees. Moreover, the fees Jupiter claims are manifestly excessive.   For all of these reasons,

10  Mr. Shapiro respectfully requests that Jupiter's motion for attorney's fees be denied.

11

## II. BACKGROUND

12    On October 30, 2007, Mr. Shapiro filed a declaratory judgment action in California state court

13  so that he could prove that he was not liable for certain claims that Jupiter had identified under the

14  Asset Purchase Agreement between Mr. Shapiro and Jupiter.  After Jupiter removed the case to this

15  Court, Jupiter commenced an action in Connecticut seeking affirmative relief for the very claims Mr.

16  Shapiro sought to disprove in the California action (among others).

17    This Court then dismissed this action, in favor of the Connecticut action for reasons of judicial

18  efficiency.  Contrary to Jupiter's characterization of this Court's decision, this Court never determined

19  that Mr. Shapiro's declaratory judgment action was "improper in this Court." See Jupiter brief at 1.

20  Instead, this Court decided that the Connecticut action stemming from the same course of conduct

21  between the parties would resolve more of the dispute between the parties than the comparatively

22  narrow scope of this declaratory judgment action. That, combined with the Court's finding that this

23  case was brought in anticipation of an action in Connecticut, caused the Court to dismiss this case in

24  favor of the Connecticut case.  In fact, were it not for the Connecticut case, this case would remain

25  pending.  Accordingly, this case was not brought "improper[ly] in this Court."[1]

26

27

28  [1] Jupiter has, in reality, engaged in its own brand of "forum shopping." Jupiter could easily have brought its claims in this California case. Instead Jupiter elected to commence a Connecticut action

{N0783366}

1      Jupiter accurately quotes the attorney's fee portion of paragraph 8.1 of the Agreement entitled

2 "Applicable Law." What Jupiter omits, however, is the sentence in paragraph 8.1 that immediately

3 precedes the attorney's fee provision. That sentence provides: "This Agreement shall be governed by

4 and construed in accordance with the laws of the United States of America and the state of New York,

5 without regard to the conflicts of law principles."[2] See Eisenberg Decl. (accompanying Juipter's

6 Motion for Attorney's Fees), Ex. A (¶ 8.1). As discussed below, under New York law, Jupiter is not a

7 "prevailing party" and is not entitled to attorneys fees in this case.

8      Mr. Shapiro and Jupiter recently filed their joint Rule 26(f) report in the Connecticut action.

9 See Stein Decl., Ex. A. As section III B. of the report makes clear, Mr. Shapiro will soon be pleading

10 his claim for declaratory relief as a counterclaim in the Connecticut action.   If one party or the other

11 eventually "prevails" (under New York law) on Mr. Shapiro's counterclaim and the various

12 affirmative claims brought by Jupiter, the prevailing party will be entitled to claim its reasonable

13 attorney's fees under the terms of the Agreement.   At that time, a United States District Court Judge

14 in Connecticut may decide who, if anyone, is the "prevailing party" and what attorney's fees may be

15 awarded.

16 <h2 style="text-align:center">III. LEGAL ARGUMENT</h2>

17 ### A.   UNDER APPLICABLE AUTHORITY JUPITER IS NOT A PREVAILING PARTY.

18      The very same paragraph that contains the "prevailing party" provision cited by the defendant

19 also states that the parties intended that the law of New York would govern their written agreement.

20 (See Agreement ¶ 8.1.)[3] That the defendant cites virtually no New York decisional law is no mystery:

21

22 presumably because Jupiter's principle place of business is in Connecticut. Mr. Shapiro lives in

23 California and would have preferred to litigate there. There is nothing unseemly about preferring one
location over another. Either way, the claims and controversies remain to be resolved.

24 [2] The reference to the laws of the United States of America would govern copyright and certain other
intellectual property issues where federal statutes govern.  The construction of contractual provisions

25 (such as the term "prevailing party") is a state law issue, so New York law applies.

26 [3] The provision states in its entirety:

27

28      Applicable Law.  This Agreement shall be governed by and construed in accordance
     with the laws of the United States of America and the state of New York, without

{N0783366}

1  New York law dispositively undermines the defendant's request for attorney's fees under the
2  Agreement. This complete failure to cite any New York authority highlights the defendant's
3  overreaching in asking this Court for attorney's fees. Jupiter seems to cherry pick from Missouri,
4  Iowa, the District of Columbia, California and Oregon. Even this hodgepodge of cases, however, that
5  purport to contain sound bites favorable to the defendant, beneath the surface contain facts and
6  circumstances that distinguish those cases from this one.

7  ### 1. Under New York law Jupiter is not a prevailing party for purposes of entitlement to contractual attorney's fees.
8

9     In the context of contractual "prevailing party" attorney's fee provisions, New York courts
10 look for some finality of litigation akin to adjudication on the merits or success in obtaining some
11 central relief. The New York Appellate Division in Sykes v. RFD Third Ave. I Assocs.. LLC, 39
12 A.D.3d 279, 833 N.Y.S.2d 76 (N.Y. App. Div. 2007) recited the rule applicable to this case:

13        To determine whether a party has "prevailed" for the purpose of awarding attorneys'
14        fees, the court must consider the "true scope" of the dispute litigated and what was
15        achieved within that scope . . . . To be considered a "prevailing party," one must simply
16        prevail on the central claims advanced, and receive substantial relief in consequence
17        thereof . . . .

18 Sykes, 39 A.D.3d at 279 (internal citations omitted). See also Solow v. Wellner, 205 A.D.2d 339, 340,
19 613 N.Y.S.2d 163, aff'd 86 N.Y.2d 582 (1994). Sykes involved an attorney fee provision within an
20 escrow agreement related to the purchase of real estate. Id. The seller placed $75,000 in escrow in
21 order to secure the completion of repair work that it promised to perform in connection with the
22 closing. Id. The attorney fee provision stated "that in the event any legal action was commenced with
23
24
25        regard to the conflicts of law principles.  If either party employs attorneys to enforce
26        any rights arising out of or relating to this Agreement, the prevailing party shall be
           entitled to recover reasonable attorney's fees.  Each party waives any right, and agrees
27        not to apply to have any disputes under this Agreement tried or otherwise determined
           by a jury, except where required by law.
28

{N0783366}
                                        3

1  regard to the escrow funds, 'the prevailing party shall be entitled to recover its legal fees and
2  disbursement.'" Id.

3      Litigation ensued over the failure to complete the work in a timely manner but was settled in
4  part by releasing the escrowed funds to the buyers. Sykes, 39 A.D.3d at 279. The matter was referred
5  to a special referee for a determination of the legal fees and expenses. Id. The referee denied
6  attorney's fees to the buyers, finding that because the favorable resolution was achieved through
7  settlement and not judicial order, the buyers were not prevailing parties. Id. Applying the standard
8  articulate above, the Appellate Division reversed the referee's decision and remanded to determine the
9  amount of attorney's fees due the buyers. Id. at 280. The court found that the central claim being
10  enforced was their entitlement to the escrowed funds based on the seller's failure to complete the work
11  as agreed and that the buyers had sufficiently prevailed on their central claim. Id.

12      The New York Appellate Division's decision in 815 Park Ave. Owners, Inc. v. Metzger, 250
13  A.D.2d 471, 672 N.Y.S.2d 860 (N.Y. App. Div. 1998), is particularly illustrative for purposes of
14  denying Jupiter's motion. That action involved residential cooperative's ("the co-op") claim against a
15  cooperative shareholder ("the shareholder") for maintenance arrears and a separate claim for attorney's
16  fees. Id. at 471. Interestingly, the shareholder in that case had obtained judgment of dismissal for lack
17  of jurisdiction in a prior related action brought by the co-op in New York Civil Court. Id. at 471-72.
18  The Supreme Court granted summary judgment for the co-op and awarded attorney's fees except the
19  fees incurred in the Civil Court action. Id.

20      The Appellate Division affirmed but modified the lower court's order to include *all* attorney's
21  fees including those incurred by the co-op in the co-op's prior related action that was *dismissed*. Id. at
22  471-72. The shareholder tried to argue that the co-op was not entitled to attorney's fees related to the
23  prior action because the dismissal made *him* the prevailing party in that action, not the co-op.
24  Unpersuaded, the Appellate Division observed, "That defendant tenant may have been successful in
25  protracting this litigation [by getting dismissal in Civil Court], wherever and by whatever means, does
26  not make him a prevailing party . . . ." Id. at 472. Although the shareholder won the earlier, related
27  case, the court deemed the co-op the prevailing party because it had succeeded on the central dispute.
28  See also Bd. of Mgrs. Of 55 Walker St. Condo. v. Walker St., LLC, 6 A.D.3d 279, 774 N.Y.S.2d 701

{N0783366}

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY
Case No. 3:07-CV-5540 PJH

1 (N.Y. App. Div. 2004) (affirming award of attorneys' fees to condominium association where, despite
2 earlier denial of application for receiver, association ultimately received a substantial part of the relief
3 requested on its central claims).

4 Similarly, the New York Appellate Division has ruled that "it would be unjust to allow [a
5 party] to recover his reasonable attorney's fees based on the outcome of each separate stage of what is
6 clearly one controversy." Elkins v. Cinera Realty, Inc., 61 A.D.2d 828, 402 N.Y.S.2d 432 (1978). In
7 Elkins a landlord's two prior summary proceedings against its tenant resulted in dismissals without
8 prejudice. Id. The court denied the tenant's request for attorney's fees where the landlord had
9 commenced a third action and might "ultimately [be] successful in recovering the rent due under the
10 lease." Id. The court held that prevailing party status is to be determined "based on the ultimate
11 outcome of the controversy." Id. See also Salvador v. Uncle Sam's Auctions & Realty, Inc., 307
12 A.D.2d 609, 611, 763 N.Y.S.2d 360 (N.Y. App. Div. 2003) (where defendant was successful in getting
13 six of seven causes of action dismissed on summary judgment, it was "premature to determine whether
14 counsel fees are appropriate under the relevant provision of the contract, which requires – at a
15 minimum – successful disposition of the action").

16 Jupiter's motion is premature. All that it has achieved in this controversy is a dismissal
17 without prejudice based on judicial efficiency in view of the Connecticut action. The dismissal did not
18 decide even one of Jupiter's or Mr. Shapiro's claims under the Agreement. Not only has Jupiter not
19 prevailed on any of its central claims against Shapiro, nor achieved substantial relief on those claims,
20 Shapiro will be asserting counterclaims in the Connecticut action. Accordingly, Shapiro himself may
21 well prevail in the Connecticut litigation, resulting in his entitlement to the attorney's fees incurred in
22 attempting to enforce those claims in the California action. Without a final outcome according Jupiter
23 substantial relief on its central claims, it would be unjust and contrary to New York law for Jupiter's
24 motion to be granted.

25 ///
26 ///
27 ///
28 ///
{N0793366}

1

2

## 2. The hodgepodge of case law outside of New York does not support Jupiter's position.

3        Jupiter's motion cites to a scattered grouping of federal cases that are at once inapposite and
4    completely distinguishable from this case. First, the defendant's cases concern prevailing party status
5    under federal fee shifting statutes, including civil rights statutes and the Federal Rules of Civil
6    Procedure. Not a single cited federal case treats contractual attorney's fees provisions such as the one
7    at issue here without reference to federal law.

8        Second, to the extent, if at all, that the federal case law cited by the defendant can inform the
9    Court's understanding of the parties' intentions with respect to the prevailing party provision in the
10   Agreement, those cases are entirely distinct from this one. Anderson v. Christian Hosp., 100 F.R.D.
11   497 (E.D. Mo. 1984), for instance, does not even deal with attorney's fees, but concerns the recovery
12   of the $200-cost of providing a copy of the plaintiff's deposition where the plaintiff's case had been
13   dismissed as a *sanction* for failing to comply with court orders concerning discovery. Jupiter cites to
14   no such conduct on the part of Shapiro.

15       Jupiter makes much of then future Justice Ginsburg's opinion in Noxell Corp. v. Firehouse No.
16   1 Bar-B-Que Restaurant, 771 F.2d 521 (1985). That case dealt with the prevailing party provision
17   under the Lanham Act, 15 U.S.C. § 1117(a), which awards attorney's fees to the prevailing party in
18   "exceptional cases" brought under the Act. Id. at 524. Noxell's action was dismissed for improper
19   venue, id. at 523-24, and *not*, as here, for purposes of judicial efficiency. The court explicitly found
20   conduct that it considered to bring the action within the meaning of "exceptional case," including that
21   Noxell's "endeavor to stop the [defendant's] cross appeal" was "wholly unworthy – lacking support
22   'in statute law, this circuit's decision, or good sense,'" id. at 523 (internal citation omitted); that the
23   choice of venue had been "downright 'unreasonable,' inescapably spelling hardship for [the
24   defendants]," id. at 524 n.1; that haling the defendants to a court 3,000 miles from where the claim
25   arose amounted to "'harassment' of the kind Congress meant to deter," id. at 526; that there was "more
26   than a hint of 'economic coercion'" and that Noxell's arguments were "groundless," id. at 526-27; and
27   that Noxell's suit in the District of Columbia was "'unreasonable,' contrary to 'established law,' and . .
28   . unsupported by 'even a wisp' of tenable argument." Id. at 523. Not only is Jupiter unable to explain

{N0783366}

6

1  how or why <u>Noxell</u>'s discussion of the Lanham Act's "exceptional case" standard for determining
2  prevailing party status should be applied to the Agreement in this case, it is unable to cite to any
3  <u>Noxell</u>-type conduct on the part of Shapiro.

4       Jupiter trumpets then future Justice Ginsburg's glorious characterization of the finality of the
5  dismissal of Noxell's case, wherein she states that the defendant "has here achieved an enduring
6  victory" and that "Noxell is forever barred from reinstituting the action in the District of Columbia."
7  But this language dooms Jupiter's motion, for its victory is far from enduring and Shapiro has not been
8  forever barred from reinstituting the California action. To the contrary, the Court stated at the hearing
9  on the defendant's dismissal motion that the dismissal was without prejudice and Shapiro was free to
10 bring his claims in the Connecticut action. As a matter of fact, Shapiro will be filing a counterclaim
11 against Jupiter in Connecticut. Moreover, if the Connecticut action were dismissed, nothing in the
12 Court's decision would prevent him from reinstituting suit in this Court. For these and other reasons,
13 <u>Noxell</u> is wholly distinguishable and inapposite.[4]

14      Similarly, <u>Corcoran v. Columbia Broadcasting Sys.</u>, 121 F.2d 575 (1941), bears no factual nor
15 legal connection with this case. That case treats the prevailing party standard for the attorney's fee
16 provision of the Copyright Act, where defendants were awarded $400 in attorney's fees after the
17 plaintiff voluntarily dismissed the action in response to the court's order that he clarify his complaint.
18 <u>Id.</u> at 575. Significantly, the lower court's decision to award attorney's fees on the dismissed case had
19 followed a period in which the court had chosen to defer decision on attorney fees until a companion

20

21  [4] Both the Second and Ninth Circuits, moreover, have called <u>Noxell</u>'s holding into question. <u>Noxell</u>
22  held that the "exceptional case" requirement entails a lesser standard of bad conduct when the
    defendant prevails, than when a plaintiff prevails – i.e. instead of "bad faith" or "malicious conduct"
23  that a prevailing plaintiff must show in order to get attorney's fees under the Act, a defendant must
    demonstrate mere imposition of "hardship brought to harass." <u>Noxell</u>, 771 F.2d at 526 n.2. But see
24  <u>Conopco, Inc. v. Campbell Soup Co.</u>, 95 F.3d 187, 194-95 (2d Cir. 1996) ("[T]his court has explicitly
    stated that "[the Lanham Act] allows recovery of a reasonable attorney's fee only . . . 'on evidence of
25  fraud or bad faith'. . . . Nothing . . . indicates that a different standard should apply for prevailing
    plaintiffs and prevailing defendants.") (internal citation omitted); <u>Stephen W. Boney, Inc. v. Boney
26  Services, Inc.</u>, 127 F.3d 821, 827 (9th Cir. 1997) ("[The] cases suggest that . . . the standard . . . under
    which bad faith or other malicious conduct satisfies the exceptional circumstances requirement,
27  applies to both prevailing plaintiffs and prevailing defendants seeking attorney's fees under the
28  Lanham Act.")
    {N0783366}

1   infringement suit was also resolved. Id. Only after both suits resulted in dismissal, did the court
2   determine that the attorney's fees of $400 should be awarded, specifically concluding "that the suit had
3   been filed 'without justification, either in law or in fact.'" Id. In contrast to Corcoran, Shapiro's
4   related claims in the Connecticut action have not resolved in favor of the defendant, and Jupiter cannot
5   reasonably contend that Shapiro's California claims were groundless or filed without justification in
6   either law or fact.

7        The remainder of the cases cited by the defendant similarly concern application of federal fee
8   shifting statutes concerning prevailing party status and are therefore inapposite and also factually
9   distinguishable. The sole exception is Dean Vincent, Inc. v. Krishell Labs., Inc., 532 P.2d 237, 271
10  Or. 356 (1975), which involves the application of an Oregon statute that cannot reasonably be said to
11  be applicable in this Agreement; and in any case Dean Vincent is contrary to the binding New York
12  authorities cited above. The Court is left with clear New York precedent favoring denial of Jupiter's
13  motion, and a lack of any viable authority to grant it. Accordingly, Mr. Shapiro respectfully requests
14  that Jupiter's motion be denied.

15      **B.**    **JUPITER IS NOT ENTITLED TO "FEES ON FEES" UNDER NEW**
16                **YORK LAW**

17       Jupiter's request for "fees upon fees" is meritless. "[A] general contract provision for the
18  shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees
19  themselves." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1266 (2d Cir. 1987)
20  (applying New York law);[5] see also Swiss Credit Bank v. Int'l Bank, Ltd., 23 Misc.2d 572, 573-74,
21  200 N.Y.S.2d 828 (1960). In order for fees on fees to be allowed under a contract "specific language
22  would be needed to show such an agreement." F.H.Krear, 810 F.2d at 1267 (quoting Swiss Credit, 23
23  Misc.2d 573-74). Here, there is no specific contractual language within the Agreement, which would
24  permit the defendant to seek "fees upon fees." That the defendant would even attempt to ask for such
25  relief reveals the shameless excess of its motion.

26

27  [5] Similar to the attorney provision in the Agreement at issue here, the provision in F.H. Krear "was a
28  general one, providing, without elaboration, that the prevailing party would 'have the right to
    reimbursement of reasonable attorney's fees.'" Id. at 1267.
    {N0783366}

1    The defendant fails to cite to New York authority that justifies "fees upon fees" where, as here,
2 the Agreement fails to provide for it. Ross v. Congregation B'Nai Abraham Mordechai, 12 Misc.3d
3 559, 814 N.Y.S.2d 837 (N.Y. Civ. Ct. 2006), cited by the Jupiter, is inapposite. That case holds only
4 that a party may be entitled to a "fee on a fee" under a special rule that so provides where the fees are
5 incurred by a party defending an appeal from a *contempt order*. Id. at 572. That is not the situation
6 here, so the rule of Ross does not apply. Likewise inapplicable is Kumble v. Windsor Plaza Co., 161
7 A.D.2d 259, 555 N.Y.S.2d 290 (N.Y. App. Div. 1990), which allowed a "fee on a fee" where doing so
8 served the purposes of a statute permitting reciprocal recovery of attorney's fees for a prevailing tenant
9 and where the landlord did not argue that if *he* had prevailed he would be unable to seek a "fee on a
10 fee." Id. at 260-61. The court also found it significant that landlord's claim of lease violation was
11 "ludicrous" and "retaliatory." Id. There are no such facts here and no such statutory purpose to be
12 served by allowing Jupiter to obtain attorney's fees for this motion.

13       **C.    THE FEES JUPITER CLAIMS ARE MANIFESTLY EXCESSIVE**

14    Even if Jupiter were entitled to attorney's fees, the amount of fees Jupiter claims for the work
15 done so far is staggering and excessive on its face. Mr. Riffer and his firm claim to have spent over
16 124 hours working on this case. The vast majority of those hours—over 100—are attributable to Mr.
17 Riffer. Yet, the vast majority of the work involved in this case—research and drafting motions—did
18 not require the skills of a $550.00-580.00 per hour partner. In firms the size of Mr. Riffer's,
19 reasonable practice mandates that work that *can* be capably done by associates, at lower billing rates
20 (and often more efficiently), *should* be done by associates. Work that *can* be capably done by
21 paralegals *should* be done by paralegals. If most of Jupiter's work had been done, as it should have
22 been, by associates whose billing rates are approximately half of Mr. Riffers' Jupiter's legal fees
23 would be significantly less than they were.

24    Jupiter's breakdown of the fees it incurred up staggers the mind. The fees for drafting the
25 original _____ page motion to dismiss were over $12,500. See Riffer Decl. (accompanying Jupiter's
26 Motion for Attorney's Fees). Jupiter incurred $2,000, the equivalent of eight hours of associate time,
27 putting together an almost identical Motion to Dismiss the First Amended Complaint. See id. Jupiter
28 then spent $13,000 reading Mr. Shapiro's opposition to the motion to dismiss and drafting a 14 page

{N0783366}

1  reply with exhibits. Id. Jupiter even spent over $7,000 (the equivalent of about 13 hours of Mr.
2  Riffer's time—almost 2 days) drafting an objection to Mr. Shapiro's notice to produce documents and
3  preparing for and attending the hearing on the motion to dismiss. See id. Then Jupiter incurred an
4  excessive $11,500 in preparing its seven page motion for attorneys' fees (with attachments). See id.
5  Jupiter's estimate of $13,500 to reply to this brief, and $7,000 to prepare for and attend the hearing
6  seem equally over-estimated. The Court, of course, may inquire at the hearing how many hours Mr.
7  Riffer has required to read this brief and to attend the hearing, and may then compare that time to the
8  time that the Court itself required.

9  　　　　When awarding attorney's fees, the Court has broad discretion in determining what fees are
10  "reasonable." See SO/Bluestar, LLC v. Canarsie Hotel Corp., 33 A.D.3d 986, 988, 825 N.Y.S.2d 80
11  (N.Y. App. Div. 2006) ("An award of reasonable attorneys' fees is within the sound discretion of the
12  court, based upon such factors as the time and labor required, the difficulty of the issues involved, and
13  the skill and effectiveness of counsel (see Juste v. New York City Tr. Auth., 5 A.D.3d 736, 773
14  N.Y.S.2d 597)."); see also First Nat'l Bank of East Islip v. Brower, 42 N.Y.2d 471, 474, 368 N.E.2d
15  1240 (1977) (recognizing "the traditional authority of the courts to supervise the charging of fees for
16  legal services under the courts' inherent and statutory power to regulate the practice of law"). Mr.
17  Shapiro respectfully submits that if Juipter were entitled to legal fees at all, a reasonable sum for the
18  work through argument on the Motion to Dismiss would be $18,000.  This would equate to about 12
19  hours of Mr. Riffer's time and about 45 hours of associate time. Cf. F.H. Krear & Co. v. Nineteen
20  Named Trustees, 810 F.2d 1250, (2d Cir. 1987) (applying New York law concerning reasonableness of
21  attorney's fees, reducing lower court's award of attorney's fees and expenses under contractual
22  prevailing party provision from a total of $452,820 to $261,518, where the court concluded, inter alia,
23  "that the fee award credited counsel with excessive amounts of time, at inflated hourly rates").

## IV.  CONCLUSION

25  　　New York law compels the conclusion that Jupiter is not a "prevailing party" entitled to
26  attorneys fees expended in this case.  In fact, even the law cited by Jupiter from other jurisdictions
27  does not support an award of attorney's fees. Further, even if attorney's fees were to be awarded, New

{N0783366}

10

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY
Case No. 3:07-CV-5540 PJH

1  York law does not permit the award of Jupiter's "fees on fees." Moreover, Jupiter's fees are not

2  reasonable, under the present circumstances. For all of these reasons, Mr. Shapiro respectfully

3  requests that Jupiter's motion be denied.

4

5  Dated: February 20, 2008                    Respectfully submitted,

6                                              **LAW OFFICE OF STEVEN B. STEIN**

7

8                                              Steven B. Stein

9                                              Attorneys for Plaintiffs,
                                               Steve Shapiro and Steve Shapiro Music
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{N0783366}

11