1    JEFFER, MANGELS, BUTLER & MARMARO LLP
     JEFFREY K. RIFFER (Bar No. 87016)  Email: *JKR@jmbm.com*
2    1900 Avenue of the Stars
     Seventh Floor
3    Los Angeles, CA 90067-4308
     Telephone:    310-203-8080
4    Facsimile:    310-203-0567

5    Attorneys for Defendant JUPITERIMAGES CORP.

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12   STEVE SHAPIRO and STEVE SHAPIRO        CASE NO.      3:07-CV-5540  PJH
     MUSIC,
13                                          JUPITERIMAGES CORPORATION'S REPLY
                  Plaintiffs,               MEMORANDUM OF POINTS AND
14                                          AUTHORITIES IN SUPPORT OF MOTION
           v.                               FOR ATTORNEY FEES
15
     JUPITERIMAGES CORPORATION,             Date:   March 12, 2008
16                                          Time:   9:00 a.m.
                  Defendant.                Place:  Courtroom 3
17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

5195179v1

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .......................................................................................................... 1

II.  JUPITERIMAGES IS THE PREVAILING PARTY ......................................................... 2

    A.  A Party That Obtains A Judgment is a "Prevailing Party," Even if the
        Judgment Did Not Resolve the Merits of the Underlying Dispute ......................... 2

    B.  A Federal Court, in a Diversity Case, Determines State Law by Looking to
        the State's Highest Court ........................................................................................ 5

    C.  Where There Is No Dispositive Decision By The Highest Court In A State,
        The Federal Court Must Predict How That Court Would Rule .............................. 5

    D.  Shapiro's Citation to Lower New York Courts is Meaningless .............................. 7

    E.  It Is More Likely That The New York Court Of Appeals Would Hold That
        Jupiterimages Is Entitled To Attorney Fees As A Prevailing Party ....................... 9

III.  ATTORNEY FEES ARE ALSO PROPER UNDER THE COURT'S INHERENT
      POWER ..................................................................................................................... 10

IV.  A PREVAILING PARTY IS ENTITLED TO ATTORNEY FEES FOR THE TIME
     MAKING THE MOTION FOR ATTORNEY FEES ..................................................... 11

V.  JUPITERIMAGES IS ENTITLED TO ITS ATTORNEY FEES ..................................... 13

VI.  CONCLUSION ........................................................................................................... 14

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON

RECYCLED PAPER

5195179v1

REPLY MEMO P/A RE MTN FOR
ATTY FEES ;  Case No.3:07-CV-5540  PJH

# TABLE OF AUTHORITIES

Page(s)

## CASES

111 on 11 Realty Corp. v. Norton,
    191 Misc. 2d 483, 742 N.Y.S.2d 529 (2002) ................................................. 11

815 Park Avenue Owners, Inc. v. Metzger,
    250 A.D.2d 471, 672 N.Y.S.2d 860 (1998)...........................................................8

1616 Second Avenue Restaurant, Inc. v. New York State Liquor Authority,
    75 N.Y.2d 158, 550 N.E.2d 910, 551 N.Y.S.2d 461 (1990) ............................5

Aetna Casualty & Surety Co. v. Sheft,
    989 F.2d 1105 (9th Cir. 1993) ........................................................................... 6

In re Arrow Transport Co.,
    224 B.R. 457 (Bank. D. Or. 1998)..................................................................... 3

Baxter v. Crown Petroleum Partners 90-A,
    2000 WL 269747, 4 (N.D. Tex. 2000)............................................................ 13

Board of Managers v. Walker St. LLC,
    6 A.D.3d 279, 774 N.Y.S.2d 701 (2004) ........................................................... 8

Christensen v. Dewor Developments,
    33 Cal. 3d 778 (1983)........................................................................................ 3

Cole v. BT & G, Inc.,
    141 Cal. App. 3d 995 (1983) ............................................................................. 3

Commissioner of Internal Revenue v. Bosch's Estate,
    387 U.S. 456, 87 S. Ct. 1776, 18 L. Ed. 2d 886 (1967) ................................... 6

Corcoran v. Columbia Broadcasting System, Inc.,
    121 F.2d 575 (9th Cir. 1941) ............................................................................. 2

Dean Vincent, Inc. v. Krishell Laboratoriess, Inc.,
    271 Or. 356, 532 P.2d 237 (1975) ..................................................................... 3

Diesel Service Co. v. AMBAC Intern. Corp.,
    961 F.2d 635 (7th Cir. 1992) ............................................................................. 7

Doyle v. Allstate Insurance Co.,
    1 N.Y.2d 439, 54 N.Y.S.2d 10, 136 N.E.2d 484 (1956) ................................ 12

Elkins v. Cinera Realty, Inc.,
    61 A.D.2d 828, 402 N.Y.S.2d 360 (2003).......................................................... 8

F.H. Kear & Co. v. Nineteen Named Truestees,
    810 F.2d 1250 (2d Cir. 1987) .......................................................................... 12

Federal Deposit Insurance Corp. v. Ogden Corp.,
    202 F.3d 454 (1st Cir. 2000) ............................................................................. 6

Generac Corp. v. Caterpillar Inc.,
    172 F.3d 971 (7th Cir. 1999) ............................................................................. 7

Green Bay Packaging, Inc. v. Hoganson & Associate, Inc.,
    362 F. Supp. 78 (N.D. Ill. 1973)...............................................................2, 4, 10

JMBM

Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON

RECYCLED PAPER

# TABLE OF AUTHORITIES
## [Continued]

Page(s)

Henson v. Columbus Bank & Trust Co.,
    770 F.2d 1566 (11th Cir. 1985) ................................................................. 13

International Marble & Granite of Colorado, Inc. v. Congress Financial Corp.,
    465 F. Supp. 2d 993 (C.D. Cal. 2006) ........................................................ 2

Jocar Realty Co. v. Galas,
    176 Misc. 2d 534, 673 N.Y.S.2d 836 (1998) .............................................. 10

Jurrens v. Hartford Life Insurance Co.,
    190 F.3d 919 (8th Cir. 1999) ...................................................................... 5

LaSalle  Bank, N.A. v. Capco American Securitization Corp.,
    2006 WL 1227539 2 (S.D.N.Y. 2006) ........................................................ 11

Maljack Prods, Inc. v. Palisades Entertainment,
    1995 WL 779154 1 (C.D. Cal. 1995) .......................................................... 3

Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group,
    129 Cal. App. 4th 508 (2005) ..................................................................... 3

McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.,
    176 Misc. 2d 325, 672 N.Y.S.2d 230 (1997) .............................................. 12

McKenna v. Ortho Pharmaceutical Corp.,
    622 F.2d 657 (3d Cir.) ............................................................................ 6, 7

Nestor v. Britt,
    16 Misc.3d 368, 834 N.Y.S.2d 458 (2007) ................................................ 11

Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant,
    771 F.2d 521 (D.C. Cir. 1985) ................................................................... 4

Otay River Constructors v. San Diego Expressway,
    158 Cal. App. 4th 796, 70 Cal.Rptr.3d 434 (2008) .................................... 3

Prestin v. Mobil Oil Corp.,
    741 F.2d 268 (9th Cir. 1984) ................................................................ 5, 12

Primrose Operating Co. v. National Amer. Insurance Co.,
    382 F.3d 546 (5th Cir. 2004) ..................................................................... 7

Reed v. A.W. Lawrence & Co., Inc.,
    95 F.3d 1170 (2d Cir. 1996) ....................................................................... 12

Reliance National Insurance Co. v. Estate of Tomlinson,
    171 F.3d 1033 (5th Cir. 1999) ................................................................... 6

Ross v. Congregation B'Nai Abraham Mordechai,
    12 Misc.3d 559, 814 N.Y.S.2d 837 (2006) ................................................ 11

Rousey v. United States,
    115 F.3d 394 (6th Cir. 1997) ..................................................................... 6

Salvador v. Uncle Sam's Auctions & Realty, Inc.,
    307 A.D.2d 609, 763 N.Y.S.2d 360 (2003) ................................................ 8

JMBM  Jeffer Mangels Butler & Marmaro LLP

PRINTED ON

RECYCLED PAPER

5195179v1

REPLY MEMO P/A RE MTN FOR
ATTY FEES ;  Case No.3:07-CV-5540  PJH

1

**TABLE OF AUTHORITIES**
**[Continued]**

2

Page(s)

3

Solow Management Corp. v. Tanger,
 19 A.D.3d 225, 797 N.Y.S.2d 456 (2005)....................................................... 11

4

Solow v. Wellner,
 205 A.D.2d 339, 613 N.Y.S.2d 163 (1994).................................................... 8

5

Stanford Daily v. Zurcher,
 64 F.R.D. 680 (N.D.Cal.1974) .......................................................... 12

6

Stauch v. National Union Fire Insurance Co.,
 236 F.3d 1260 (10th Cir. 2001) ..............................................................5, 12, 13

7

Sutton v. A.O. Smith Co.,
 165 F.3d 561 (7th Cir. 1999) .............................................................. 7

8

Swiss Credit Bank v. International Bank, Ltd.,
 23 Misc. 2d 572, 200 N.Y.S.2d 828 (1960) ................................................ 12

9

Sykes v. RFD Third Avenue I Associates, LLC,
 39 A.D.3d 279, 833 N.Y.S.2d 76 (2007) ..................................................... 7

10

Telegen Communications Corp. v. Weinberger,
 1998 WL 849076 (N.D. Cal. 1998) ...................................................... 3

11

Tenneco Inc. v. Saxony Bar & Tube, Inc.,
 776 F.2d 1375 (7th Cir. 1985) ................................................................2, 4, 10

12

Treco, Inc. v. Land of Lincoln Savings & Loan,
 749 F.2d 374 (7th Cir. 1084) ............................................................ 6

13

Truegreen Landcare, LLC v. Elm City Development & Const. Service, LLC,
 101 Conn. App. 11, 919 A.2d 1077 (2007)................................................ 3

14

United States v. Johnson,
 160 F.3d 1061 (5th Cir. 1998) ........................................................... 7

15

Uribe v. Merchants Bank,
 91 N.Y.2d 336, 693 N.E.2d 740, 670 N.Y.S.2d 393 (1998) ............................ 9

16

Vermont Teddy Bear Co., Inc. v. 538 Madison Realty Co.,
 1 N.Y.3d 470, 807 N.E.2d 876, 775 N.Y.S.2d 765 (2004) ............................. 9

17

Zauderer v. Barcellona,
 130 Misc. 2d 234, 495 N.Y.S.2d 881 (1985) ............................................. 12

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

5195179v1

REPLY MEMO P/A RE MTN FOR
ATTY FEES ;  Case No.3:07-CV-5540  PJH

I.

INTRODUCTION

Counsel for Steve Shapiro and Steve Shapiro Music[1] (collectively "Shapiro") had a telephone conversation with counsel for Jupiterimages Corporation ("Jupiterimages") regarding Jupiterimages' claims for damages and other relief against Shapiro.

Shapiro then raced to court -- within a day or so of that conversation between counsel -- and filed a check-the-boxes state court Complaint for declaratory relief in California. (The Complaint was removed to this Court.)

Shapiro's stated reason for the race to court was to obtain a California forum to resolve that dispute because Shapiro did not want to defend Jupiterimages' claims against him in Connecticut (where Jupiterimages is located).

Jupiterimages repeatedly requested, in writing, that Shapiro dismiss his declaratory relief lawsuit. Shapiro repeatedly refused. See Riffer Decl. ¶ 7, Exh. C, D and E, filed with moving papers.

Jupiterimages filed a motion to dismiss the California declaratory relief lawsuit. Shapiro could have voluntarily dismissed his Complaint at that point. He did not. Instead, he filed a First Amended Complaint.

Jupiterimages filed a motion to dismiss the First Amended Complaint. Plaintiff filed a spirited Opposition to Jupiterimages' motion to dismiss (by, among other things, citing almost 30 irrelevant cases, demanding discovery, sending emails the day before the hearing with new material etc.).

Jupiterimages' motion to dismiss was granted. Judgment was entered in favor of Jupiterimages. The time to appeal that Judgment has passed. Shapiro did not file a Notice of Appeal. The Jupiterimages-Shapiro dispute is now being litigated in Connecticut federal court.

Shapiro has not filed a declaratory relief counter-claim in the Connecticut court. Even if he does so in the future, it would be "repetitious and unnecessary" because his declaratory

---

[1] Steve Shapiro does business as Steve Shapiro Music; Steve Shapiro Music is not an entity.

Jeffer Mangels
Butler & Marmaro LLP

JMBM

1  relief Complaint in this Court sought only a declaration of no liability on some of the claims

2  Jupiterimages asserted against him; and there is no point to having two mirror-image sets of

3  pleadings on the same issue.  See Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379

4  (7th Cir. 1985); Green Bay Packaging, Inc. v. Hoganson & Assoc, Inc., 362 F.Supp. 78, 82 (N.D.

5  Ill. 1973) (struck repetitive pleading that was mirror-image of adversary's pleading).

6         The Asset Purchase Agreement ("Agreement") between Jupiterimages and Shapiro

7  provides, in relevant part, that "[i]f either party employs attorneys to enforce any rights arising out

8  of or relating to this Agreement, the prevailing party shall be entitled to recover reasonable

9  attorney's fees." (emphasis added).

10        Jupiterimages is the prevailing party.  It is entitled to its attorney fees.  In addition,

11  attorney fees are appropriate under the Court's inherent authority -- an issue Shapiro ignored in its

12  Opposition.

13

14                                    II.

15                  JUPITERIMAGES IS THE PREVAILING PARTY

16     A.      A Party That Obtains A Judgment is a "Prevailing Party," Even if the

17              Judgment Did Not Resolve the Merits of the Underlying Dispute

18        Jupiterimages' moving papers cited the legal principle that a party that obtains a

19  Judgment in its favor is a "prevailing" party, even if the Judgment was not based on the underlying

20  "merits" of the dispute.  See, e.g., Corcoran v. Columbia Broadcasting System, Inc., 121 F.2d 575,

21  576 (9th Cir. 1941) ("Where … a defendant has been put to the expense of making an appearance

22  and of obtaining an order for the clarification of the complaint, and the plaintiff then voluntarily

23  dismisses without amending his pleading, the party sued is the prevailing party within the spirit and

24  intent of the statute even though he may, at the whim of the plaintiff, again be sued on the same

25  cause of action."); International Marble & Granite of Colorado, Inc. v. Congress Financial Corp.,

26  465 F.Supp.2d 993, 1000 & n.2 (C.D. Cal. 2006) (court granted defendant's motion to dismiss, but

27  gave plaintiff leave to amend; instead of amending, the plaintiff dismissed the case without

28  prejudice; the court held that the defendant was a "prevailing party" and awarded attorney fees);

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    <u>Maljack Prods, Inc. v. Palisades Entertainment</u>, 1995 WL 779154 *1 (C.D. Cal. 1995) (defendant

2    filed a motion to dismiss for lack of personal jurisdiction and plaintiff subsequently dismissed

3    defendant without prejudice; the defendant was the "prevailing party" and entitled to attorney fees);

4    <u>Telegen Communications Corp. v. Weinberger</u>, 1998 WL 849076 (N.D. Cal. 1998) (defendants

5    were "prevailing parties" where plaintiff dismissed its case without prejudice after defendants filed

6    a motion to dismiss for lack of personal jurisdiction and, as to some defendants, another motion as

7    well, although the court did not award attorney fees for other reasons); <u>Dean Vincent, Inc. v.</u>

8    <u>Krishell Labs, Inc.</u>,  271 Or. 356, 358, 532 P.2d 237 (1975) ("[D]efendant was the prevailing party

9    … Even though the termination was without prejudice and plaintiff could file another case upon the

10   same cause of action, these facts did not prevent defendant from being the party in whose favor the

11   judgment was rendered in that particular case."); <u>see also</u> <u>In re Arrow Transp. Co.</u>, 224 B.R. 457,

12   461 (Bank. D. Or. 1998) ("Where … the opposing party is put to the expense of filing pleadings

13   which controvert the WARN Act claim, it is a prevailing party … regardless of whether the

14   claimant later withdraws its claim or the objecting party prevails on the merits."); <u>Otay River</u>

15   <u>Constructors v. San Diego Expressway</u>, 158 Cal.App.4th 796, 807, 70 Cal.Rptr.3d 434 (2008)

16   (party prevailing on petition to compel arbitration was entitled to attorney fees, despite the lack of a

17   final resolution on the underlying merits of the dispute between the parties); <u>Christensen v. Dewor</u>

18   <u>Developments</u>, 33 Cal. 3d 778, 786–87 (1983) (party prevailing on petition to compel arbitration

19   was entitled to attorney fees, despite the lack of a final resolution on the underlying merits of the

20   dispute between the parties); <u>Marcus & Millichap Real Estate Investment Brokerage Co. v.</u>

21   <u>Woodman Investment Group</u>, 129 Cal.App.4th 508, 510–13 (2005) (successful party on motion to

22   vacate arbitration award was entitled to contractual attorney fees and costs even though the parties

23   had not resolved the underlying merits of the arbitration); <u>Cole v. BT & G, Inc.</u>,141 Cal. App. 3d

24   995, 996–98 (1983) (defendants successful in vacating a confession of judgment were prevailing

25   parties entitled to contractual attorney fees even though underlying litigation on the contract was not

26   final); <u>Truegreen Landcare, LLC v. Elm City Dev. & Const. Serv., LLC</u>, 101 Conn. App. 11, 919

27   A.2d 1077, 1079 (2007) (tenant was "prevailing party" under the contract even though it obtained

28   judgment due to adversary's discovery abuse rather than on the merits); <u>see</u> <u>also</u> Ballentine's Law

1    Dictionary 985 (3d ed. 1969) ("prevailing party" is the "party who is successful or partially

2    successful in an action, so as to be entitled to costs").

3          Shapiro's purported distinctions of the above cases are incorrect.  The cases stand for

4    the propositions noted.  Shapiro's argument is that those cases should be disregarded because,

5    although they involve the words "prevailing party," they relate to contracts between other parties or

6    words used by Congress or other legislative bodies.  Shapiro's argument is wrong.  There is no

7    reason -- and Shapiro offered none -- why the words "prevailing party" should have one meaning

8    when used by others (in the cases cited above), but an altogether different meaning when used in the

9    Jupiterimages-Shapiro Agreement.

10          The D.C. Circuit  -- in an opinion authored by then-judge Ruth Bader Ginsburg and

11   joined by then-Judge Antonin Scalia, who do not always agree on legal principles --  held that

12   where the defendant prevailed on its motion for improper venue, it was a prevailing party and

13   awarded attorney fees.  See Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, 771 F.2d 521,

14   524 (D.C. Cir. 1985).

15          In Noxell, Plaintiff argued that because defendant "achieved dismissal of the action

16   on a procedural ground not preclusive of a second action elsewhere, [it] fails to qualify as a

17   'prevailing party.'"  Id.

18          Then-Judge Ginsburg rejected this argument: "[D]efendant … has here achieved an

19   enduring victory.  [Plaintiff's] suit stands dismissed, and [Plaintiff] is forever barred from

20   reinstituting the action in the District of Columbia."  Id., 771 F.2d at 525.[2]

21   _____

22          [2] Shapiro's purported distinctions of Noxell are incorrect.
           The stated purpose for Shapiro's race-to-the-courthouse declaratory relief lawsuit in

23   California was to attempt to obtain venue for this dispute in California.  That attempt failed.
           Jupiterimages' motion to dismiss Shapiro's California lawsuit was granted.  Judgment was

24   entered in favor of Jupiterimages.  Shapiro's time to appeal has run.
           Shapiro never filed a counter-claim for declaratory relief in the Connecticut lawsuit.  Even if

25   he does so in the future, it would be "repetitious and unnecessary" because his declaratory relief

26   Complaint in this Court sought only a declaration of no liability on some of the claims
     Jupiterimages asserted against him; and there is no point to having two mirror-image sets of

27   pleadings on the same issue.  See Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379
     (7th Cir. 1985); Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc., 362 F.Supp. 78, 82 (N.D.

28

JMBM | Jeffer Mangels
      Butler & Marmaro LLP

1    Shapiro argues that, notwithstanding <u>Noxell</u> and the other cases and other authorities

2    cited in the moving papers (and also cited above), New York is an aberrational state and the rule

3    there is different.  Shapiro is wrong.

4

5    B.    <u>A Federal Court, in a Diversity Case, Determines State Law by Looking to</u>

6          <u>the State's Highest Court</u>

7    In deciding a question of state law, a federal court places itself in the position of the

8    highest court in that state.  <u>See Prestin v. Mobil Oil Corp</u>., 741 F.2d 268, 270 (9th Cir. 1984).

9    New York calls its trial courts, "Supreme Courts"; calls its intermediate appellate

10   court, the "New York Supreme Court, Appellate Division"; and calls its highest court, the "Court of

11   Appeals."  <u>See</u>  http://en.wikipedia.org/wiki/New_York_Supreme_Court.

12   The New York Court of Appeals is the final arbiter of New York law.  As such, it is,

13   obviously, not bound by lower court opinions or even federal court opinions regarding New York

14   law.  <u>See 1616 Second Ave. Restaurant, Inc. v. New York State Liquor Authority</u>, 75 N.Y.2d 158,

15   165, 550 N.E.2d 910, 551 N.Y.S.2d 461 (1990) ("the decisions of the Federal Circuit Courts of

16   Appeal are not binding on us").

17   Shapiro's argument -- that a party with a Judgment in its favor is not a "prevailing

18   party" unless such Judgment is on the "merits" of the underlying dispute -- has not been ruled upon

19   by the New York Court of Appeal.

20

21   C.    <u>Where There Is No Dispositive Decision By The Highest Court In A State,</u>

22         <u>The Federal Court Must Predict How That Court Would Rule</u>

23   Where there is no dispositive decision by the highest court in a state, the federal

24   court must predict how that court would rule.  <u>See Stauch v. National Union Fire Ins Co.</u>, 236 F.3d

25   1260, 1267 (10th Cir. 2001); <u>Jurrens v. Hartford Life Ins. Co.</u>, 190 F.3d 919 (8th Cir. 1999);

26   _____

27   Ill. 1973) (struck repetitive pleading that was mirror-image of adversary's pleading).
     <u>Noxell</u> is still good law on the "prevailing party" issue.  Shapiro cited two cases calling

28   <u>Noxell</u> into question on a different -- irrelevant -- legal issue.

JMBM | Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

5195179v1

REPLY MEMO P/A RE MTN FOR
ATTY FEES ;  Case No.3:07-CV-5540  PJH

1   Reliance Nat'l Ins. Co. v. Estate of Tomlinson, 171 F.3d 1033, 1036 (5th Cir. 1999).

2           "When a decision turns on applicable state law and the state's highest court has not

3   adjudicated the issue, a federal court must make a reasonable determination of the result the highest

4   state court would reach if it were deciding the case." Aetna Casualty & Surety Co. v. Sheft, 989

5   F.2d 1105, 1108 (9th Cir. 1993); McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 662 (3d

6   Cir.), cert. denied, 449 U.S. 976 (1980).

7           "As to matters about which the [state's highest court] has not spoken, we take a

8   predictive approach and seek guidance from other persuasive case law, learned treatises, and

9   pertinent public policy considerations." Federal Deposit Ins. Corp. v. Ogden Corp., 202 F.3d 454,

10  460-61 (1st Cir. 2000); Rousey v. United States, 115 F.3d 394, 397 (6th Cir. 1997) (where state's

11  highest court has not ruled, a federal diversity court should consult all other pertinent sources,

12  including decisions from other courts on the majority rule); Reliance Nat'l Ins. Co. v. Estate of

13  Tomlinson, 171 F.3d 1033, 1037 (5th Cir. 1999) ("Absent evidence to the contrary, we presume that

14  the [state's highest] Court would adopt the majority rule.").

15          A federal court does not "mechanically" apply rulings from the state court -- even

16  prior rulings from the state's highest court. See Treco, Inc. v. Land of Lincoln Savings & Loan, 749

17  F.2d 374, 377 (7th Cir. 1084) ("In determining what the Illinois rule is, however, this Court is not

18  required to apply mechanically the Illinois Supreme Court's last ruling …, particularly where, as

19  here, significant developments in the case law have since taken place. Instead, we may determine

20  the present status of Illinois law.").

21          Accordingly, even obiter dictum of a state's highest court may be entitled to little

22  weight. See McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 662 & n.21 (3d Cir. 1980).

23          A state's highest court is not bound by lower court decisions in that state. Thus, a

24  federal court should not give such decisions more weight than the state's highest court. See

25  Commissioner of Internal Revenue v. Bosch's Estate, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d

26  886 (1967) ("even in diversity cases this Court has further held that while the decrees of 'lower state

27  courts' should be 'attributed some weight … the decision (is) not controlling ….' where the highest

28  court of the State has not spoken on the point"); McKenna v. Ortho Pharmaceutical Corp., 622 F.2d

PRINTED ON
RECYCLED PAPER

5195179v1

REPLY MEMO P/A RE MTN FOR
ATTY FEES ;  Case No.3:07-CV-5540  PJH

1  657, 663 (3d Cir.) ("A diversity litigant should not be drawn to the federal forum by the prospect of

2  a more favorable outcome than he could expect in the state courts.  But neither should he be

3  penalized for his choice of the federal court by being deprived of the flexibility that a state court

4  could reasonably be expected to show."), <u>cert. denied</u>, 449 U.S. 976 (1980); <u>United States v.</u>

5  <u>Johnson</u>, 160 F.3d 1061, 1064, 1065 (5th Cir. 1998) ("We therefore look to lower state court

6  decisions, but we do not defer to them if it appears from other evidence that they do not accurately

7  reflect Texas law"; did not follow lower court Texas decision); <u>Primrose Operating Co. v. National</u>

8  <u>Amer. Ins. Co.</u>, 382 F.3d 546, 565 (5th Cir. 2004) ("if 'convinced by other persuasive data that the

9  highest court of the state would decide otherwise,' this court will not defer to the decisions of the

10 intermediate state appellate courts"); <u>McKenna v. Ortho Pharmaceutical Corp.</u>, 622 F.2d 657, 662,

11 663 (3d Cir.) ("'It is important to note, however, that our prediction 'cannot be the product of a mere

12 recitation of previously decided cases.'  In determining state law, a federal tribunal should be careful

13 to avoid the 'danger' of giving 'a state court decision a more binding effect than would a court of that

14 state under similar circumstances.'"; "blind adherence to state precedents 'without evaluating the

15 decision(s) in the light of other relevant data as to what the state law is, will result in injustice and a

16 perversion of the state law which the federal court sets out to apply.'"), <u>cert. denied</u>, 449 U.S. 976

17 (1980).

18          This is all the more true when the lower state court opinion is unclear or dicta.  <u>See,</u>

19 <u>e.g.</u>, <u>Diesel Service Co. v. AMBAC Intern. Corp.</u>, 961 F.2d 635, 639 (7th Cir. 1992) ("an unclear

20 opinion from a single state trial court is not binding"), <u>overruled on other grounds</u>, <u>Generac Corp. v.</u>

21 <u>Caterpillar Inc.</u>, 172 F.3d 971, 974-75 (7th Cir. 1999); <u>Sutton v. A.O. Smith Co.</u>, 165 F.3d 561, 564

22 (7th Cir. 1999) ("The dictim of an intermediate state court is weak authority at best…").

23

24          D.     <u>Shapiro's Citation to Lower New York Courts is Meaningless</u>

25          Shapiro cited six New York cases.  None deal with the situation here.  Accordingly,

26 any stray language in those cases cited by Shapiro in his Opposition is meaningless.

27          1.     <u>Sykes v. RFD Third Ave. I Associates, LLC</u>, 39 A.D.3d 279, 833 N.Y.S.2d

28 76 (2007) held that a party that obtained the relief it sought by stipulation (rather than through a

JMBM

Jeffer Mangels
Butler & Marmaro LLP

1    judicial determination) was a prevailing party and entitled to its attorney fees.  The case is not

2    analogous.

3              2.    Solow v. Wellner, 205 A.D.2d 339, 613 N.Y.S.2d 163, aff'd, 86 N.Y.2d 582

4    (1994) held that a party that did not prevail because the matter was remanded, in part, back to the

5    trial court was not entitled to attorney fees as a prevailing party.  The case is not analogous.  The

6    case did not deny attorney fees to a party in whose favor Judgment was entered.

7              3.    815 Park Ave. Owners, Inc. v. Metzger, 250 A.D.2d 471, 672 N.Y.S.2d 860

8    (1998) held that a defendant, who was ordered to pay money to the plaintiff, was not entitled to

9    attorney fees in having the initial  court proceeding dismissed, where the initial court proceeding

10   was nonetheless the "preferred forum."  The court held that all that happened in the initial court

11   proceeding was the defendant "may have been successful in protracting the litigation."  The case is

12   not analogous.

13             4.    Board of Managers v. Walker St., LLC, 6 A.D.3d 279, 774 N.Y.S.2d 701

14   (2004) held that a party that obtained a Judgment in its favor was the prevailing party even though it

15   did not prevail on every claim.  The case is not analogous.

16             5.    Elkins v. Cinera Realty, Inc., 61 A.D.2d 828, 402 N.Y.S.2d 360 (2003) held

17   that a where a plaintiff's initial petitions had been dismissed without prejudice for minor procedural

18   reasons (non-appearance of petitioner and defective verification of a petition), but the dispute was

19   presently being litigated in the same court, the defendant was not entitled to attorney fees for the

20   summary disposition of the prior proceedings.  The case is not analogous.  The case did not deny

21   attorney fees to a party in whose favor Judgment was entered -- the same dispute was presently

22   being litigated in the same court.

23             6.    Salvador v. Uncle Sam's Auctions & Realty, Inc., 307 A.D.2d 609, 763

24   N.Y.S.2d 360 (2003) held that a party was not entitled to attorney fees where it prevailed on six of

25   the seven claims in the case, but the seventh claim remains for trial.  The case is not analogous.  No

26   Judgment had been entered; the lawsuit was not over.

27

28

E.    <u>It Is More Likely That The New York Court Of Appeals Would Hold That Jupiterimages Is Entitled To Attorney Fees As A Prevailing Party</u>

It is more likely that the New York Court of Appeals would hold that Jupiterimages is entitled to attorney fees as a prevailing party for the following reasons:

(a)    the Jupiterimages-Shapiro Agreement provides, in relevant part, that "[i]f either party employs attorneys to enforce <u>any rights</u> arising out of or relating to this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees" (emphasis added);

(b)    a "prevailing party" is the "party who is successful or partially successful in an action, so as to be entitled to costs," <u>see</u> Ballentine's Law Dictionary 985 (3d ed. 1969);

(c)    Jupiterimages "prevailed" because it was "successful or partially successful in an action" to enforce "any rights" arising out of or relating to the Agreement, <u>viz.</u>, Judgment was entered in its favor;

(d)    the New York Court of Appeal has held that contracts should be interpreted pursuant to their plain meaning.  <u>See</u> <u>Uribe v. Merchants Bank</u>, 91 N.Y.2d 336, 341, 693 N.E.2d 740, 670 N.Y.S.2d 393 (1998) ("it is well established that 'when the meaning of [a] … contract is plain and clear … [it is] entitled to [be] enforced according to its terms … [and] not to be subverted by straining to find an ambiguity which otherwise might not be thought to exist"); <u>Vermont Teddy Bear Co., Inc. v. 538 Madison Realty Co.</u>, 1 N.Y.3d 470, 807 N.E.2d 876, 775 N.Y.S.2d 765 (2004) ("In the absence of any ambiguity, we look solely to the language used by the parties to discern the contract's meaning.");

(e)    most courts have held that a party who obtains a Judgment in its favor is entitled to attorney fees as a prevailing party, even if the Judgment does not resolve the underlying merits of the dispute, <u>see</u> Section II.A, above;

(f)    public policy supports an award: Jupiterimages was wrongfully haled into a California court by Shapiro, who raced to court by filing a check-the-boxes declaratory relief complaint in a stated attempt to obtain a California forum to resolve a dispute that he knew was going to be litigated in Connecticut; Jupiterimages "prevailed" in an action to enforce "any rights" relating to the Agreement by having the California lawsuit dismissed and Judgment entered in its

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1  favor.  The Jupiterimages-Shapiro dispute is now being litigated in Connecticut, where it should

2  have been litigated in the first place;

3          (g)     a New York court may award attorney fees to a prevailing defendant even

4  where a matter is dismissed without prejudice, see, e.g., Jocar Realty Co. v. Galas, 176 Misc.2d

5  534, 536, 673 N.Y.S.2d 836 (1998); and

6          (h)     none of Shapiro's cases regarding New York law are analogous, see Section

7  II.D., above;

8          Shapiro has not filed a declaratory relief counter-claim in the Connecticut court.

9  Even if he does so in the future, it would be "repetitious and unnecessary" because his declaratory

10  relief Complaint in this Court sought only a declaration of no liability on some of the claims

11  Jupiterimages asserted against him; and there is no point to having two mirror-image sets of

12  pleadings on the same issue.  See Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379

13  (7th Cir. 1985); Green Bay Packaging, Inc. v. Hoganson & Assoc, Inc., 362 F.Supp. 78, 82 (N.D.

14  Ill. 1973) (struck repetitive pleading that was mirror-image of adversary's pleading).

15

16                          III.

17  ATTORNEY FEES ARE ALSO PROPER UNDER THE COURT'S INHERENT POWER

18          As noted in the moving papers -- and not contested in the Opposition -- this Court

19  retains the inherent power to shift fees in its discretion where a party acted in bad faith, vexatiously,

20  wantonly, or for oppressive purposes.

21          Shapiro filed his check-the-boxes California Complaint in anticipation of

22  Jupiterimages suing him in Connecticut.  He sued here to try improperly to obtain a California

23  forum for a dispute that should be adjudicated in Connecticut.  His counsel refused to dismiss this

24  Complaint, even though Jupiterimages' counsel requested that he do so.  See Riffer Decl. ¶ 7, Exh.

25  C, D and E, filed with moving papers.

26          For this reason alone, the motion for attorney fees should be granted.

27

28

JMBM | Jeffer Mangels Butler & Marmaro LLP

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    IV.

2    A PREVAILING PARTY IS ENTITLED TO ATTORNEY FEES FOR THE TIME

3    MAKING THE MOTION FOR ATTORNEY FEES

4         Plaintiff boldly asserts that "Jupiter's request for 'fees upon fees' is meritless… That

5    the defendant would even attempt to ask for such relief reveals the shameless excess of its motion."

6    See Opp. at p.8:17-25.

7         Plaintiff's argument reveals that it continues to use "over the top" advocacy, hoping

8    that its aggressive language will mask its weak legal position.

9         Modern New York cases hold that a party entitled to attorney fees is also entitled to

10   attorney fees in making the fee application.

11        "The final objection of Petitioner is that Respondent is not entitled to a fee award for

12   the time expended on the fee application itself.  This is generally referred to as 'fees on fees'.  The

13   Court finds that there is no prohibition against awarding 'fees on fees' in New York law and there

14   would be no logic to such a ruling…. The Court requires that an application be made for attorneys

15   fees, that such application be supported by facts and that a hearing be held to present that factual

16   support to the Court.  Time must be expended to create and support the attorneys fees application

17   and this time is no different than the attorney's time required to present the merits of a case to the

18   Court.  The Court, therefore, holds that the attorneys fees award shall not be reduced by the time

19   expended on the attorneys fees application and the hearing on that application."  111 on 11 Realty

20   Corp. v. Norton, 191 Misc.2d 483, 490, 742 N.Y.S.2d 529, 534-35 (2002) (emphasis added).

21        Other recent New York courts are in accord.  See, e.g., Nestor v. Britt, 16 Misc.3d

22   368, 379, 834 N.Y.S.2d 458, 465 (2007) ("A court's attorney-fees award should also include work

23   related to the fee hearing."); Ross v. Congregation B'Nai Abraham Mordechai, 12 Misc.3d 559,

24   573-74, 814 N.Y.S.2d 837, 848 (2006) ("The court's attorney-fee award includes petitioner's

25   attorney fees for this fee motion.  A prevailing party may recover 'fees on fees.' … The prevailing

26   party should be compensated for time spent proving the value of the attorney's services."); Solow

27   Management Corp. v. Tanger,  19 A.D.3d 225, 227, 797 N.Y.S.2d 456, 458 (2005) ("we reject

28   defendants' argument about "fees on fees," which have been held recoverable");  see also LaSalle

1    Bank, N.A. v. Capco American Securitization Corp., 2006 WL 1227539 *2 (S.D.N.Y. 2006)

2    (holding that argument to the contrary is "frivolous"); see generally Reed v. A.W. Lawrence & Co.,

3    Inc., 95 F.3d 1170, 1184 (2d Cir. 1996) ("we reverse the district court's order denying the plaintiff

4    an award of attorneys' fees for the time incurred in litigating the fee claim").

5            There are important policy reasons behind those rulings.  "Defendants also contend

6    that the attorney time devoted to the question of the propriety of awarding attorneys' fees should not

7    be counted in setting the award.  This contention does not square with federal court decisions which

8    make no distinction, in calculating fees, between attorney hours spent on the merits and on the issue

9    of counsel fees…. The contention, if accepted, would allow parties to dilute the value of a fees

10   award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees."

11   Stanford Daily v. Zurcher, 64 F.R.D. 680, 683-84 (N.D.Cal.1974), aff'd, 550 F.2d 464 (9th Cir.

12   (1977), rev'd on other grounds, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).

13           Plaintiff's two older cases to the contrary should be ignored.[3]  See Prestin v. Mobil

14   _____

15       [3] The only New York case Plaintiff cites is Swiss Credit Bank v. International Bank, Ltd., 23
     Misc.2d 572, 573-74, 200 N.Y.S.2d 828 (1960).  That case was decided almost 50 years ago and the
16   cited language was dicta.

17       Moreover, the case it relied upon does not support the cited proposition.  Swiss Credit cited
     Doyle v. Allstate Ins. Co., 1 N.Y.2d 439, 54 N.Y.S.2d 10, 136 N.E.2d 484 (1956).

18
         Doyle does not hold that a prevailing party entitled to attorney fees is precluded from
19   obtaining the fees incurred in the fee application.  Doyle did not deal even with a contract providing
     that the prevailing party was entitled to attorney fees.  Doyle held only that a plaintiff's recoverable
20   damages do not include attorney fees incurred in recovering such damages.  Id., 1 N.Y.2d at 444.

21       Plaintiff's citation to F.H. Kear & Co. v. Nineteen Named Truestees, 810 F.2d 1250, 1266-
     67 (2d Cir. 1987) also provides no support.
22
         Kear cites two New York cases for support for the proposition that New York does not
23   allow "fees on fees."

24       One of them no longer states New York law.  Specifically, Kear cited Zauderer v.
     Barcellona, 130 Misc.2d 234, 495 N.Y.S.2d 881 (1985), but subsequent New York courts have
25   explicitly held that Zauderer no longer correctly states New York law:

26       "As part of her claim for attorney's fees, plaintiff contends that she is entitled to an award for
     the time spent by her counsel in making this [fee] application. Defendant contends that such an
27   award would be improper and cites the case of Zauderer v. Barcellona, 130 Misc.2d 234, 495
     N.Y.S.2d 881, for the proposition that this jurisdiction does not permit such a recovery…
28   [D]efendant's citation to Zauderer is made without recognizing that the position taken by the court

JMBM    Jeffer Mangels
Butler & Marmaro LLP

1    Oil Corp., 741 F.2d 268, 271 (9th Cir. 1984) (disregarded older state court case that was rejected by

2    a later case and instead applied recent state court case); Stauch v. National Union Fire Ins Co., 236

3    F.3d 1260, 1267 (10th Cir. 2001) (did not follow otherwise binding federal appellate panel opinion

4    on state law because subsequent state court cases reached a different conclusion on state law).

5

6                                           V.

7                    JUPITERIMAGES IS ENTITLED TO ITS ATTORNEY FEES

8            Plaintiff -- after losing a motion to dismiss -- now essentially argues that its position

9    was so weak that it took no appreciable legal talent or time to have its case thrown out.  If Plaintiff's

10   case had such little merit, Plaintiff should not have fought so hard to keep the case in California.

11           Plaintiff also argues that because Jupiterimages' papers were succinct, they took no

12   appreciable talent or time to prepare properly.  Plaintiff has it backwards.  It is harder (and takes

13   more time) to write succinct papers than longer papers.

14           The courts have rejected losing parties' arguments their adversaries were not entitled

15   to their fees because they took the case seriously.

16           "A party cannot contest every issue and every claim and then complain that the fees

17   should have been less because [its adversary] could have tried the case with less resources and

18   fewer hours… Having kicked the snow loose at the top by a vigorous, aggressive [position], [that

19   party] must now bear the consequences of the attorney fee avalanche at the bottom." Baxter v.

20   Crown Petroleum Partners 90-A, 2000 WL 269747, *4 (N.D. Tex. 2000); Henson v. Columbus

21   Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985) ("[one party] has spiritedly contested [its

22   adversary's] claims at every stage, including the reasonableness of his petition for attorneys' fees.

23

24   in that case is no longer the law with regard to this issue."  McIntyre v. Manhattan Ford, Lincoln-
     Mercury, Inc.  176 Misc.2d 325, 331, 672 N.Y.S.2d 230, 233-34 (1997).

25           The other case (Doyle) cited by Kear is irrelevant as noted above.

26           Thus, Kear no longer correctly states New York law and should not be followed.  See
27   Stauch v. National Union Fire Ins Co., 236 F.3d 1260, 1267 (10th Cir. 2001) (did not follow
     otherwise binding federal appellate panel opinion on state law because subsequent state court cases
28   reached a different conclusion on state law).

JMBM | Jeffer Mangels | Butler & Marmaro LLP

1   While [that party] is entitled to contest vigorously [its adversary's] claims, once it does so it cannot

2   then complain that the fees award should be less than claimed because the case could have been

3   tried with less resources and with fewer hours expended.").

4          Plaintiff improperly raced into a California court in an improper attempt to secure a

5   California forum of this litigation.  As noted in the moving papers (and not contested in the

6   Opposition), Jupiterimages' counsel repeatedly requested that Plaintiff drop its California case, but

7   Plaintiff refused.

8          Plaintiff filed a spirited Opposition to Jupiterimages' motion to dismiss (by, among

9   other things, citing almost 30 irrelevant cases, demanding discovery, sending emails the day before

10  the hearing with new material etc.).

11         Jupiterimages set out in detail the time it spent on various tasks in this case.  The

12  time spent on each task was reasonable.  Indeed, Plaintiff provided no evidence to the contrary.

13  There are no declarations stating that any of the time incurred by Jupiterimages' counsel was

14  unreasonable -- and no basis (evidentiary or otherwise) for its proposed figure.  Moreover, if, as

15  here, the amount charged for each task was reasonable, it is irrelevant whether the work was done

16  by an experienced efficient partner or a less-experienced associate.

17

18                                    VI.

19                                CONCLUSION

20         This Court should grant Jupiterimages' motion and enter an award granting

21  Jupiterimages its attorney fees.

22   DATED:  February 27, 2008              JEFFER, MANGELS, BUTLER & MARMARO LLP
                                            JEFFREY K. RIFFER
23

24                                    By: /S/  JEFFREY K. RIFFER
                                            JEFFREY K. RIFFER
25                                      Attorneys for Defendant JUPITERIMAGES CORP.

26

27

28